

**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

_____

(408) 535-5061
FAX:(408) 535-5066

November 19, 2020

<u>Vɪᴀ Eᴍᴀɪʟ</u>
Neal James Stephens
Kathryn Keneally
Jason Scott Varnado
JONES DAY
nstephens@jonesday.com
jvarnado@jonesday.com
kkeneally@jonesday.com

  Re: *United States v. Robert T. Brockman*, 3:20-cr-00371-WHA (N.D. Cal.)

Dear Counsel:

  We understand you expect to file a motion in the above captioned matter asking the Court to evaluate Mr. Brockman's capacity under 18 U.S.C. § 4241. I am writing to request information that will help the government (and, ultimately, the Court) evaluate any representations the defense may make about Mr. Brockman's medical condition as part of that motion. Specifically, I would appreciate it if you would provide to the government all documents related to any medical and/or psychological treatment, diagnosis, or advice provided to Mr. Brockman by any physician or other medical professional in the last ten years, whether those records are maintained by Mr. Brockman or the provider. This request includes test results, labs, imaging, and notes, and is not limited to medical records associated with the reports you have already provided. At the very least we would expect this request to include records from the following practitioners:

•  James Poole, MD,

•  Michele York, PhD,

•  Seth Paul Lerner, MD,

•  Joseph Jankovic, MD,

•  Melissa Michelle Yu, MD,

•  Stuart Yudofsky, MD, and

•  Mr. Brockman's general practitioners, as well as any practitioner who has diagnosed, treated, or consulted on the issues Mr. and Mrs. Brockman described to Pretrial Services (Parkinson's, atrial fibrillation, thyroid condition, cancer, and depression).

  We would also request that Mr. Brockman provide HIPPA waivers to replace the waivers you withdrew in October, in order to permit his providers to discuss Mr. Brockman with government personnel, including experts.

1

Early disclosure of this material may allow us to narrow any issues in dispute, and to bring any unresolvable disputes to the Court's attention more quickly.

Please note that we expect to ask the Court to order that the government and any retained or appointed experts be given access to the materials requested above prior to any competency determination, so you may be wise to begin collecting them now regardless of whether you intend to provide them voluntarily.

Naturally, we recognize that information provided in response to this request may be covered by HIPPA, or otherwise sensitive, and would handle it accordingly.

Please feel free to let me know if you have any questions or concerns, or if you would like to discuss further.

Very truly yours,

DAVID L. ANDERSON
United States Attorney

s/ Michael G. Pitman
MICHAEL G. PITMAN
Assistant United States Attorney