```
1                IN THE UNITED STATES DISTRICT COURT
2                FOR THE SOUTHERN DISTRICT OF TEXAS
3                         HOUSTON DIVISION
4   UNITED STATES OF AMERICA    §   CASE NO. 4:21-cr-00009
                                §   HOUSTON, TX
5   VERSUS                      §   TUESDAY,
                                §   JANUARY 12, 2021
6   ROBERT T. BROCKMAN          §   10:00 AM TO 10:19 AM
7                         STATUS CONFERENCE
8           BEFORE THE HONORABLE ANDREW EDISON
              UNITED STATES MAGISTRATE JUDGE
9
                              APPEARANCES:
10
11       FOR THE PARTIES:             SEE NEXT PAGE
12       COURT REPORTER:              JOSEPH WELLS
13       COURT CLERK:                 UNKNOWN
```

TRANSCRIPTION SERVICE BY:

Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396 ▼ www.veritext.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

```
 1                          APPEARANCES:

 2                     (APPEARING TELEPHONICALLY)

 3
     FOR THE PLAINTIFF:            UNITED STATES DEPARTMENT OF
 4                                 JUSTICE
                                   Corey J. Smith
 5                                 150 M Street NE
                                   Washington, DC 20002
 6                                 202-514-9623

 7   FOR THE DEFENDANTS:           JONES DAY
                                   Jason Scott Varnado
 8                                 Kathryn Keneally
                                   David Smith
 9                                 717 Texas Avenue
                                   Houston, TX 77002
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          HOUSTON, TEXAS; TUESDAY, JANUARY 12, 2021; 10:00 AM
2          THE COURT: Okay, good morning. This is the United
3   States District Court for the Southern District of Texas. I'm
4   Judge Andrew Edison, presiding. We're here on the criminal
5   docket for Tuesday, January 12, 2021. Happy New Year to all.
6   Hope you are all safe and sound.
7          We actually only have one case on the docket this
8   morning. That is case 4:20-CR-0009, United States of America
9   v. Robert T. Brockman. Could I have introductions of counsel
10  please? Let's start with the United States.
11         MR. SMITH: Good morning, Your Honor, it's Corey
12  Smith on behalf of The United States.
13         THE COURT: Hello, Mr. Smith, how are you today?
14         MR. SMITH: Good morning.
15         THE COURT: Anybody else on behalf of the government?
16  Okay, on behalf of Mr. Brockman?
17         MR. VARNADO: Good morning, Your Honor. This is
18  Jason Varnado from Jones Day here in Houston appearing on
19  behalf of Mr. Brockman. I'm joined by colleague, Kathy
20  Keneally, who is in our New York office, and you can see Mr.
21  Brockman is also appearing with my colleague David Smith. Mr.
22  Brockman is on video from his house.
23         THE COURT: Hello to all of you. Hope you're doing
24  well. I can't tell, Mr. Varnado, is that actually, -- I think
25  that actually is your office, but it looks like a great Zoom

1  background, I must say.

2  MR. VARNADO: It actually is my office. I get the
3  privilege of looking at that Bank of America building. But
4  you're right, it looks pretty good in Zoom. Other that the
5  afternoon when the sun is streaming through and you can't see
6  me at all.

7  THE COURT: Understood. Okay, obviously this case
8  was originally filed in California and transferred by Judge
9  Alsup last week. We're set for a status conference today. To
10 be honest, I'm not exactly sure what -- Help me out, what do we
11 need to do? Are we ready for arraignment, or where are we and
12 what do we need to do today? And I'll defer to either Mr.
13 Varnado or Mr. Smith. Either one of you.

14 MR. VARNADO: Sure, Judge and again, Jason Varnado on
15 behalf of Mr. Brockman.

16 You know, Judge, Mr. Brockman had an initial
17 appearance and arraignment in the Northern District of
18 California back in October. He is presently on bond and being
19 supervised here in the Southern District of Texas. That was
20 worked out back when the case was first charged.

21 I believe internal services officer Candice Bell --
22 either trying to get on it or is on. But he's being supervised
23 here. He's out on bond right now and he's had no issues. And
24 so Judge, I talked to the case manager yesterday. It sounded
25 like just -- because the matter had been newly arrived, and you

1  all had the criminal docket, that it made sense to just to make
2  sure the Court was aware of what was happening.  I'm happy to
3  apprise the Court as to some pending motions and where we stand
4  on the case.
5           THE COURT:  Yeah, I had taken a look at the file. I'm
6  up on that, I understand what's going on. I didn't realize, one
7  thing I could not tell from the docket you got for me if there
8  had been an arraignment.
9           MR. VARNADO:  Yes, there has been an arraignment.
10          THE COURT:  Okay.  So I guess there were two things
11 that I want to do, and then anything else you all tell me to
12 do.  This might have already happened in California too, but I
13 didn't see on the docket sheet, so I'm going to, out of an
14 abundance of caution, as many of you know, the Rule of Criminal
15 Procedure 5(f) was recently amended, consequently it is the
16 obligation of the judge at the first hearing in which all
17 counsel are here to make an oral statement and issue an order
18 to the following effect, which I'll do right now.
19          Which is under Federal Rule of Criminal Procedure
20 5(f), counsel for the United States is ordered to comply with
21 its disclosure obligations, under Brady v. Maryland and its
22 progeny.  Failure to do so may result in the dismissal of
23 charges, exclusion of evidence, adverse jury instructions,
24 contempt proceedings and/or sanctions, and I will issue a
25 formal written order to that effect, just to make sure we've

1 covered the bases on that.

2 The second thing, and I fully understand that we have
3 -- the pending motions are out there, but the other thing I
4 need to do today, since we have had the arraignment, is to at
5 least issue a scheduling order to govern in the case.
6 Obviously, any changes, any discussions can be raised at a
7 later time. Let me ask the government, what is the estimated
8 time of trial that you expect this trial to take?

9 MR. SMITH: I think we're looking at probably five or
10 six weeks, Your Honor.

11 THE COURT: Okay. I am going to sign a scheduling
12 order in this case. This case has been assigned to United
13 States District Judge George C. Hanks, Jr. The schedule I'm
14 going to give to you, as I said, this is the current scheduling
15 order, any issues, in terms of designating this complex case or
16 anything that raise with Judge Hanks, is going to set a trial
17 date of March 1, 2021 at 9:00 AM, a motion deadline of January
18 26, response deadlines for the motions in February. Sorry
19 about that.

20 Now, hold on one second. I want to go off record,
21 one second.

22 (Recess)

23 THE COURT: Okay, we're back on the record. I greatly
24 apologize for that. I'm just ordering the scheduling order
25 that I'm signing, at least for the time being, will govern the

1    proceedings of the case and I will actually sign that right
2    now.  That will be entered, forwarded to my case manager. That
3    will be recorded here momentarily. Other than that, I think
4    (indiscernible) -- I mean, I know you've got the pending
5    motions.  I'll make sure that I let Judge Hanks know that we
6    had this hearing today, that there are those -- because I think
7    those are all fully briefed, right?

        MR. VARNADO:  That's correct, Your Honor.

        MR. SMITH:  That's correct, Your Honor, yes.

        THE COURT:  Okay. And let me ask then -- let me just
11   sort of to save everyone time.  Are any of those motion,
12   motions that are pending that any of you would request an oral
13   argument on?

        MR. VARANDO:  Judge, I don't think so.  I think
15   really where we are right now is the defense has requested a
16   hearing on competency. I think, although the government
17   responded, they don't object to that hearing and now it's a
18   matter of just having Judge Hanes decide how he would like to
19   proceed with that. And there's obviously preliminary steps that
20   need to take place.  So, I don't think there's any need for
21   oral argument unless, Mr. Smith, you have a different view of
22   that.  I think it's keyed up in the papers and we just need to
23   move forward with the process.

        MR. SMITH:  Yes, the government the -- that's
25   correct.  The government does not oppose the competency

1    hearing. We feel that's something that needs to take place.
2    There has not been, Your Honor, any discovery. The issue of
3    competency would exchange medical records (indiscernible).
4    We're at the very preliminary stages. So there may be some
5    motions saying that we can do the preliminary matters leading
6    up to the competency hearing. Those have not yet been filed.
7            THE COURT: Okay. So, I guess let me offer this
8    suggestion. Obviously today we got a schedule in place. I'm
9    not sure that -- you know, this case should be before Judge
10   Hanks onboard.
11           It sounds like the message I should convey to Judge
12   Hanks is hey, Judge Hanks, you've got competency issues. You
13   know, this isn't your normal case where we set a trial date and
14   now we're going to have the trial date set. There are some
15   preliminary issues and, candidly, he should probably have a
16   status conference with you all to sort of let you all walk
17   through your suggestions on the best way to proceed with the
18   matter in the most expeditious, efficient manner possible.
19   Fair enough?
20           MR. VARANDO: I think that sounds right for the
21   defense, Judge, yes.
22           THE COURT: Okay. That seems best. We're here to
23   serve so I will make sure that I pass that message on to Judge
24   Hanks to have him do.
25           As a total aside and unrelated, in reading the file

1    and getting ready for today, I actually recall back to about
2    16-17 years ago when I was in private practice, I had a huge
3    antitrust case that was filed in the Northern District of
4    California before Judge Alsup. And he actually transferred the
5    case to Houston to the Southern District at our request. So,
6    when I was reading everything last night, it was sending me
7    back before Judge Alsup. But that's neither here nor there.
8            Okay, well, that's all I have for you today. Is there
9    anything else we need to address either from the government or
10   the defense?
11           MR. SMITH: For the government, Your Honor, there are
12   a couple of housekeeping matters. In viewing the ECM it looks
13   like, at least in my version of it, a couple of -- the last
14   three counts are not on the ECM online. I know, it's probably
15   just an oversight. Counts 37, 38 and 39 I didn't see them
16   listed. And, as I said, it's probably just (indiscernible) on
17   it.
18           THE COURT: I appreciate your -- let me pull that up
19   and figure it out. Okay, so help me out. So, it's actually
20   counts 1 to 39?
21           MS. SMITH: Yes. Yes, Your Honor. 37, 38 and 39 are
22   the last three counts in the last couple of pages in the
23   indictment. They don't seem to be listed on mine.
24           THE COURT: Okay, I'll make sure that issue is
25   resolved. I have no idea how, but I'll make sure I talk to the

1 powers that be.

2       MS. SMITH: So then there's the issue of suitable
3 time. I believe the order entered by Judge Alsup expires
4 today. For a suitable time, we would ask that there be a
5 suitable time up until whenever Judge Hanks schedules the
6 status conference. Then we can file a stipulated agreed order.

7       THE COURT: And there's no objection, I assume, from
8 the defense on that, correct?

9       MR. VARANDO: No objection, Your Honor.

10       THE COURT: Yes, would you please file today a
11 stipulated order on that. After you file it, will you email a
12 copy to my case manager, Mr. Boston as well?

13       MR. SMITH: Absolutely, Your Honor. I don't what
14 date they should put, because if we wait until there's a status
15 conference scheduled with Judge Hanks, that should be enough
16 suitable time for everybody.

17       THE COURT: Put a blank in my -- it'll probably be
18 the status conference, but put a blank and then I'll just --
19 because we don't know what date that will be.

20       MR. SMITH: Very well, Your Honor. And then the last
21 housekeeping item we have is we are having continual
22 conversations with Mr. Brockman's counsel. There is this issue
23 that we have raised on venue, because of how this case is
24 transferred to the Southern District of Texas, we'll want oral
25 argument on transfer then a motion, which was filed by the

1 defense.

2 During that oral argument, Judge Alsup requested and
3 obtained a commitment from Mr. Brockman's counsel, that now
4 that the case has in the Southern District of Texas, where Mr.
5 Brockman and his counsel wanted the case, that there will not
6 be any additional motions to change venue. And the government
7 has drafted a stipulation to that effect.

8 From the government's point of view, we would like to
9 get some sort of commitment on the record from Mr. Brockman's
10 counsel that they're done with venue transfers since now they
11 prevailed in their motion to transfer this case
12 (indiscernible).

13 MR. VARANDO: Your Honor, I'll just say what I said
14 before Judge Alsup, is that we're not going to be moving to
15 change venue in this matter again. We ask for it to be here.
16 We're not going to file another venue transfer motion. We did
17 give it to the government previously and do so now here again.

18 THE COURT: Okay. Fair enough?

19 MR. SMITH: Yes, that satisfies the government, Your
20 Honor. Thank you. I just wanted to put it on the record.

21 THE COURT: And anything else from the defense?

22 MR. VARANDO: No, Your Honor. Thank you for your
23 time this morning.

24 THE COURT: Okay. I'll make sure we handle the count
25 issue. I'll get the order from you on your suitable time. And

1   I'll make sure I talk to Judge Hanks, make sure he sets up a
2   status conference.
3           Just so you know, he is actually in the middle of a -
4   - is on day 19 of a civil bench trial, (Visine?), that
5   apparently has no end in sight.  So, and I say that seriously.
6   But I will tell him that he needs to schedule a status
7   conference. It just might be a few weeks out.  But I wanted to
8   let you know that isn't because Judge Hanks isn't trying to
9   give his utmost importance to the case; it's simply that
10  literally he's in trial every day from morning to night on that
11  matter.
12          But I'll make sure he's aware and sets it up.  And
13  all of you please be safe and we look forward to working with
14  you.  So, have a great day.  We're off the record.  Thank you
15  very much.
16          MR. VARANDO:  Thank you, Your Honor.
17
18          (Hearing adjourned at 10:18 AM)
19                      * * * * *
20
21
22
23
24
25

```
 1                    C E R T I F I C A T I O N
 2
 3       I, Sonya Ledanski Hyde, certified that the foregoing
 4   transcript is a true and accurate record of the proceedings.
 5
 6   [signature: Sonya M. Ledanski Hyde]
 7
 8   Sonya Ledanski Hyde
 9
10
11
12
13
14
15
16
17
18
19
20   Veritext Legal Solutions
21   330 Old Country Road
22   Suite 300
23   Mineola, NY 11501
24
25   Date:   January 20, 2021
```