IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 4:21-cr-00009 |
| ROBERT T. BROCKMAN | § § § | UNOPPOSED |

**GOVERNMENT'S UNOPPOSED MOTION FOR DISCLOSURE
AND PROTECTIVE ORDER UNDER FED. R. CRIM. P. 16(d)**

Defendant having requested production of material that may contain materials subject to the attorney-client privilege of third parties, specifically the unfiltered Attachment B Relevant Material obtained through the execution of search warrants on August 14, 2018 at the home office and storage unit of tax attorney Carlos Kepke, and said items potentially being subject to discovery under Rule 16 but not in the possession of the government's prosecution team, the United States, by and through its attorneys, respectfully requests the Court issue a Protective Order compelling disclosure of said unfiltered Attachment B Relevant Material to Defendant, provided Defendant and his counsel agree to the attached Discovery Protocol As To Kepke Search Warrant Proceeds ("Protocol"). See Exhibit 1.

**Procedural Posture**

On August 14, 2018, in the Southern District of Texas, Special Agents with the IRS Criminal Investigations ("IRS-CI") executed search warrants at the home office and storage facility of Carlos Kepke, a tax attorney in Houston ("Kepke Search Warrants").

The government believes that Kepke assisted Defendant in creating the foreign entities that are, in part, a focus of this case.  It also believes that Kepke provided a similar service to other clients.  Approximately 52 boxes of paper records were seized from Kepke which likely contain potentially privileged material relating to Kepke's clients, in addition to Defendant.  Subsequent to the Kepke Search Warrants, a filter team from the Department of Justice and IRS-CI, comprised of attorneys and Special Agents not assigned to or associated with any of the criminal investigations that gave rise to the Kepke Search Warrants, were assigned as a "Filter Team."  The Filter Team separated the seized documents into "Attachment B Relevant Material," and "Non-Attachment B Material."  The Attachment B Relevant Material was then scanned by the Filter Team into a .pdf format.[1]  The Filter Team then began reviewing the documents for materials subject to the attorney-client privilege of third parties.  Several potential "privilege holders" were identified by the Filter Team and were notified, through counsel.  On or about January 24, 2019, the District Court for the Southern District of Texas issued an Order setting forth an amended "Review Protocol" for the Filter Team ("SDTX Order").  To date, documents seized by the government in the Kepke Search Warrants, and in the possession of the Filter Team, relating to Defendant have not been provided to Defendant.

On October 14, 2020, the government unsealed its Indictment, and on November 30, 2020 a Protective Order was issued by the District Court in the Northern District of California limiting dissemination of evidence provided to Defendant by the government in

---

[1] The volume of the Attachment B Relevant Material is not known to the Prosecution Team.

discovery. Since the issuance of the Protective Order, the government has disclosed to Defendant over 1 Terabyte of data, including evidence from the related criminal investigation of Robert F. Smith, another Kepke client (Individual Two in the Indictment). The discovery process is ongoing.

Defendant is aware of the Kepke Search Warrants, the Filter Team's segregation of the Attachment B Relevant Material, and the SDTX Order. Given the volume of the unfiltered Attachment B Relevant Material and the need to provide discovery in this case, the government respectfully requests that the Court issue an order compelling disclosure of the unfiltered Attachment B Relevant Material to Defendant, provided Defendant agrees to the attached Protocol which includes a claw-back provision for any potentially privileged third party documents with which Defendant's counsel may come into contact. (Exhibit 1). The government has discussed this proposal with Defendant's counsel and they are not opposed to the relief sought in this Motion and agree to adhere to the Protocol.

Respectfully submitted this 5th day of February 2021,

        DAVID A. HUBBERT
        Deputy Assistant Attorney General
        Tax Division

        /s/ *Corey J. Smith*
        COREY J. SMITH
        Senior Litigation Counsel
        LEE LANGSTON
        CHRIS MAGNANI
        Trial Attorneys
        Department of Justice
        Tax Division

        Attorneys for United States of America

## CERTIFICATE OF CONFERENCE

I the undersigned do hereby certify that on the 5th day of February, 2021, I conferred with counsel for the Defendant Robert T. Brockman regarding the relief sought in this motion. Counsel indicated that the Defendant Robert T. Brockman is unopposed to this motion.

/s/ Corey J. Smith
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230

## CERTIFICATE OF SERVICE

I the undersigned do hereby certify that on the 5th day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to Defendant's counsel of record.

/s/ Corey J. Smith
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230