UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § | |
| Plaintiff, § | |
| v. § § | Cr. No. 4:21cr 009 GCH |
| **ROBERT T. BROCKMAN,** § § | |
| Defendant. § § § | |

**UNITED STATES' REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO UNITED STATES' MOTION FOR DISCOVERY ORDER UNDER RULE 17(C) AND 45 CFR 164.512(e)(1)(i)**

The United States respectfully replies as follows. The government's request is modest. Far from engaging in a "fishing expedition," its goal is merely to seek and acquire evidence relevant to the issue before the Court. The government submits that relevant evidence encompasses more than selected records from the medical professionals chosen by Defendant. As the government's experts stated in their declarations, examination of Defendant's *full* medical history is necessary to perform a thorough evaluation of Defendant's competency. *See* Govt Motion for Discovery, Dk. No 26, Exhibits 2 and 3.

Defendant's reliance on *United States v. Klat* for the proposition that government's motion for an Order under R. 17(c) should be denied is misplaced and misleading. In *Klat* the Court denied a defendant's motion for subpoenas under Fed. R. Crim. P. 17(b) (relating to indigent defendants) for an involuntary commitment hearing under 18 U.S.C. § 4245, for lack of relevance. *United States v. Klat*, 180 F.3d 264 (table opinion) 1999 WL 301320 (5th Cir. Apr. 27, 1999). The *Klat* holding says nothing to contradict the government's subpoena authority under Rule 17 to bring relevant evidence to the Court's attention in a pre-trial hearing.

Moreover, the government here simply seeks an Order under Rule 17(c) to compel witnesses to produce relevant evidence well before the scheduled competency hearing, permitting ample time for the government's experts to adequately review and analyze this evidence in preparation of their examination of Defendant and their testimony – not at all the situation presented in *Klat*.

Regarding the government's request for "administrative records" from Baylor College of Medicine, the government submits that the evidence sought is relevant to these proceedings. For these purposes, relevant evidence properly includes evidence of Defendant's business acumen, conduct, behavior, and professional and personal relationships. *Mata v. Johnson,* 210 F.3d 324, 332-34 (5th Cir. 2000)(error to forbid parties from presenting "other evidence relevant to question of competency"). This is especially true when there is substantial evidence that Defendant's claims of mental deterioration are exaggerated. *See* Govt Motion for Discovery, Dk. No 26 pp10-11. Defendant has a long-standing financial relationship with Baylor College of Medicine, which is also the medical institution where all of his chosen medical professionals practice. The juxtaposition of these facts lends probative value to the evidence sought.

Finally, Defendant's proposed order—allowing early production of the medical records that support his claims, while delaying production of other medical records until the day of the hearing - will deprive the examining experts of the data they need to prepare for their evaluations, resulting in either a one-sided presentation of the facts or further delay to give the experts time to review late-produced material.

Accordingly, the government respectfully requests the Court to sign and enter its Proposed Order, under Fed. R. Crim. P. 17(c) and 45 CFR § 164.512(e)(1)(i), as submitted in its original Motion.

Respectfully submitted this 11th day of February 2021,

DAVID A. HUBBERT
Acting Assistant Attorney General


s/ Corey J. Smith
COREY J. SMITH
Senior Litigation Counsel
LEE LANGSTON
CHRISTOPHER MAGNANI
Trial Attorneys
Department of Justice
Tax Division

Attorneys for United States of America

## Certificate of Service

I the undersigned do hereby certify that on the 11th day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to Defendant's counsel of record.

     /s/ Corey J. Smith
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230

GOVERNMENT'S REPLY TO DEFENDANT'S
PARTIAL OPPOSITION TO UNITED STATES'
MOTION FOR DISCOVERY ORDER UNDER RULE     4
17(C) AND 45 CFR 164.512(e)(1)(i)