IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | Criminal No. 4:21-cr-00009 |
| § | |
| ROBERT T. BROCKMAN  § | |

### RESPONSE TO UNITED STATES' EXPERT NOTICE AND MOTION FOR PROTECTIVE ORDER

This Court has scheduled a hearing on June 29, 2021, to determine whether Mr. Brockman is competent to assist in his defense pursuant to 18 U.S.C. § 4241(b). Competency Hearing Scheduling Order at ¶ 1 (ECF No. 36). Pursuant to this Court's order, at the government's request and without objection by Mr. Brockman, the government's experts will conduct an examination of Mr. Brockman in advance of the competency hearing pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). *Id.* at ¶ 2. The Competency Hearing Scheduling Order required the government to "notify the Court of the identity of the licensed or certified psychiatrists or psychologists to be designated no later than February 12, 2021." *Id.* at ¶ 3. Five days after the agreed upon and Court-ordered deadline, on February 17, 2021, the government submitted the required notification. *See* United States' Expert Notice (ECF No. 44).

Defendant Robert Brockman does not oppose the government's late submission and attaches a proposed order to designate the government's experts to conduct the psychiatric

or psychological examination of Mr. Brockman pursuant to 18 U.S.C. § 4247(b).[1] In addition to the statutory designation, there are several related issues that need to be resolved in advance of any examination of Mr. Brockman. Mr. Brockman asks this Court (1) for permission to have his counsel present during the government's examination; (2) for an order requiring video recording of any forensic interview portion of that examination; and (3) for a protective order. The government consents in part, and opposes in part, the defense requests.

**I.  REQUEST PERMISSION FOR COUNSEL TO BE PRESENT DURING THE COURT-ORDERED EXAMINATION**

Counsel requests permission to be present with Mr. Brockman during the court-ordered examination by the government's designated experts. The Court may exercise its discretion by allowing counsel to be present during the examination, and the American Bar Association's ("ABA") *Criminal Justice Standards on Mental Health* make clear that "[w]hen the scope of an evaluation is limited to the defendant's competence to proceed," as it is here, "the defense attorney is entitled . . . to be present at the evaluation."[2] Mr. Brockman is 79 years old and suffers from dementia. Counsel's presence will help facilitate the examination and ensure the accuracy of any future account. Counsel's

---

[1] Mr. Brockman reserves the right at the scheduled competency hearing to contest the testimony of such experts on all applicable grounds. *See* Fed. R. Evid. 702; *see also United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (discussing requirements to qualify as an expert); *United States v. DiMartino*, 949 F.3d 67, 74 (2d Cir. 2020) (affirming denial of competency hearing by applying Rule 702 to assess reliability of psychological report prepared by defense expert); *United States v. Duhon*, 104 F. Supp. 2d 663, 678 (W.D. La. 2000) (applying Rule 702 and excluding forensic evaluation report regarding criminal defendant's competency to stand trial).

[2] ABA, *Criminal Justice Standards on Mental Health*, 7-3.5(c)(i) (4th ed. 2016), *available at* https://www.americanbar.org/content/dam/aba/publications/criminal_justice_standards/mental_health_standards_2016.authcheckdam.pdf, and attached as Exhibit A.

presence will not impair the effectiveness of the examination in any way.[3] The government opposes this request.

## II. ANY FORENSIC INTERVIEW SHOULD BE VIDEO AND AUDIO RECORDED

Any interview of Mr. Brockman during the examination by the government's experts should be video and audio recorded. The general provisions governing psychiatric examinations permit videotaping the defendant's interview, *see* 18 U.S.C. § 4247(f), and the *Criminal Justice Standards on Mental Health* advocate for videotaping "all court-ordered evaluations of defendants initiated by the prosecution or the court. Copies of such recordings should be provided promptly to the defense attorney and the prosecution."[4] Numerous courts have authorized the videotaping of the defendant's mental health interview. *See, e.g.*, *United States v. Fell*, 2015 WL 13781291, at *2 (D. Vt. Oct. 9, 2015) (granting defense request for recording of government evaluations and denying government request for recording of defense evaluations); *United States v. O'Reilly*, 2010 WL 653188, at *5 (E.D. Mich. Feb. 19, 2010) ("Defense counsel may arrange for any rebuttal examination to be audio and/or video taped."); *United States v. Loughner*, 770 F. Supp. 2d 1026, 1029 (D. Ariz. 2011) (granting exam under § 4247(b) and ordering "[a]ll formal clinical interviews of the defendant shall be video recorded, and copies of the video recordings shall be provided promptly to both counsel"); *United States v. Hardy*, 644 F. Supp. 2d 749, 750 (E.D. La. 2008) (granting defense request for video recording of

---

[3] The *Criminal Justice Standards on Mental Competency* make clear that "[i]f present, the attorney should actively participate only if requested to do so by the evaluator." *Id.* "The prosecutor may not be present at any evaluation of defendant." *Id.* at 7-3.5(c)(iv).

[4] *Id.* at 7-3.5(d)(ii); 7-3.5(d)(iv).

government evaluation). Indeed, the government's own forensic psychiatrist, Dr. Park Dietz, has advocated for videotaping pretrial interviews. Dr. Dietz and several coauthors published an article expressing "unwavering support for the use of videotape during forensic evaluations," arguing that "videotape is the optimum choice for the forensic interview."[5]

Counsel respectfully requests that the interview be video and audio recorded, with cameras positioned to face both the examiner and Mr. Brockman.[6] Following the examination, video and audio recordings of the interview portion shall promptly be provided to the defense and the government. The government consents to audio and video recording during the defendant's psychiatric interview.

### III.  PROTECTIVE ORDER TO GOVERN COMPETENCY PROCEEDINGS

The government's use of any statements made by Mr. Brockman during the court-ordered competency examination is restricted by applicable law. This makes good sense because a defendant should not "be forced to choose between sacrificing his constitutional right not to incriminate himself and sacrificing his constitutional right not to stand trial if incompetent." *United States v. Nguyen*, 962 F. Supp. 1221, 1223 (N.D. Cal. 1997); *see Simmons v. United States*, 390 U.S. 377, 393-94 (1968) ("intolerable that one constitutional right should have to be surrendered in order to assert another"); *Pedrero v. Wainwright*,

---

[5] Park E. Dietz et al., *Preserving the Integrity of the Interview: The Value of Videotape*, J. Forensic Sci. at 1287, 1289 (1999), *available at* https://www.ojp.gov/library/abstracts/preserving-integrity-interview-value-videotape, and attached as Exhibit B.

[6] *See id.* at 1288 (advocating the "use of a videotape system with cameras positioned to face both the examiner and subject [which] negates possible allegations of impropriety").

590 F.2d 1383, 1388 n.3 (5th Cir. 1979) (applying *Simmons* to competency hearing context)).

Federal Rule of Criminal Procedure 12.2, which applies to competency examinations, provides that:

> No statement made by a defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant:
> (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or
> (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

Fed. R. Crim. P. 12.2(c)(1)(A), (4).

Thus, statements made during court-ordered competency evaluations and testimony at a competency hearing generally may not be used by the government outside the competency evaluation process. *See Simmons,* 390 U.S. at 393-94 (holding defendant's testimony at suppression hearing inadmissible at trial); *Pedrero*, 590 F.2d at 1388; *Estelle v. Smith*, 451 U.S. 454, 461-69 (1981) (explaining that defendant's rights were violated where the government's psychiatrist "went beyond simply reporting to the court on the issue of competence and testified for the prosecution" at trial, because by testifying at trial the psychiatrist's "role changed and became essentially like that of an agent of the State recounting unwarned statements made in a postarrest custodial setting"); *United States v. Gillenwater*, 717 F.3d 1070, 1085-86 (9th Cir. 2013) (holding that an "order barring the use of [competency hearing] testimony" at trial "should be entered in any case where a

criminal defendant wishes to testify at his competency hearing"); *United States v. Mills*, 2019 WL 3917617, at *2 (E.D. Mich. Aug. 19, 2019) ("[I]n accordance with his privilege against self-incrimination under the Fifth Amendment, the Government's use of any evidence derived from the mental competency evaluation is limited to determining whether Wilson is competent to stand trial, unless Wilson uses that evidence during either the guilt or penalty phase of the trial."); *Nguyen*, 962 F. Supp. at 1223-25 (same).

For the avoidance of any doubt, and to make the parameters around the examination clear in advance, the defense proposes that the Court enter a protective order consistent with the applicable law as follows:

> (a) no statement of the defendant during such examination and no testimony of the defendant during such hearing (collectively, "Defendant's Statements") may be used directly or indirectly by the government except in this Competency Proceeding and except as otherwise permitted by this Order; and
> (b) if at any other hearing or the trial of this matter, or any other proceeding, the defendant has introduced evidence of incompetency on an issue regarding mental condition, the government may apply to the Court to use Defendant's Statements by way of an offer into evidence, by cross examination based on prior inconsistent statements, or otherwise as may be appropriate under the Federal Rules of Evidence and other law.

The government agrees that statements made by Defendant during examination, testing or interviews may not to be used in the government's case-in-chief during trial, but opposes the balance of the defense's proposal and may make its own proposal on this issue.

## **CONCLUSION**

For the foregoing reasons, this Court should enter the Defendant's Proposed Order.

| | |
|---|---|
| Dated:  February 22, 2021 | /s/*Jason S. Varnado*<br>Jason S. Varnado<br>Texas Bar No. 24034722<br>SDTX Ad. ID No. 32166<br>Email:  jvarnado@jonesday.com<br>David S. Smith<br>Texas Bar No. 24117073<br>SDTX Ad. ID No. 3398393<br>Email: dssmith@jonesday.com<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX  77002<br>Telephone:  832-239-3939<br>Facsimile:  832-239-3600<br><br>Kathryn Keneally (*Admitted Pro Hac Vice*)<br>New York Bar No. 1866250<br>Email:  kkeneally@jonesday.com<br>James P. Loonam (*Admitted Pro Hac Vice*)<br>New York Bar No. 4035275<br>Email:  jloonam@jonesday.com<br>Georgina N. Druce (Admitted Pro Hac Vice)<br>New York Bar No. 5267208<br>Email:gdruce@jonesday.com<br>JONES DAY<br>250 Vesey Street<br>New York, NY  10281-1047<br>Telephone:  212-326-3939<br>Facsimile:  212-755-7306<br><br>Conor G. Maloney (*Admitted Pro Hac Vice*)<br>District of Columbia Bar No. 1632584<br>Email: cmaloney@jonesday.com<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>Telephone: 202-879-3450<br>Facsimile: 202-626-1700<br><br>*Attorneys for Defendant*<br>*Robert T. Brockman* |

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of February, 2021, this document was served by electronic filing service on all counsel of record.

*/s/ Jason S. Varnado*
Jason S. Varnado