# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cr. No. 4:21cr 009 GCH** |
| | § | |
| **ROBERT T. BROCKMAN,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## UNITED STATES' PARTIAL OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER [ECF 45]

The United States, by and through undersigned counsel, respectfully files this partial opposition to Defendant's Motion for Protective Order (ECF No. 45) ("the Motion"). Defendant's motion requests (1) that this Court order that Defendant's counsel be permitted to be present at examinations of Defendant conducted by government experts; (2) that any forensic interview portion of the examination be taped; and (3) for a protective order. For the reasons stated below, the United States opposes Defendant's request to have counsel present at examinations conducted by government experts and consents to Defendant's request to tape the interview portion[1] of the examination and to the protective order language requested by Defendant's motion. The United States has provided a proposed order for the Court's convenience attached herein as Exhibit A.[2]

---

[1] Defendant's counsel has informed undersigned counsel that their request to tape the forensic interview does not extend to videotaping the psychiatric tests proposed by Dr. Denney. The United States would oppose any request to videotape the tests themselves.

[2] The government has adopted the language of Defendant's proposed order with the exception of permitting counsel to be present for the forensic examinations.

UNITED STATES' PARTIAL OPPOSITION TO
DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant's motion does not cite a single case or statute in support of counsel's request to be present during the psychiatric examination.  Instead, his motion relies solely upon the American Bar Association's ("ABA") non-binding *Criminal Justice Standards on Mental Health*.  *Motion* at 2.

Defendant is forced to rely on such a thin branch because it is clear that a defendant has no "constitutional right to have his attorney present during a psychiatric examination."  *Riles v. McCotter*, 799 F.2d 947, 954 (5th Cir. 1986); *United States v. Cohen*, 520 F.2d 43, 48 (5th Cir. 1976); *United States v. Byers*, 740 F.2d 1104, 1122 (D.C. Cir. 1994); s*ee also Buchanan v. Kentucky*, 483 U.S. 402, 423, 107 S.Ct 2906, 2918  (1987)(defendant's Fifth and Sixth Amendment rights not violated by introduction into evidence of psychiatric report of examination conducted without presence of counsel).  To the contrary, courts have recognized the potential for serious drawbacks in permitting counsel to be present.  *See Cohen*, 503 F.2d at 48 (noting that the presence of counsel "might defeat the purpose of the examination");  *Byers*, 740 F.2d at 1120 ("one can scarcely imagine a successful psychiatric examination in which the subject's eyes move back and forth between the doctor and his attorney."); *see also Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609-10 (C.D.Cal. 1995)("[t]hird party observes may, regardless of their good intentions, contaminate a mental examination.").

The judiciary's concern that the presence of a defendant's attorney at the exam could undermine its efficacy is well-founded.  Both Dr. Robert Denney and Dr. Park Dietz, the examiners in question, oppose the presence of counsel at their examinations because of a concern that it would undermine their results.  *See Declaration of Dr. Robert Denney* and *Declaration of Park Dietz* attached herein as Exhibits B and C.  Both experts have more than thirty years of experience in the field and have studied the scientific literature on the presence of third-party observers.

Dr. Denney found that "[t]he available empirical research demonstrates that third party observers alters the testing session in such a manner that test results may no longer reflect a valid performance of the examinee."  *Exhibit B* at 2.  Further, the presence of an attorney "creates the potential for distraction and/or interruption of the examination" and "potentially precludes valid

interpretation of the test results." *Id.* at 2-3. Such potential interference in the testing is particularly problematic where, as here, Defendant's experts had the opportunity to examine Defendant without a third-party present. *See Id.* at 4. Having counsel present for only the government's exams would introduce a potentially confounding variable that would make this Court's task of comparing the two sets of exams more difficult.

Similarly, Dr. Dietz "strongly prefer[s] to conduct examinations without attorneys present." *Exhibit C* at 5. Dr. Dietz's opinion is based on the weight of the scientific literature which establishes that the presence of counsel "is potentially disruptive and distracting" and interferes with "the establishment of a rapport between examiner and examinee." *Id.* at 1-2. Accordingly, contrary to Defendant's representation that "[c]ounsel's presence will help facilitate the examination," *Motion* at 2, it is evident that both Dr. Dietz and Dr. Denney believe that counsel's presence will only make the examination more difficult and potentially less accurate.

The presence of counsel is even less appropriate where, as here, the experts and the government have agreed to videotape the interviews in question. This expedient would seemingly eliminate Defendant's concern about being present to ensure the accuracy of any future account. Further, as the *Cohen* court recognized, because Defendant's statements cannot be used by the government at trial unless he puts his mental state at issue, there is no need for an attorney to advise him not to answer certain questions. *See Cohen*, 530 F.2d at 48. The presence of counsel at a video-recorded interview for the sole purpose of passively observing the interview does not justify the potentially large cost of tainting the results of said examination.

Accordingly, the government respectfully requests the Court to sign and enter its Proposed Order, attached herein as Exhibit A and deny Defendant's request to have counsel present during his examination by government experts.

Respectfully submitted this 4th day of March 2021,

<div style="margin-left:40%">

DAVID A. HUBBERT
Acting Assistant Attorney General


s/ Lee F. Langston
COREY J. SMITH
Senior Litigation Counsel
LEE LANGSTON
CHRISTOPHER MAGNANI
Trial Attorneys
Department of Justice
Tax Division

Attorneys for United States of America

</div>

## <u>Certificate of Service</u>

I the undersigned do hereby certify that on the 4th day of March 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to Defendant's counsel of record.

<div align="right">

/s/ Lee F. Langston
Trial Attorney
Department of Justice
Tax Division
Lee.F.Langston@usdoj.gov
202-353-0036

</div>