UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cr. No. 4:21cr 009 GCH |
| § | |
| **ROBERT T. BROCKMAN,** § | |
| § | |
| Defendant. § | |
| § | |
| § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO
THE CLASSIFIED INFORMATION PROCEDURES ACT**

In response to Defendant's above-styled Motion, the United States opposes a pre-trial conference pursuant to section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. In support of its opposition, the government states that: 1) the government has not provided and does not intend to provide Defendant with any alleged classified information; and 2) Defendant's claim regarding "the probable existence of classified information concerning the government's prosecution of Mr. Brockman" is purely speculative.

**I.     The Government Has No Intention of Providing Defendant with Any Classified Information**

As a threshold matter, CIPA applies only to classified information. In pertinent part, CIPA defines classified information as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. III § 1. The purpose of a pretrial conference under section 2 of CIPA is "to consider matters relating to *classified information* that may arise in connection with the prosecution." *Id.* § 2 (emphasis added). The government has not provided and does not intend to provide Defendant with any

alleged classified information. Therefore, his request for a pretrial conference is inapt.

Even if the government had indicated that there is classified information that is related to this prosecution, which it has not, Defendant's motion would nevertheless be premature. The government could seek to have any such information deleted from discovery via an *ex parte*, *in camera* motion, *see* 18 U.S.C. App. III § 4, or the government could declassify any such information and produce it to defense counsel at a later date. Either option is consistent with Department of Justice policy, and could be done without a pretrial conference. *See* Justice Manual § 9-5.011A ("The policy [regarding disclosure of exculpatory and impeachment information] . . . recognizes that other interests, such as witness security and national security, are also critically important, see JM 9-21.000, and that if disclosure prior to trial might jeopardize these interests, disclosure may be delayed or restricted (e.g. pursuant to the Classified Information Procedures Act)") .

## II.     Defendant's Motion is Based on Speculation

In support of his motion, counsel relies on an article published by *Bloomberg News* and a February 10, 2021 email by government counsel. To be clear, the government has never told defense counsel that it intends to produce or use classified information in this case. Counsel simply assumes that the representations in the *Bloomberg News* article are accurate, and then further assumes that if this type of evidence exists that it *must* be relevant to this case, it *must* constitute *Brady/Giglio* evidence, and that it *must* be disclosed. There is no evidence to support any of these contentions; they are nothing put pure, unadulterated, speculation.

Counsel cites the government's February 10, 2021 email as "support" for his contention that such evidence exists. Defendant misconstrues this email. *See Exhibit E to Defendant's Motion, Dkt. No. 52-7.* The government was simply stating that it will disclose *Giglio* material, and any other discoverable material, at the appropriate time. In the email, government counsel also stated that "we are working with NSD to take appropriate actions." This was not an acknowledgement or confirmation of the existence of any classified material related to this prosecution.

The government has repeatedly informed counsel for Defendant that it is the

2

government's position that *Giglio* evidence regarding Robert Smith will be provided to Defendant upon final adjudication of Defendant's competency hearing. If Defendant is determined to not be competent to stand trial, there will be no trial, and disclosure of *Giglio* evidence will be unnecessary. Since much of the *Giglio* evidence regarding Robert Smith is very personal and sensitive, such as his income tax returns and divorce pleadings, the government has taken the position that it will not provide this personal and sensitive evidence to Defendant until it is determined that there will actually be a trial. This is in accord with the holding in *Giglio*. *See United States v. McKinney,* 758 F.2d 1036, 1050 (5th Cir. 1985) (*Brady* and *Giglio* require government to provide exculpatory and impeachment evidence "in time to put it to effective use at trial."). Under the government's proposed disclosure schedule, after final adjudication of Defendant's competency, many months before trial (no trial date has been set), Defendant's counsel will have more than sufficient time to put *Giglio* evidence pertaining to Robert Smith to "effective use at trial." The government's February 10th email was simply a general reiteration of this previously made statement.

Accordingly, Defendant's Motion for a pre-trial conference under Section 2 of CIPA should be denied.

Respectfully submitted this 11thday of May 2021,

DAVID A. HUBBERT
Acting Assistant Attorney General

s/ Corey J. Smith
COREY J. SMITH
Senior Litigation Counsel
corey.smith@usdoj.gov
(202)514-5230

Attorneys for United States of America

## Certificate of Service

I the undersigned do hereby certify that on May 11, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to Defendant's counsel of record.

    */s/ Corey J. Smith*
    Senior Litigation Counsel
    Department of Justice
    Tax Division
    Corey.Smith@usdoj.gov
    (202)514-5230