**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| v. § | Criminal No. 4:21-cr-00009 | |
| § | | |
| **ROBERT T. BROCKMAN** § | | |

**DEFENDANT ROBERT T. BROCKMAN'S REPLY
IN SUPPORT OF HIS MOTION FOR A PRETRIAL CONFERENCE
PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT**

After learning that this case likely involved classified information, including exculpatory material, the defense filed a motion for a pretrial conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"). Mot. for a Pretrial Conference Pursuant to the Classified Information Procedures Act (ECF No. 52) ("CIPA Mot."). On May 10, 2021, the Court addressed the motion during a status conference and repeatedly put two basic questions to the government: (1) is there classified information in this case; and (2) is it exculpatory. (May 10, 2021 Hr'g Tr. 4, 6–8.) The Court stated that "we do need definitely to have the hearing, but what the Government needs to do before the hearing is answer those two questions." (May 10, 2021 Hr'g Tr. 7.) The Court directed the parties to confer on the process for a hearing and ordered the parties to provide the Court with a status update in two weeks. (May 10, 2021 Hr'g Tr. 9–11.) The Court concluded the discussion of this issue by stating: "The whole goal is to tee this up for a CIPA hearing." (May 10, 2021 Hr'g Tr. 11.)

The next day, the Government filed its opposition to scheduling the CIPA hearing.[1] Government's Resp. (ECF No. 61.)  In its opposition, the government failed to answer, or even note, either of the Court's two basic questions.  *Id.*  The government neither confirmed nor denied the existence of classified information in this case.  Nor did it confirm or deny whether such classified information was exculpatory.  *Id.*

Instead of addressing the Court's questions, the government asserts (1) the defense's motion is based on speculation (*id.* at 2); (2) the government has not provided the defense with any classified information to date (*id.* at 1); and (3) the defense's motion is premature because there are multiple ways the government may address the existence of classified information in this case (*id.* at 1–2).  The government's opposition is without merit.

### A. The Government Can and Should End the So-Called Speculation

The government argues that the Court should not schedule a CIPA conference because the defense's motion is speculative.  *Id.* at 2.  The government argues that because the defense first learned of the probable existence of the classified information from a *Bloomberg News* article, the Court should deny the motion.  *Id.* at 2–3.

But the Court already noted the imbalance of information on this issue.  (May 10, 2021 Hr'g Tr. 6–7, 9.)  This is precisely why the Court asked the government to confirm or deny the existence of classified information in this case using appropriate procedures.  (May 10, 2021 Hr'g Tr. 4, 6–9.)  The government knows the answer and can end any

---

[1] Defense counsel subsequently reached out to the government to confer on the Court's instruction to file a status report.  Loonam Decl. ¶ 3.  Defense counsel asked the two questions posed by the Court.  The government stated that the defense could report to the Court that the government's position on a CIPA hearing was set forth in its opposition papers.  *Id.*

speculation forthwith. It can and should do so as the Court has already directed.[2] (May 10, 2021 Hr'g Tr. 6–7.)

The defense's motion is based on more than speculation. The *Bloomberg News* article was well-sourced, as demonstrated by the apparent access to emails between the government and lawyers for Robert Smith. CIPA Mot. at 3–5. The government offers no alternative explanation for why the DOJ's National Security Division is working on this matter. Government's Resp. at 2; CIPA Mot. at 2, 5–6.

Moreover, the government's contradictory responses to this request for a CIPA conference confirm that the case involves classified material. When the defense asked the government's position before moving for the CIPA conference, on April 27, 2021 a member of the prosecution team first responded that "[t]he government has no objection to scheduling the conference." Suppl. Certificate of Conference on Defendant's Mot. for a Pretrial Conference Pursuant to the Classified Information Procedures Act (ECF No. 55) ("Suppl. Cert. of Conf."). Then, on May 3, 2021 the lead prosecutor withdrew that

---

[2] The government routinely advises courts and defense counsel in open court whether a case generally involves classified information, without describing the classified information itself. *See, e.g.*, *United States v. El-Mezain*, 664 F.3d 467 (5th Cir. 2011); *United States v. Tsou*, No. 92-2147, 1993 U.S. App. LEXIS 41146 (5th Cir. Jan. 18, 1993); *United States v. Varca*, 896 F.2d 900 (5th Cir. 1990); *United States v. Wilson*, 732 F.2d 404 (5th Cir. 1984); *United States v. Mechanic*, No. 4:15-cr-00204 (S.D. Tex. Nov. 20, 2015), ECF No. 162; *see also United States v. Stillwell*, 986 F.3d 196 (2d Cir. 2021); *United States v. Fawwaz*, 691 F. App'x 676 (2d Cir. 2017); *United States v. Hoffman*, 612 F. App'x 162 (4th Cir. 2015); *United States v. Amawi*, 695 F.3d 457 (6th Cir. 2012); *United States v. Dumeisi*, 424 F.3d 566 (7th Cir. 2005); *United States v. Hossain*, No. 19-CR-606, 2020 WL 6874910 (S.D.N.Y. Nov. 23, 2020); *United States v. Leveille*, No. 1:18-CR-02945, 2020 WL 5764276 (D.N.M. Sept. 28, 2020); *United States v. Huawei Tech. Co.*, No. 18-CR-457, 2020 WL 903007 (E.D.N.Y. Feb. 25, 2020); *United States v. Flynn*, 411 F. Supp. 3d 15 (D.D.C. 2019); *United States v. Saipov*, No. 17-CR-722, 2019 WL 5558214 (S.D.N.Y. Oct. 29, 2019); *United States v. Schulte*, No. 17 Cr. 548, 2019 WL 3764662 (S.D.N.Y. July 22, 2019); *United States v. Tippens*, No. CR16-5110, 2017 WL 11511726 (W.D. Wash. Mar. 16, 2017); *United States v. Al-Farekh*, No. 15-CR-268, 2016 WL 4444778 (E.D.N.Y. Aug. 23, 2016); *United States v. Boulos*, No. 13-CR-612, 2015 WL 502170 (E.D.N.Y. Feb. 3, 2015); *United States v. Turner*, No. 13 CR 572-2, 2014 WL 3905873 (N.D. Ill. July 29, 2014); *KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 647 F. Supp. 2d 857 (N.D. Ohio 2009); *Kasi v. Angelone*, 200 F. Supp. 2d 585 (E.D. Va. 2002).

agreement to the conference, explaining that the first response was from a member of the prosecution team who was "not 'read into' these issues"[3] in connection with the defense's CIPA motion, thereby indicating that at least some part of the prosecution team has been involved in discussions concerning classified material. Loonam Decl. ¶ 2, Ex. A. He elaborated "[f]or the record, the government does object to a pre-trial conference on these matters until it is determined if counsel possesses the appropriate security clearances, and/or until all relevant procedures under CIPA are adhered to." Suppl. Cert. of Conf. at 2.[4] "Security clearances" are necessary and "CIPA procedures" are relevant only because the case involves classified material. In addition, during the status conference, the lead prosecutor seemed to confirm again that this case involves classified material, stating:

> We were very concerned about a public disclosure in a news article about classified information that we did not know was coming. And so since that article appeared, things have been happening behind the scenes and very shortly, we're going to bring all of this to the Court's attention.

(May 10, 2021 Hr'g Tr. 10.)[5]

---

[3] "Read into" has a particular meaning in the context of classified information. "The process of being 'read into' a compartmented program generally entails being approved for access to particularly sensitive and restricted information about a classified program, receiving a briefing about the program, and formally acknowledging the briefing . . . ." Offices of Inspectors General of the DoD, DOJ, CIA, NSA, and ODNI, *Unclassified Report on the President's Surveillance Program* 10 n.10 (2009), *available at* https://fas.org/irp/eprint/psp.pdf.

[4] Defense counsel will not obtain "the appropriate security clearances" until the government applies for such clearances on defense counsel's behalf. Suppl. Cert. of Conf. at 2. A deadline for doing so would be a proper subject for the requested CIPA conference, which is the "relevant procedure[] under CIPA." *Id.*

[5] To the extent the government intends to bring matters "to the Court's attention" on an *ex parte* basis, the defense objects, and submits that at a minimum, any *ex parte* filings that contain classified information can be redacted by the government to allow the defense to see the nature of the relief the government is seeking and the purported legal basis for the relief sought. This process will enable the defense to bring contrary legal authority, if any, to the Court's attention. We maintain that the government should obtain security clearances for defense counsel to review any classified information that is discoverable and then proceed through the procedures of CIPA Section 5. These are all issues that should be addressed at a CIPA conference.

After making these statements in unclassified communications, including in open court, the government cannot be heard now to claim that the basis for the defense's motion is "pure, unadulterated, speculation." Government's Resp. at 2. The *Bloomberg News* article was itself a sufficient basis, and it is now reinforced by the government's attorneys. There are obviously more than adequate grounds to require a CIPA conference. 18 U.S.C. App. 3 § 2.

**B.     CIPA Conferences Precede the Disclosure of Classified Information**

The government argues that the defense's motion is "inapt" because the government has not provided any classified information to the defense. Government's Resp. at 1–2. But prior government disclosure is not a prerequisite to a CIPA Section 2 conference. By its own terms, CIPA Section 2 conferences cover "the timing of requests for discovery" and any matters "which may promote a fair and expeditious trial." 18 U.S.C. App. 3 § 2. Thus, the government's argument that the Court should not hold a CIPA Section 2 conference because the government has not yet turned over classified documents to the defense is a red herring.

The government further argues that it does not intend to disclose classified information to the defense, and invokes the prospect of deleting classified *Brady* and *Giglio* information pursuant to CIPA Section 4 on an *ex parte*, *in camera* basis. Government's Resp. at 2. This is of grave concern. CIPA Section 4, by its own terms, applies to discovery under the Federal Rules of Criminal Procedure. *See* 18 U.S.C. App. 3 § 4.[6] CIPA Section

---

[6] "CIPA § 4 was intended 'to clarify the court's powers under Fed. R. Crim. P. 16(d)(1).'" *United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013) (quoting *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988)).

4 does not, and could not, relieve the government of any disclosure obligations that flow from the U.S. Constitution, such as the government's *Brady* and *Giglio* obligations.[7] For present purposes, a CIPA conference is required to discuss exactly these types of issues and to set deadlines for the government to make its filings and to set the parameters of the defendant's access to these filings.

## CONCLUSION

Mr. Brockman requests the Court schedule a conference pursuant to CIPA Section 2 to address the discovery schedule for any classified material involved in this case. 18 U.S.C. App. 3 § 2.

Dated: May 18, 2021

*/s/ Jason S. Varnado*
Jason S. Varnado
Texas Bar No. 24034722
SDTX Ad. ID No. 32166
Email: jvarnado@jonesday.com
David S. Smith
Texas Bar No. 24117073
SDTX Ad. ID No. 3398393
Email: dssmith@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002

---

[7] *See, e.g.*, *United States. v. Brown*, No. 5:14-CR-58, 2014 U.S. Dist. LEXIS 54143, at *11 & n.5 (E.D.N.C. Apr. 18, 2014) (the court stated "[i]f the classified material is relevant and helpful to the defendant, it may not be deleted from discovery" and stated *Brady* materials are subsumed within the category of "at least helpful" to the defendant); *United States v. Shehadeh*, 857 F. Supp. 2d 290, 293 (E.D.N.Y. 2012) ("Where the classified materials at issue contain matter that is helpful or material to the defense, the government's privilege must 'give way' to a 'defendant's right to present a meaningful defense.'") (citations omitted); *United States v. Medunjanin*, No. 10 CR 19, 2012 WL 13186383, at *2–3 (E.D.N.Y. Feb. 22, 2012) (stating that "once the district court determines that an item of classified information is relevant and material, that item must be [furnished to the defense] unless the government provides an adequate substitution" which retains "the potentially exculpatory, impeaching, or other value of the underlying documents") (brackets in original, citation omitted); *United States* v. *Sedaghaty*, 728 F.3d 885, 898–906 (9th Cir. 2013) (summary that had been substituted for relevant classified impeachment information under CIPA was inadequate); *United States v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984) (upholding rejection of a substitution where the classified documents "are relevant to the development of a possible defense" and the "government's proposed summaries of the materials are inadequate").

Telephone: 832-239-3939
Facsimile: 832-239-3600

Kathryn Keneally (*Admitted Pro Hac Vice*)
New York Bar No. 1866250
Email: kkeneally@jonesday.com
James P. Loonam (*Admitted Pro Hac Vice*)
New York Bar No. 4035275
Email: jloonam@jonesday.com
Georgina N. Druce (*Admitted Pro Hac Vice*)
New York Bar No. 5267208
Email: gdruce@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

Conor G. Maloney (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1632584
Email: cmaloney@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3450
Facsimile: 202-626-1700

*Attorneys for Defendant*
*Robert T. Brockman*

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of May, 2021, this document was served by electronic filing service on all counsel of record.

*/s/ Jason S. Varnado*
Jason S. Varnado