# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ROBERT T. BROCKMAN,**<br><br>    Defendant. | § Cr. No. 4:21cr 009 GCH<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## UNITED STATES' SECOND MOTION FOR
## AN ORDER UNDER FED. R. CRIM. P. 17(C)(1)

The United States, by and through its attorneys, respectfully requests an Order, pursuant to Fed. R. Crim. P. 17(c)(1), compelling witnesses listed herein to provide copies of subpoenaed evidence to the government within thirty days of issuance of the Proposed Order, said evidence to be presented to the Court in the Defendant's section 4241 competency hearing, scheduled for September 13, 2021.

A Proposed Order is filed herewith for the Court's convenience.

## Table of Contents

| | | |
|---|---|---|
| I. | Procedural Posture | p2 |
| II. | Summary Argument | p3 |
| III. | Relevance of Subpoenas | p4 |
| IV. | Conclusion | p7 |

### I. **PROCEDURAL POSTURE**

On December 8, 2020, Defendant filed a motion for a competency hearing pursuant to 18 U.S.C. § 4241. *See* 20-cr-371 (N.D. Cal.) ("NDCA") *Dkt. No. 64* (the "Motion"). On November 19, 2020, in anticipation of the Motion, the government sent Defendant's counsel a letter requesting copies of Defendant's relevant medical records. *See Exhibit 1*. On December 15, 2020, the government filed its response to Defendant's Motion (the "Response") agreeing that a competency hearing is appropriate in this case. *See NDCA Dkt. No. 69.* On January 4, 2021, this case was transferred from the Northern District of California to this Court. *See NDCA Dkt. No. 76*. On February 1, 2021, this Court, on an Agreed Motion by the parties, entered a Scheduling Order setting a Competency Hearing in this case for June 29, 2021. *Dkt. No. 36*. On April 28, 2021, on an Agreed Motion by the Parties, the Court entered a revised Scheduling Order setting the Hearing for September 13, 2021. *Dkt. No. 53.* On or about February 22, 2021, pursuant to Fed R Crim P 17, the government served approximately 20 prospective witnesses with hearing subpoenas with the original hearing date of June 29, 2021. On or about May 10, 2021, the government re-served these witnesses with new hearing subpoenas for the new hearing date of September 13, 2021 – including the five (5) witnesses that are the subject of this motion. *See Exhibits 3, 4, 5, 6, and 7.*

On January 26, 2021, the government filed a motion under Fed. R. Crim. P. 17(c) and 45 CFR § 164.512(e)(1)(i) for an Order requiring Defendant's medical doctors to produce Defendant's historical medical records. *Dkt No. 26*. On February 10, 2021, Defendant filed his partial opposition, *Dkt No 41*, and on February 11, 2021, the government filed its reply. *Dkt. No 43*. With the exception of Dr. Yudofsky, these medical professionals have produced records in accordance with the hearing subpoenas.

On May 10, 2021, the government sent Defendant's counsel a letter informing them of its intention to seek a Rule 17(c)(1) Order from the Court for additional non-medical witness who have not complied with hearing subpoenas served, including the five witnesses that are the subject of this motion, and requested their assent. *See Exhibit 2*. Counsel only consented to a Rule 17(c)(1) Order encompassing Drs. Lai and Yudofsky.[1] From May 11 - 13, 2021, the parties corresponded by email and prepared a joint letter for the Court setting forth their respective positions regarding a Rule 17(c)(1) Order applicable to the subpoenas served by the government on additional prospective witnesses for the September 13, 2021 hearing. *See Exhibit 8*. On May 13, 2021, a joint letter was sent to the Court on this issue requesting a conference regarding a Rule 17(c)(1) Order for ten witnesses served with hearing subpoenas. *See Exhibit 9*. On June 16, 2021, the government filed an unopposed motion for a Rule 17(c)(1) Order requiring Dr. Yudofsky to produce Defendant's medical records in his possession in preparation for the September 13, 2021 competency hearing. *Dkt. No. 70.*

The government's instant motion narrows the number of witnesses for which the government is requesting a Rule 17(c)(1) Order to only five. These five witnesses have all been served with hearing subpoenas and are a subset of the witnesses that were the subject of the letter sent to the Court on May 13, 2021. Defendant's counsel state that they object to this motion for the reasons stated in Defendant's Partial Opposition to United States' Motion for Discovery Order Under Rule 17(c) and 45 CFR § 164.512(e)(1)(ii), filed on February 10, 2021. *Dkt. No. 41*.

## II.  SUMMARY ARGUMENT

The government seeks an Order under R. 17(c)(1) compelling these five witnesses to produce relevant documentary evidence in their possession within thirty days of the entry of this Proposed Order to ensure that: 1) Defendant's competency hearing proceeds in an orderly fashion, without undue delay; 2) the government has an opportunity to review and analyze evidence it needs to meet its burden of proof; and 3) the Court can make an informed decision, in light of all the relevant evidence. *See United States v. Hutson*, 821 F.2d 1015, 1018 (5th Cir 1987)(state bears the burden of proof on the issue of competency, quantity and quality of evidence must be sufficient for the hearing to be "meaningful").

---

[1] Dr. Lai has produced records in response to the hearing subpoena served on him.

Without an Order under Rule 17(c)(1), subpoenaed witnesses are not compelled to produce any evidence until the date of the hearing – September 13, 2021. Such late production will cause unnecessary and undue delay. While many witnesses that have been served with hearing subpoenas have produced documents and records to the government – the five witnesses listed in this motion have not responded to these subpoenas.

The witnesses the government has subpoenaed, and from whom it seeks evidence, are directly relevant to the issue of Defendant's competency. In meeting its burden of proof under 18 U.S.C. § 4241 *et seq*, there is nothing in the statute, or the case law, that limits the government only to evidence presented by the Defendant in his motion for a competency hearing; or only to medical records. The evidence the government has subpoenaed relates to Defendant's professional actions, behavior, mental acuity, and professional and personal interactions with third parties from 2018 to the present. These observations, documents and testimony are all relevant to Defendant's competency to stand trial. Until November 2020, Defendant was Chief Executive Officer of Reynolds & Reynolds, a multibillion-dollar software company. His actions in this position from 2018 to the present are directly relevant to his current mental competency. Many of the individuals subpoenaed by the government can provide direct testimony and records on their observations and interactions with Defendant in his capacity as CEO of Reynolds & Reynolds.

## III. RELEVANCE OF SUBPOENAES TO ISSUE OF COMPETENCY

The subpoenas for which the government is seeking an Order under Fed. R. Crim. P. 17(c)(1) are relevant to the issues that will be presented in the upcoming competency hearing, namely: Defendant's professional conduct as CEO of Reynolds & Reynolds; personal interactions with third parties; and interactions with, and observations by, Defendant's friends, associates and colleagues. As the Court can clearly see from the descriptions contained herein, these witnesses have not been subpoenaed for any evidence related to the tax evasion, wire fraud and/or money laundering charges contained in the Indictment. However, how Defendant interacted with these witnesses on a professional and personal

basis, from 2018 to the present, is directly relevant to his claim that he is suffering from progressive dementia and is not competent to assist his attorneys in his defense of pending charges.

Many other medical, and non-medical, witnesses have already produced subpoenaed records. From the initial 20 hearing subpoenas served, the five witnesses that are the subject of this motion, and Dr. Yudofsky, are the most notable witnesses that have yet to comply with the hearing subpoenas. As is evident from the government's November 19, 2020 letter to Defendant's counsel (*Exhibit 1*), the government has arduously worked to obtain relevant evidence in preparation of the hearing without the Court's involvement. But Defendant's position has been steadfast – he opposes the government's collection of any evidence beyond what was attached to the Motion. *See Exhibit 9, p2 – Defendant's Position.* There is no authority so limiting the government in collecting relevant evidence regarding Defendant's competency. To the contrary, evidence of the Defendant's professional and personal life is highly relevant to the question of competency. *See United States v. Gigante*, 925 F.Supp 967, 971-76 (SDNY 1996)(observations by defendant's professional associates used to rebut allegations of dementia) *affm'd* 166 F.3d 75, 84 (2d Cir. 1999)(no error where court relied on lay testimony that defendant was competent, contrary to testimony of four psychiatrists). *See also United States v. Birdsell*, 775 F.2d 645, 650 (5th Cir. 1985)(expert testimony on competency dependent, in part, on testimony of lay witnesses regarding observations of defendant's conduct); *United States v. Mota*, 598 F.2d 995, 999-1000 (5th Cir. 1979)(finding of defendant's competency based in part on testimony of lay witnesses regarding observations of defendant).

Specifically, the government expects these witnesses to provide the following relevant evidence:

1) Robert Burnett: Records of professional communications between the witness and Defendant, through November 2020, as Chief Executive Officer of Reynolds & Reynolds. Also, testimony concerning a closed email communication system only available to Reynolds & Reynolds senior management, *See Exhibit 3*;

2)      Bart Chandler: Mr. Chandler is Defendant's fishing guide at his ranch.  The evidence requested is probative of Defendant's behavior and interactions with Mr. Chandler during the time period Defendant claims he began exhibiting symptoms of progressive dementia, *See Exhibit 4*;

3)      James Jackson: Mr. Jackson is Defendant's spiritual advisor, but inquiry is only related to Mr. Jackson's recent appointment by Defendant to the Board of Directors of Reynolds & Reynolds, and the circumstances leading to that appointment, *See Exhibit 5*;

4)      Craig Moss: Mr. Moss is the former Chief Financial Officer of Reynolds & Reynolds and worked closely with Defendant from 2018 through July 2020.  His observations of Defendant's conduct and behavior are relevant to the question of Defendant's mental acuity, *See Exhibit 6;* and

5)      Universal Computer Systems Holding: Government is seeking Defendant's communications from June 2020 to present, and board of directors' minutes relating to the 2020 reorganizations of Reynolds & Reynolds, and the role Defendant played in those decisions.  The government is also seeking payroll records for Defendant to establish Defendant's position as Chief Executive Officer from 2018 to November 2020, *See Exhibit 7*.

The Defendant objects to the Order requested in this motion for the reasons stated in Defendant's Partial Opposition to United States' Motion for Discovery Order Under Rule 17(c) and 45 CFR § 164.512(e)(1)(ii), filed on February 10, 2021 (ECF No. 41).   Apparently, however, Defendant's objections only to the timely production of these records, not to the records or witnesses being subpoenaed, as he has not moved to quash on any of the government's hearing subpoenas.   Defendant's counsel also alleges that the government is on a "fishing expedition," - seeking evidence for its case-in-chief.  Defendant's allegations are untrue and directly contradicted by the facts.

First, the Indictment alleges tax fraud, wire fraud, and money laundering arising out of Defendant's investments in a private equity company through nominee entities Point Investments, Ltd and Edge Capital, and others, from 2000 through 2018.  The witnesses the government has subpoenaed for the upcoming competency hearing were not directly involved with these entities or investments.

Furthermore, the time-period that is the focal point of the government's hearing subpoenas is 2018 to 2021; the period after the charged conduct occurred. Second, many of the witnesses and records the government has subpoenaed for the competency hearing are personally associated with Defendant in a professional capacity, are not referenced in the Indictment, and were not directly involved in Defendant's alleged tax evasion or wire fraud schemes. The corporation, Universal Computer Systems Holding (Reynolds & Reynolds), is tangentially mentioned in the Indictment, but not implicated in the underlying charges. The government seeks this evidence for the purpose of establishing Defendant's professional and personal interactions with third parties and proof of his mental competency, not to prove Defendant engaged in tax evasion, wire fraud or money laundering. As stated in the government's first Rule 17(c)(1) motion, based on the timing of Defendant's claim of mental incompetency, there is good reason to be skeptical of Defendant's claims of mental deficiency. *Dkt. No. 26, p10-11.*

## IV. CONCLUSION

The government's service of hearing subpoenas for records and testimony on the entities and witnesses listed, and for Order(s) under Fed. R. Crim. P. 17(c)(1), is entirely proper. This evidence is relevant to Defendant's personal and professional interactions and conduct during the time period he claims he began developing progressive dementia (2018 to the present). In order for the government to fulfill its burden of proof, and for the Court to make an informed determination of Defendant's competency, this evidence needs to be produced with sufficient time for the parties to review, analyze, and if necessary, respond to, the evidence.

Accordingly, the government respectfully requests an Order from the Court compelling these subpoenaed witnesses to produce the requested evidence within thirty days after entry of this Order.

Respectfully submitted this 21st day of June 2021,

>DAVID A. HUBBERT
>Acting Assistant
>Attorney General
>Tax Division
>
>s/ Corey J. Smith
>COREY J. SMITH
>Senior Litigation Counsel
>Department of Justice
>Tax Division
>Mass Bar No. 553615
>corey.smith@usdoj.gov
>Tele: (202) 514-5230
>LEE LANGSTON
>CHRISTOPHER MAGNANI
>Trial Attorneys
>Department of Justice
>Tax Division
>
>Attorneys for United States of America

# EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Government's Letter to Counsel Dated November 19, 2020 |
| Exhibit 2 | Government's Letter to Counsel Dated May 10, 2021 |
| Exhibit 3 | Robert Burnett Hearing Subpoena |
| Exhibit 4 | Bart Chandler Hearing Subpoena |
| Exhibit 5 | James Jackson Hearing Subpoena |
| Exhibit 6 | Craig Moss Hearing Subpoena |
| Exhibit 7 | Universal Computer Systems Holding Hearing Subpoena |
| Exhibit 8 | Parties' May 12th and 13th email exchange |
| Exhibit 9 | Government's May 13, 2021 letter to the Court |

## Certificate of Service

I the undersigned do hereby certify that on the 21st day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to Defendant's counsel of record.

      /s/ *Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230

## Certificate of Conference

I the undersigned do hereby certify that on June 18, 2021 government counsel contacted Defendant's counsel of record by email to inquire on their position regarding the instant Motion. Defendant's counsel of record stated their opposition.

      /s/ *Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230