AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| Brockman, Robert T | ) Case No. 4:21-cr-00009 |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Universal Computer Systems Holding (Reynolds & Reynolds)

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | U.S. Federal Building & Courthouse<br>515 Rusk Avenue<br>Houston, Texas 77002 | Courtroom No.: Hon. George C. Hanks Jr (600) |
|---|---|---|
| | | Date and Time: September 13, 2021 at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see subpoena attachment.

Date: 5/10/2021

Nathan Ochsner,
*CLERK OF COURT*



Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* The United States of America
, who requests this subpoena, are:

Charlie Escher
Assistant U.S. Attorney (AUSA)
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9000

Case No. 4:21-cr-00009

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**ATTACHMENT TO SUBPOENA ISSUED to**
**UNIVERSAL COMPUTER SYSTEMS HOLDING INC.**

<u>PRODUCE THE FOLLOWING</u>:
All records/documents in your possession, custody or control relating to:

- **Email communications from bob_brockman@reyrey.com for the time period including 06/10/2020 through present**

-  **Records showing changes to the board of directors including additions of board members, resignations, removals, etc, for the time period including 01/01/2020 through present**

- **Records showing all changes to executive level positions including hiring/promotions of new executives, resignations, removals, retirements, etc, for the time period including 01/01/2020 through present**

- **All information regarding compensation packages for Robert T. Brockman and Norman "Tommy" Barras and any changes made to those compensation packages for the time period including 01/01/2020 through present including but not limited to records of payments made, employment contracts, and charitable contributions made on their behalf**

- **All board minutes and any attachments for the time period 01/01/2018 through present**

- **Billing records, payments, and invoices from/to outside law firms and/or counsel related to the representation of UCSH, and any of its subsidiaries and affiliates, in any civil litigation from 01/01/2018 to the present. Such records to specifically include billing records regarding the firm Shepard Mullin**

- **Records showing all donations to Baylor University or the Baylor College of Medicine for the time period 01/01/2018 through present.**

Time Period: **specific time periods listed above**

Regarding email records requested above, the records should include all emails and attachments sent from the email address bob_brockman@reyrey.com for the above specified time period. Email communications should include original sent emails, email replies and email forwards which would also contain the previous communications to which the email is responding.

Emails provided should contain all header information including sender and recipient email addresses (including carbon copy (cc) and blind carbon copy (bcc)), date and time sent, subject line, etc. It is preferable that the emails be provided in a .pst file, but a .pdf portfolio file format is also acceptable.

This subpoena does not seek communications covered by any attorney-client privilege. To the extent you seek to withhold any responsive documents on grounds other than the attorney-client privilege, please log those documents, and provide sufficient, non-privileged information to enable the government to evaluate the applicability of the claimed privilege or other basis for non-disclosure.

<u>INSTRUCTIONS FOR PRODUCTION OF ELECTRONICALLY STORED RECORDS</u>

Version 04/01/2010
14976392.1

I. General
- A. Electronically stored records shall be produced in electronic form and shall include text data and image data held:
    1. In your record retention systems; and/or
    2. By your technology, data, or other service provider(s).

II. Text Data
- A. Text data relating to transactions shall be produced within a data file:
    1. Using a delimited ASCII text data format; or
    2. Using software that can export to a commonly readable, non-proprietary file format without loss of data.
- B. Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, amount, etc.)

III. Image Data
- A. Image data shall be produced in graphic data files in a commonly readable, non-proprietary format with the highest image quality maintained.
- B. Image data of items associated with transactions (e.g., cancelled checks, deposit slips, etc.) shall be:
    1. Produced in individual graphic data files with any associated endorsements; and
    2. Linked to corresponding text data by a unique identifier.

IV. Encryption/Authentication
- A. Electronically stored records may be transmitted in an encrypted container. Decryption keys and/or passwords shall be produced separately at the time the data is produced.
- B. Authentication, such as hash coding, may be set by agreement.
- C. Affidavits or certificates of authenticity for the records may be included as part of the electronic production.

V. Reimbursement
- A. The cost of producing financial records of certain customers may be reimbursable. See the Right to Financial Privacy Act, 12 U.S.C., Section 3415 and 12 C.F.R., Part 219 (Regulation S) (revised effective 1/1/2010).

**Please contact Special Agent Evan Garrett at 719-217-4266 with any questions.**