

**U.S. Department of Justice**
**Tax Division**

*Western Criminal Enforcement Section*
P.O. Box 972                    202-514-5762 (v)
Washington, D.C. 20044          202-514-9623 (f)

May 13, 2021

**VIA EMAIL**
The Chambers of
The Honorable George C. Hanks
United States District Court Judge
For the Southern District of Texas
ATTN: Gabrielle Clair, Case Manager

    Re: *United States v. Robert T. Brockman*, 4:21-cr-009-GCH

Dear Judge Hanks:

  The government provides this letter pursuant to Court Rule 6(E)(1) and respectfully requests a conference with the Court on the issue discussed herein. The government represents that on May 10 and 11 and 12, 2021 it conferred with Defendant's counsel about the government's intent to follow up on its previous motion for Orders from the Court under Rule 17(c)(1), in preparation of the competency hearing of the Defendant on September 13, 2021, to include the witnesses listed below. (*Dkt. No 26 – Government's Initial Motion*). Initially, Defendant's counsel declined to join the government in a joint letter to the Court. On May 12th Defendant's counsel changed its mind and agreed to send a joint letter to the Court. The morning of May 13th, the government drafted this letter encompassing both parties' positions for defense counsel's review. This letter includes two paragraphs, without edits, written by defense counsel outlining their position on the issue herein. Government counsel also informed Defendant's counsel by email that due to the need for expediency government counsel intended to send this letter to the Court at Noon EDT on May 13, 2021. As of 12:40pm EDT, Defendant's counsel had not responded.

  In addition to the witnesses listed in its initial motion under R. 17(c)(1), *Dkt. No. 26*, the government now seeks additional Orders under R. 17(c)(1) for the witnesses listed below. These witnesses have already been served with hearing subpoenas with the original hearing date, and are now being served with new hearing subpoenas containing the new date. The government takes the position that these entities and individuals possess evidence relevant to the issue of Defendant's competency, and should produce that evidence in a timely fashion for effective use by the government and the Court during the competency hearing. The government notes that because Defendant's counsel has not filed a motion to quash any of the government's subpoenas, the only issue before the Court is whether the subpoenaed parties need to respond in a more timely manner.

  The government has the burden to prove by a preponderance of the evidence that Defendant is competent to stand trial. *United Stats v. Hutson*, 821 F.2d 1015, 1018 (5th Cir. 1987). In meeting its burden, there is nothing in the statute, 18 U.S.C. § 4241, or the case law,

- 2 -

that limits the government only to the medical reports Defendant attached to his motion for a competency hearing.  The evidence the government has subpoenaed relates to Defendant's professional actions, behavior, mental acuity, and professional and personal interactions with third parties from 2018 to the present.  These issues are all relevant to Defendant's competency to stand trial, especially since he remained the Chief Executive Officer of a multibillion-dollar software company (Reynolds & Reynolds) until November 2020.  The government is not seeking evidence directly related to the underlying charges in the Indictment.  The gravamen of the charges in the Indictment involve allegations of tax evasion, and wire fraud involving the entities Point Investments Ltd, and Edge Capital, and others, from 2000 to 2018.  The overlap between the charges in the Indictment and the evidence the government is seeking with these subpoenas is minimal at best, and for the most part, temporally distinct.

- Amegy Bank
- Baylor College of Medicine
- Burnett, Robert
- Chandler, Bart
- Jackson, James
- Lai, Eugene
- Moss, Craig
- Universal Computer Systems Holding
- University of Texas Health & Science
- Yudofsky, Stuart

The defendant does not object to Rule 17(c) subpoenas being issued to Dr. Stuart Yudofsky and Dr. Eugene Lai, for the same reason the defendant did not oppose the government's request with respect to eight of the ten physicians listed in the Motion—they are treating physicians related to the defendant's dementia. The defendant objects to Rule 17(c) subpoenas for the other individuals and entities listed above, at this time, because (1) they are non-medical professionals; (2) they are nowhere referenced in the government's Motion and therefore the government has not explained why they possess information that is specific, relevant and admissible as required by Rule 17 and *United States v. Nixon*, 418 U.S. 683 (1974); (3) the information will not be obtained for review by the government's experts in advance of next week's testing (which was the stated reason for the Motion in the first instance); and (4) the defendant seeks the opportunity to respond in writing to any request for information from these individuals and entities.

Although the defendant believes orderly briefing will best aid the Court in determining these issues, the defendant does not oppose the government's request for a conference.

Very truly yours,

DAVID A. HUBBERT
ACTING ASSISTANT
ATTORNEY GENERAL

*s/ Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
Mass. Bar No. 553615
Corey.smith@usdoj.gov
Tele:  202-514-5230