# JONES DAY

717 TEXAS • SUITE 3300 • HOUSTON, TEXAS 77002.2712

TELEPHONE: +1.832.239.3939 • FACSIMILE: +1.832.239.3600

Direct Number: (832) 239-3694
JVARNADO@JONESDAY.COM

June 30, 2021

**VIA EMAIL**
The Honorable George C. Hanks, Jr.
United States District Court Judge, Southern District of Texas
ATTN: Gabrielle Clair, Case Manager
United States Courthouse
515 Rusk Street, Room 6202
Houston, TX 77002

Re: *United States v. Robert T. Brockman*, No. 4:21-cr-009-GCH

Dear Judge Hanks:

Pursuant to Your Honor's Court Procedure § 6E1, defendant Robert T. Brockman respectfully requests a conference to discuss his request to extend the deadline to file expert reports by eight weeks in light of his recent hospitalizations and current health condition, and to make other adjustments to the current Competency Hearing Scheduling Order (Dkt. No. 53) ("Order") accordingly. The parties have conferred on this matter on June 28, 29 and 30.

The current deadline for the defendant to file expert reports is August 6, 2021. [REDACTED] Based on discussions with a geriatric psychiatrist retained by the defense, the defense submits that these medical events compel that additional time be allowed for further medical examinations relating to competency.

Mr. Brockman is 80 years old, suffers from significant physical and mental health conditions, and has been hospitalized three times since mid-March. Each of these hospitalizations has presented conditions that may impact an accurate assessment of Mr. Brockman's competency. As a result of the first hospitalization, [REDACTED], the deadline for filing reports by the experts designated by the government was extended by 45 days by agreement of the parties and an order of this Court. *See* Supplemental Unopposed Motion to Modify Competency Hearing Scheduling Order (Dkt. No. 49) and Order (Dkt. No. 53). The defense is now seeking the same accommodation in an effort to ensure that any competency testing conducted by defense experts is not subject to criticism that the testing occurred too close in time to the recent medical events to be valid. Counsel for the government acknowledged in a conference that, absent an

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

June 30, 2021
Page 2

extension of the current deadline, the defense testing may be subject to such a criticism. This puts the defendant in an untenable position that can be easily resolved by the requested eight-week extension of the remaining current deadlines.

On June 30, 2021, Trial Attorney Christopher Magnani asked that the defense state the government's position as follows:

> Government counsel cannot immediately take a formal position on Defendant's late request for a continuance due to the unavailability of two-thirds of the prosecution team, including lead counsel, but the request should be regarded with skepticism. Defendant mischaracterizes the first continuance as an "accommodation" to the government—it was a request by Defendant supported by a declaration from counsel that proceeding on the original schedule would be "not humane." Defendant, a billionaire who ran a large company until after he was indicted and remains on release today, has delayed his prosecution by over a year with this competency claim. ███████████████████████
> ████████████████████████████████████████████████
> ████████████████████████████████████████████████
>
> Defendant's speculative concern that subsequent exams could be criticized for their timing would be ameliorated by something the government requested during the meet and confer—that Defendant subject his examinations to the same video recording and discovery requirements imposed on the Court-ordered evaluations. This would ensure that the designated experts could view Defendant's condition during the exams and allow them to accurately opine on whether those exams were impacted by recent events. Defendant "noted" this request, did not take a position, and now claims that raising it at this discovery conference is not appropriate. Although the government agrees to a discovery conference as early as next week, the conference should not be limited to only the issues important to Defendant.

The defense understands the government's position is to join in the request for a conference. The defense disputes the remainder of the government's statement, but reserves its response on these issues to formal filings and arguments before the Court.

Respectfully,

/s/ Jason S. Varnado
Jason S. Varnado
*Counsel for Defendant Robert T. Brockman*