

U.S. Department of Justice

Tax Division

*Trial Attorney: Christopher M. Magnani*  *Western Criminal Enforcement Section*
*Attorney's Direct Line: 202-307-6408*   *150 M Street, NE, Room 2.102*
*Fax No. 202-514-9623*   *Washington, DC. 20002*
*Christopher.Magnani@usdoj.gov*

July 1, 2021

Via CM/ECF

Hon. George C. Hanks, Jr.
United States District Court
515 Rusk Street, Room 6202
Houston, TX 77002

Re: *United States v. Robert T. Brockman*, N. 4:21-cr-9-GCH

Dear Judge Hanks,

    The United States objects to Defendant's recent filing, which purports to be a joint letter motion under Court Procedure § 6(E)(1) but contains redactions, including redactions of the government's position, that were unilaterally applied by Defendant. *See* ECF #73 (the "Redacted Letter"). Although the government objects to the entirety of the unilateral redactions, it will not reveal the contents of the redacted portions of Defendant's position, only to say that they describe the events that serve as the basis for his motion.

    The redacted portion of the government's position said the following about why the Court should view Defendant's late request for an eight-week continuance with skepticism:

> The Court designated three experts to evaluate the claim [of incompetency] and all three found him competent, with two of the three finding malingering. After receiving these reports, Defendant now asks to delay this case again so that experts he retained can conduct evaluations that are not subject to timing-related criticism (never mind whether such delay will subject Court-ordered examinations to timing-related criticism).

    After attempting to "file" the Letter Motion by emailing it to the Court, the Case Manager informed Defendant that it had to be filed on the docket.[1] Defendant asked the Case Manager if the filing could be redacted "in accordance with the Local Rules" and the Case Manager agreed.

---

[1] *See also* Court Procedure § 1(E)(1) ("The parties must also file copies of all case-related letters to the Court via CM/ECF.").

After that filing, the government emailed Defendant to request the local rules that supported the unilateral redactions or, alternatively, the withdrawal of the filing.  The government also sought Defendant's position on a motion to replace the filing with the agreed unredacted letter and even invited Defendant to propose alternative redactions.  Defendant responded today:

> We object to the Motion you describe, which would serve no purpose other than to gratuitously publicize sensitive, non-public physical and mental medical conditions, treatment and diagnoses, would not comport with General Order No. 2004-11 or local practice in this district, and would violate the directive of 18 U.S.C. 4247(b) that any court-ordered competency evaluation be filed with the court and copies provided to counsel as opposed to being submitted on the public docket.

The cited authorities are neither local rules nor applicable to redactions of a public filing.  The 2004 General Order appears to be the Court's precursor to Fed. R. Crim. P. 49.1 (mandating redactions in some circumstances not at issue here) and the federal statute (governing the requirements of competency examinations) says nothing about redactions at all.  Putting aside whether it was appropriate for Defendant to suggest to the Court that these redactions were pursuant to Local Rules, the cited authority does not support the proposition that Defendant can seek relief from a United States Court—open to the public—in a filing that contains redactions, including unilateral redactions of the government's position.

The allegation that the government is gratuitously publicizing information is particularly off-base in light of the nature of the proceedings at issue.  It was Defendant who put his medical condition at issue when he claimed that he could not be prosecuted and sought a hearing to determine his competency in a motion with over 100 pages of his unredacted medical records.  *See* Defendant's Motion for a Competency Hearing, 3:20-cr-371-WHA (N.D. Cal.) ECF #64.  Why the opinions of his experts are fairly subject to publication when the opinions of the experts designated by the Court are not is puzzling, especially when the designated experts were hired, at the public expense, to make a competency determination in this public prosecution.  The fact that the experts believe that Defendant is faking his alleged incompetency is highly relevant to whether the Court should grant his late request to further delay this case with a continuance.

The public has a qualified right of access to court proceedings and records.  *See, e.g.*, *United States v. Sealed Search Warrants*, 2017 WL 3587338 (5th Cir. Aug. 21, 2017) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)).  The government's (or any opposing party's) right to have its position fairly and accurately presented in what purports to be a joint filing is so obvious that is does not warrant citation.  The Defendant's desire to keep unfavorable information from view does not hold a candle to these other rights.

Sincerely,

*/s/ Christopher Magnani*
Christopher Magnani
Trial Attorney