IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § § | Criminal No. 4:21-cr-00009 |
| ROBERT T. BROCKMAN § | |

## DECLARATION OF JAMES P. LOONAM

I, James P. Loonam, declare as follows:

1. I am a member of the bar of the State of New York and various federal courts. On January 8, 2021, I was admitted *pro hac vice* to appear in the United States District Court for the Southern District of Texas. (Dkt. No. 7). I am a partner of the law firm Jones Day and counsel for the defendant Robert T. Brockman. I make this Declaration in support of Defendant Robert T. Brockman's Motion to Compel Discovery in Advance of the Competency Hearing.

2. I have participated in meet-and-confer calls on February 2, 2021, March 8, 2021, March 23, 2021, April 16, 2021 and June 29, 2021 with the prosecution team on issues related to the government's disclosure obligations in advance of the competency hearing.

3. Attached hereto as Exhibit A is a copy of the letter from Kathryn Keneally to Corey J. Smith, dated March 16, 2021, confirming Mr. Brockman's requests for the government's prompt disclosure of discovery materials relevant to the issue of whether Mr. Brockman is competent to assist in his defense.

- 1 -

4.      During a meet-and-confer call on March 23, 2021, the prosecution team stated that the deliberative process privilege and the work product doctrine applied to communications between the government and the medical experts.  I asked the prosecution team to seriously consider whether the deliberative process privilege or the attorney work product doctrine applied to these experts.  The prosecution team confirmed its view that any communications between Corey J. Smith, Lee F. Langston, Chris Magnani and the medical experts were protected by the attorney work product doctrine and the government's deliberative process privilege.  In this March 23, 2021 meet-and-confer call, the prosecution team also stated there are no contracts with the medical experts, rather the experts are paid invoice-by-invoice.

5.      Attached hereto as Exhibit B is a copy of the letter from Corey J. Smith to Kathryn Keneally, Jason S. Varnado, and James P. Loonam, dated March 25, 2021, responding to defense counsel's March 16, 2021 letter.  The prosecution team asserted that the internal government deliberations privilege and attorney work product doctrine applied to communications between the government and the medical experts.

6.      In a meet-and-confer call I attended on April 16, 2021, Kathryn Keneally stated defense counsel's understanding that Dr. Park Dietz, Dr. Robert Denney, and Dr. Ryan Darby's underlying data and discovery would be produced with the expert reports.  A member of the prosecution team confirmed the accuracy of that understanding, stating in reply: "I think that's fine."

7. Attached hereto as Exhibit C is a copy of the email from Corey J. Smith to Kathryn Keneally, Lee F. Langston, and Christopher Magnani, copying Jason S. Varnado, James P. Loonam, and Georgina N. Druce, dated June 23, 2021.

8. Corey J. Smith transmitted to the Court on June 21, 2021: the transcript of the May 18, 2021 examination of Mr. Brockman by Dr. Robert Denney and Dr. Park Dietz; the transcript of the May 20, 2021 examination of Mr. Brockman by Dr. Robert Denney and Dr. Park Dietz; Dr. Ryan Darby's expert report; Dr. Robert Denney's expert report; and Dr. Park Dietz's expert report.

9. Attached hereto as Exhibit D is a copy of the email from Dr. Robert Denney to Dr. Michele York, copying Christopher Magnani and Kathryn Keneally, dated June 14, 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on July 6th, 2021.

*/s/ James P. Loonam*
James P. Loonam

# EXHIBIT A

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-3402
KKENEALLY@JONESDAY.COM

JP024222:smm                    March 16, 2021

Via email to Corey.Smith@USDOJ.gov

Corey J. Smith
Senior Litigation Counsel
Tax Division
U.S. Department of Justice
150 M Street N.E. Room 2.208
Washington DC 20004

    Re:    *United States v. Brockman*, Criminal No. 4:21-cr-009 (GCH)

Dear Mr. Smith:

    During our recent meet-and confer calls, we have made a number of requests for prompt disclosure by the government of discovery materials relevant to the issue of whether Mr. Brockman is competent to assist in his defense, pursuant to the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500.

    We write now to confirm those requests, and to note additional items:

1. Copies of all subpoenas and materials received in response.

2. All medical reports, test results, interview memoranda and other evidence obtained or prepared by the government or its medical experts with regard to Mr. Brockman's health and competency.

3. All records of communications between the government and any of its medical experts, including emails and notes of verbal conversations.

4. All documents or statements, including all notes and interview memoranda, and all grand jury testimony, relating to Mr. Brockman's health or competency, regardless of when or how obtained by the government.

5. All engagements or contracts between the government and any of its medical experts.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Corey Smith
March 16, 2021
Page 2

6. All articles within the government's possession, custody or control, published by the government's medical experts.

7. All transcripts in the government's possession, custody or control, of testimony in any proceedings by the government's medical experts.

8. All court rulings or opinions in the government's possession, custody or control that contain adverse conclusions concerning the qualifications, credibility, or any other issue with regard to the government's medical experts.

9. A copy of Barber, C., Denney, R. L., Duncan, S., & Landis, R. (1996), *How to Conduct a Thorough and Professional Forensic Evaluation: Training Manual of the Federal Bureau of Prisons*.

10. All performance evaluations in connection with Dr. Robert L. Denney's employment with the U.S. Medical Center for Federal Prisoners in Springfield, Missouri.

11. Any adverse and disciplinary actions, complaints, referrals or adverse credibility findings made in connection with Dr. Robert L. Denney's employment with the U.S. Medical Center for Federal Prisoners in Springfield, Missouri.

We thank you for your prompt attention.

Very truly yours,

Kathryn Keneally

# EXHIBIT B



U.S. Department of Justice
Tax Division

*Western Criminal Enforcement Section*
*P.O. Box 972*                    *202-514-5762 (v)*
*Washington, D.C. 20044*          *202-514-9623 (f)*

March 25, 2021

**VIA EMAIL**
kkeneally@jonesday.com
jvarnado@jonesday.com
jloonam@jonesday.com

      Re:    *United States v. Robert T. Brockman*, 4:21-cr-009-GCH

Dear Counsel:

Your letter of March 16, 2021 seeks to "confirm" competency-related discovery requests made during "recent meet-and confer calls" and to "note additional items." To the extent you believe there are outstanding competency-related requests you made during recent meet-and-confer calls, please confirm what they are to resolve any ambiguities or misunderstandings. Regarding the eleven additional items, our response is as follows.

1. Following our discovery practices in our case-in-chief, the government will not produce copies of subpoenas issued to investigate Defendant's competency. The government will, however, produce documents obtained in response to its subpoenas in the ordinary course of discovery.

2. The government will produce all medical reports and test results in its possession. The government will also produce interview memoranda prepared by members of the prosecution team, or its expert witnesses, that relate to Defendant's health and competency.

3. The government does not agree to the blanket production of all communications, and notes of communications, between the government and its experts. The prosecution team's communications with its expert witnesses constitute both attorney work product and internal government attorney deliberations in preparation for the competency hearing. They are not generally discoverable pursuant to Fed. R. Crim P. 16(a)(2). The government is aware of its obligations under *Brady*, *Giglio*, and the Jencks Act, and if any of these requested materials satisfy any of these criteria, they will be produced in the ordinary course of discovery.

4. The government will review interview memoranda that relate to Mr. Brockman's health and/or competency to determine if they contain *Brady or Giglio* material, and any such material will be produced in the ordinary course of discovery. Your request for "documents" is best covered by the government's response to #1 above.

5. As we previously discussed, the government did not execute any formal contracts with its experts, but the government will send you each of our experts' invoices.

6. The government is not in possession of any articles written by the government's experts, transcripts of the government's experts' testimony, or court rulings/opinions containing adverse conclusions regarding government experts. The prosecution team is also not in possession of a copy of *How to Conduct a Thorough and Professional Forensic Evaluation: Training Manual of the Federal Bureau of Prisons*. To the extent the government obtains any such material from non-public sources, they will be produced in the normal course of discovery. The government does not agree to produce materials that are publicly available or otherwise not in the government's exclusive control.

7. See #6 above.
8. See #6 above.
9. See #6 above.

10. The government will not produce Dr Robert L. Denny's employment records with the Bureau of Prisons. This material is personal and confidential, and irrelevant to these proceedings.

11. Consistent with the government's obligations to provide *Brady* and *Giglio* material, as applied in the *Henthorn* case, the government will request the BOP to review Dr. Denney's employment records for any adverse or disciplinary actions, complaints, referrals, or adverse credibility findings. *See Giglio v. United States*, 405 U.S. 150 (1972). *See also United States v. Henthorn*, 931, F.3d 30 (9th Cir. 1990). If any such information is present in Dr. Denny's employment records with the Bureau of Prisons, that information will be provided in the ordinary course of discovery.

Very truly yours,

DAVID A. HUBBERT
ACTING ASSISTANT
ATTORNEY GENERAL

s/ Corey J. Smith
COREY J. SMITH
Senior Litigation Counsel

# EXHIBIT C

**From:** Smith, Corey (TAX) <corey.smith@usdoj.gov>
**Sent:** Wednesday, June 23, 2021 5:13 PM
**To:** Keneally, Kathy <kkeneally@jonesday.com>; Langston, Lee F. (TAX) <Lee.F.Langston@usdoj.gov>; Magnani, Christopher (TAX) <Christopher.Magnani@usdoj.gov>
**Cc:** Varnado, Jason S. <jvarnado@jonesday.com>; Loonam, James P. <jloonam@jonesday.com>; Druce, Georgina N. <gdruce@JonesDay.com>
**Subject:** RE: US v Brockman: medical reports / missing underlying data

\*\* External mail \*\*

Kathy

We fundamentally disagree that disclosure of our expert witnesses' reports is untimely. The applicable scheduling order dated April 19, 2021, Dkt. No. 49-2 is quite clear and unambiguous. It states:

> "The examiners shall prepare their written reports and provide them to counsel no later than June 21, 2021"

This was done. There is no mention of ancillary medical reports, notes, etc. We are unaware of any additional agreements, oral or written, or any other Order in this regard.

Notwithstanding, it is our understanding that many of the items in your list, already have been provided to you. On June 22, 2021 I sent you a via email a zip file containing all of Dr. Denny's test data. See attached.

In further response to your specific items:

1) Dr. Darby is unavailable. We were planning on providing His test data and ancillary discoverable material upon his return. In the meantime, attached are his Sleep Study and Pet scan reports. We believe that these were previously provided to you (as you state in #4 below - you have the sleep study dated May 4, 2021);
2) You mis-state what I said in my email. According to Dr. Dietz, he did not take any notes during his examination of the defendant, and as you know his interview of the defendant was fully recorded. We are informed that Dr. Dietz has no additional material to produce;
3) See attached;

4) This request will require consultation with Dr. Darby.  As a preliminary matter, it is the government's position that we are not going to provide any preliminary notes or drafts of any medical reports;
5) You were provided all of Dr. Denny's test material and test data on June 22, 2021.  According to Dr. Denny there are no additional notes or reports on the Competency Assessment Inventory;
6) See # 5 above.   This material was provided to you in the raw data on June 22, 2021 under the Heaton Record Forms.
7) Dr. Dietz states he did not take notes during his interviews of Mr. or Mrs. Brockman.  We are not providing any "rough notes" or preliminary drafts of the reports of Dr. Denny or Darby that are duplicative of the statements in their respective reports;
8) You already have the medical records of your client available to you.   We are not sure we have all of these medical records from Houston Memorial yet.  Once we have them compiled, we will provide them to you;
9) Drs Denny, Dietz and Darby's invoices will be provided in due course.  This production is unrelated to the Doctors' expert witness reports and scheduling Order of April 19, 2021.  Dkt 49-2.


Corey J. Smith
Senior Litigation Counsel
Tax Division
(202) 514-5230

---

**From:** Keneally, Kathy <kkeneally@jonesday.com>
**Sent:** Wednesday, June 23, 2021 4:17 PM
**To:** Smith, Corey (TAX) <Corey.Smith@tax.USDOJ.gov>; Langston, Lee F. (TAX) <Lee.F.Langston@tax.USDOJ.gov>; Magnani, Christopher (TAX) <Christopher.Magnani@tax.USDOJ.gov>
**Cc:** Varnado, Jason S. <jvarnado@jonesday.com>; Loonam, James P. <jloonam@jonesday.com>; Druce, Georgina N. <gdruce@JonesDay.com>
**Subject:** RE: US v Brockman: medical reports / missing underlying data

Corey,

Dr. Darby's current unavailability is not a sufficient reason to have failed to provide us with his underlying data, test results, and notes by June 21, as you agreed to do.   Along the same lines, we do not understand or accept why there should have been any delay in having the materials from all three doctors ready to send, with production numbers, by June 21.  This is not disclosure through "standard discovery."  It is part of the government's agreed-upon production specific to the expert medical reports.

We note the following omissions based on our preliminary review of the reports and the materials that you did provide:

1. As you acknowledge, we have not seen any materials from Dr. Darby.

2

2. Contrary to your email, we also do not see anything in what we have received from Dr. Dietz.
3. You have not provided the results from the PET Scan, which is discussed by Dr. Dietz and Dr. Denney, as well as by Dr. Darby, in their reports.   You also have not provided us with any underlying notes, reports, and interpretations concerning the PET Scan, or any information about examiner who performed the PET scan and what was provided to that examiner as part of the procedure.
4. Apart from the report dated May 4, 2021, you have not provided us with any underlying notes, reports, and interpretations concerning the sleep study, or any information about examiner who performed the sleep study and what was provided to that examiner as part of the study.
5. You have not provided the Competency Assessment Inventory – Revised, cited by Dr. Denney.
6. You have not provided the Semantic Naming Test – Animals, cited by Dr. Denney.
7. You have not provided any written notes of any of the doctors from their examinations of Mr. Brockman, including their interviews of Mrs. Brockman, Pete Romatowski, me, or any other collateral witnesses.
8. You have not provided documents available to the experts concerning Mr. Brockman's recent hospitalizations at Houston Memorial.
9. We have not received the experts' invoices, which you also expressly agreed to provide.

Likely ours is an incomplete list, as (a) it is based on our preliminary review of the expert reports and (b) we do not know what the experts considered, or what notes they made, apart from what may appear in their reports.   It is clear, however, that the government's disclosure in connection with the experts' reports is incomplete, highly deficient, and at this point untimely.

Kathy

**From:** Smith, Corey (TAX) <corey.smith@usdoj.gov>
**Sent:** Wednesday, June 23, 2021 10:06 AM
**To:** Keneally, Kathy <kkeneally@jonesday.com>; Langston, Lee F. (TAX) <Lee.F.Langston@usdoj.gov>; Magnani, Christopher (TAX) <Christopher.Magnani@usdoj.gov>
**Cc:** Varnado, Jason S. <jvarnado@jonesday.com>; Loonam, James P. <jloonam@jonesday.com>; Druce, Georgina N. <gdruce@JonesDay.com>
**Subject:** RE: US v Brockman: medical reports / missing underlying data

**\*\* External mail \*\***

Kathy

We have provided you with all of Dr. Denny's and Dr Dietz test results and underlying data relating to their respective reports.   With regard to Dr. Darby, he is currently unavailable.  Upon his return we confer with him regarding the data underlying his report and get back to you.

If there is something you feel is missing can you please be specific and we will look into it.

Thank you.

Corey J. Smith

Senior Litigation Counsel
Tax Division
(202) 514-5230

---

**From:** Keneally, Kathy <kkeneally@jonesday.com>
**Sent:** Wednesday, June 23, 2021 8:06 AM
**To:** Smith, Corey (TAX) <Corey.Smith@tax.USDOJ.gov>; Langston, Lee F. (TAX) <Lee.F.Langston@tax.USDOJ.gov>; Magnani, Christopher (TAX) <Christopher.Magnani@tax.USDOJ.gov>
**Cc:** Varnado, Jason S. <jvarnado@jonesday.com>; Loonam, James P. <jloonam@jonesday.com>; Druce, Georgina N. <gdruce@JonesDay.com>
**Subject:** RE: US v Brockman: medical reports / missing underlying data

Corey,

When can we expect the balance of the test results, notes, and other underlying data to your expert reports?

Kathy

---

**From:** Keneally, Kathy
**Sent:** Tuesday, June 22, 2021 12:56 PM
**To:** 'Smith, Corey (TAX)' <corey.smith@usdoj.gov>; Langston, Lee F. (TAX) <Lee.F.Langston@usdoj.gov>; Magnani, Christopher (TAX) <Christopher.Magnani@usdoj.gov>
**Cc:** Varnado, Jason S. <jvarnado@jonesday.com>; Loonam, James P. <jloonam@jonesday.com>; Druce, Georgina N. <gdruce@jonesday.com>
**Subject:** RE: US v Brockman: medical reports / underlying data

Corey,

Please also send data, notes, etc. for Dr. Darby and Dr. Dietz.

Thank you.

Kathy

---

**From:** Smith, Corey (TAX) <corey.smith@usdoj.gov>
**Sent:** Tuesday, June 22, 2021 12:44 PM
**To:** Keneally, Kathy <kkeneally@jonesday.com>; Langston, Lee F. (TAX) <Lee.F.Langston@usdoj.gov>; Magnani, Christopher (TAX) <Christopher.Magnani@usdoj.gov>
**Cc:** Varnado, Jason S. <jvarnado@jonesday.com>; Loonam, James P. <jloonam@jonesday.com>; Druce, Georgina N. <gdruce@JonesDay.com>
**Subject:** [Not Virus Scanned] [Not Virus Scanned] RE: US v Brockman: medical reports / underlying data

**\*\* External mail \*\***

This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.
This message has not been virus scanned because it contains encrypted or otherwise protected data. Please ensure you know who the message is coming from and that it is virus scanned by your desktop antivirus software.

Kathy

Attached please find a zip file containing Dr. Denny's test data and notes.  I will send the PW under separate cover.

Also, in due course, this material will be bates stamped and produced through standard discovery, but in the interest of expediency we are providing a copy to you now.

Please let us know if you have any questions.


Corey J. Smith
Senior Litigation Counsel
Tax Division
(202) 514-5230

---

**From:** Keneally, Kathy <kkeneally@jonesday.com>
**Sent:** Tuesday, June 22, 2021 7:59 AM
**To:** Smith, Corey (TAX) <Corey.Smith@tax.USDOJ.gov>; Langston, Lee F. (TAX) <Lee.F.Langston@tax.USDOJ.gov>; Magnani, Christopher (TAX) <Christopher.Magnani@tax.USDOJ.gov>
**Cc:** Varnado, Jason S. <jvarnado@jonesday.com>; Loonam, James P. <jloonam@jonesday.com>; Druce, Georgina N. <gdruce@JonesDay.com>
**Subject:** US v Brockman: medical reports / underlying data

Corey,

The parties agreed that we would provide the underlying data, notes, etc., with the medical experts' reports.   Please send promptly.

Thank you.

Kathy


Kathryn Keneally
Partner
**JONES DAY® - One Firm Worldwide**[SM]
250 Vesey Street
New York, NY 10281-1047
Office: +1-212-326-3402
Cell:+1-917-576-2721
kkeneally@jonesday.com


***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

# **EXHIBIT D**

| | |
|---|---|
| **From:** | Robert Denney <robertdenneypsyd@gmail.com> |
| **Sent:** | Monday, June 14, 2021 8:02 PM |
| **To:** | myork@bcm.edu |
| **Cc:** | Magnani, Christopher (TAX); Keneally, Kathy |
| **Subject:** | Missing Raw data |

**\*\* External mail \*\***

Dr. York

I apologize for contacting you directly, but the attorneys with whom I work said it might be the quickest way to address this issue.  I was going through the raw data I have from your second examination on 12/03/2019 and noticed the recognition sheet for the Rey-15 item test was not present, even though your data summary sheet indicated the recognition raw score was a 3.  Is there any way you could fax that one sheet?  I have a copy of the free recall portion, just not the recognition portion (which I presumed you administered because of the data summary sheet).


Thank you.


Robert L. Denney, Psy.D., ABPP

Cell (417) 844-5065

Fax (888) 728-5456