

U.S. Department of Justice

Tax Division

*Trial Attorney: Christopher M. Magnani*  *Western Criminal Enforcement Section*
*Attorney's Direct Line: 202-307-6408*  *150 M Street, NE, Room 2.102*
*Fax No. 202-514-9623*  *Washington, DC. 20002*
*Christopher.Magnani@usdoj.gov*

July 6, 2021

Via CM/ECF

Hon. George C. Hanks, Jr.
United States District Court
515 Rusk Street, Room 6202
Houston, TX 77002

Re: *United States v. Robert T. Brockman*, N. 4:21-cr-9-GCH

Dear Judge Hanks,

    Upon consultation with the other members of the prosecution team, who returned from vacation today, I am now prepared to offer the government's position on Defendant's request for a continuance and related agenda items for the upcoming discovery conference on July 27, 2021.

    The government opposes Defendant's motion for a continuance.  Defendant's concern that a follow-up examination may be subject to criticism for being too proximate to the described medical events is too speculative.  The first event concluded nearly a month ago and the second was not a medical emergency, but a minimally invasive, outpatient procedure typically conducted in a doctor's office under local anesthesia.  Although the government does not have complete medical records of the first event and no records of the second, the designated experts have reviewed the available records and do not believe these events would necessarily impact on the validity of a competency exam conducted as early as this week.  In addition, the designated experts' opinions vis-à-vis competency, *see* ECF # 78, 79, and 80, counsel strongly against the continuance because 1) Defendant is faking impairment to avoid prosecution and 2) any genuine impairment is so mild that it does not come close to bearing on his competency to stand trial.

    If Defendant's expert is unable to both conduct an exam and produce a report in the time between the July 27 conference and August 6 report deadline, he should schedule his exam to occur sooner so that he comes to the conference prepared to meet the current deadline should the Court deny his request for a continuance.  Additionally, in conducting follow-up examinations, Defendant should be subjected to the same disclosure requirements as the government, including a requirement to record the exams.

- 2 -

Finally, in addition to the continuance and examination-related discovery issues already discussed, the government also respectfully requests the Court to add the pending motions for Rule 17(c) orders to the agenda for the upcoming conference.  *See* ECF # 26, 70, and 71.

        Sincerely,

        */s/ Christopher Magnani*
        Christopher Magnani
        Trial Attorney