**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 4:21-cr-00009** |
| | § | |
| **ROBERT T. BROCKMAN** | § | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO STRIKE

Defendant Robert T. Brockman requests that the Court deny the government's Motion to Strike (Dkt. 84) given that the Court has already scheduled a status conference on July 27, 2021, where "all pending issues before the Court" will be addressed, and because the defendant needs the requested information to adequately prepare for the upcoming Competency Hearing currently scheduled for September 13, 2021. The defendant is mindful of the Court's procedures, and if the Court would prefer to receive a joint letter in advance of the July 27 status conference, the defendant will certainly provide one.[1] However, the parties have met and conferred extensively concerning the documents requested in the defendant's Motion to Compel in Advance of the Competency Hearing (Dkt. No. 81) ("Motion"), and the government refuses to produce the information.

---

[1] It is worth noting that one of the pleadings that the government has asked the Court to address at the upcoming status conference is its Motion for Discovery Order Under Rule 17(c) (Dkt. 26), which the government filed without first submitting a joint letter, and another is its Second Motion for Discovery Under Rule 17(c)(1) (Dkt. 71), which the government filed after submitting a letter to the Court but prior to any pre-motion hearing or otherwise receiving permission from the Court to proceed. *See* Dkt. 82, July 6, 2021 Letter from C. Magnani (asking the Court to address Dkt. 26 and Dkt. 70 at the July 27 conference).

Specifically, the defendant seeks the following information that bears directly on the validity of the examination under the law and the potential bias and qualifications of the three Court-designated doctors who examined Mr. Brockman in advance of the Competency Hearing (collectively "Examining Doctors"):

 (a)  All records of communications between the government and the Examining Doctors, including emails and notes of verbal communications;

(b)  All raw data, notes, and test results underlying the Examining Doctors' reports; and

(c)  All (i) articles published by the Examining Doctors, (ii) transcripts of testimony by the Examining Doctors, and (iii) court rulings or opinions that contain adverse conclusions concerning the qualifications, credibility, or any other issue with regard to the Examining Doctors, that are within the government's possession, custody, or control.

If it is still the Court's preference to receive a letter in advance of the status conference, the defense will provide one.[2]  But the defendant respectfully requests that briefing on its Motion proceed in the ordinary course to allow to Court to resolve the dispute sufficiently in advance of the Competency Hearing.

---

[2] Counsel for the government and the defendant have had a difficult time agreeing to the content of any joint letter to the Court, and the defendant perceives the government's two most recent unilateral letters (Dkt. 76 and Dkt. 82) as violating this Court's February 1 Order that the Examining Doctors' reports be submitted under seal and as being designed to provide otherwise non-public information to the media.  *See Billionaire Deemed Competent for Trial in Record Tax-Fraud Case*, Bloomberg Law (July 6, 2021), https://news.bloomberglaw.com/white-collar-and-criminal-law/billionaire-competent-to-stand-trial-for-tax-crimes-experts-say.  Defense counsel respectfully requests that some portion of the July 27 status conference be dedicated to discussing the Court's joint letter process so that both parties have the same understanding and will meet all of the Court's expectations going forward.

For the foregoing reasons, the Court should deny the government's Motion to Strike.

Dated:  July 11, 2021

/s/Jason S. Varnado
Jason S. Varnado
Texas Bar No. 24034722
SDTX Ad. ID No. 32166
Email:  jvarnado@jonesday.com
David S. Smith
Texas Bar No. 24117073
SDTX Ad. ID No. 3398393
Email: dssmith@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone:  832-239-3939
Facsimile:  832-239-3600

Kathryn Keneally (*Admitted Pro Hac Vice*)
New York Bar No. 1866250
Email:  kkeneally@jonesday.com
James P. Loonam (*Admitted Pro Hac Vice*)
New York Bar No. 4035275
Email:  jloonam@jonesday.com
JONES DAY
250 Vesey Street
New York, NY  10281-1047
Telephone:  212-326-3939
Facsimile:  212-755-7306

*Attorneys for Defendant*
*Robert T. Brockman*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 11th day of July, 2021, this document was served by electronic filing service on all counsel of record.

*/s/ Jason S. Varnado*
Jason S. Varnado