UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT T. BROCKMAN.,<br><br>*Defendant*. | Cr. No. 4:21-cr-009-GCH |

### PETITIONER'S OPPOSED MOTION TO STRIKE

TO THE HONORABLE GEORGE C. HANKS JR., UNITED STATES DISTRICT JUDGE:

Petitioner Tangarra Consultants, Ltd. ("Petitioner"/"Tangarra"), a Bermudian corporation, brings this Motion to Strike all references to Petitioner in the Indictment of Defendant Robert Brockman ("Brockman") as surplusage under Federal Rule of Criminal Procedure 7(d). Petitioner is not charged in the Indictment. *See In re Smith*, 656 F.2d 1101, 1104, n. 8 (5th Cir. 1981) ("approv[ing]" unindicted third-party "Petitioner's motion to strike" indictment allegations); *United States v. Briggs*, 514 F.2d 794, 797-99 (5th Cir. 1975) (holding unindicted third party has standing to seek removal of allegations against it in indictment). Petitioner respectfully requests that the Court enter an order striking all references to Petitioner in Indictment paragraphs 13, 165, 166, 169, 176, and 182.

In support Petitioner states as follows:

## I. SUMMARY OF ARGUMENT

Long-established Fifth Circuit precedent holds that accusing a named third party of wrongdoing in an indictment violates the party's Fifth Amendment right to due process. *See United States v. Briggs*, 514 F.2d 794, 806 (5th Cir. 1975); *In re Smith*, 656 F.2d 1101, 1106 (5th Cir. 1981). *Briggs* found that uncharged accusations damaged third parties' "employment opportunities" and "economic interests," which are "within the 'liberty' and 'property' concepts of the Fifth Amendment." *Briggs*, 514 F.2d at 798. The court held that third parties have standing to challenge such accusations, and that courts may strike or expunge references to third parties in an indictment. *Id.* at 799, 808. The Fifth Circuit in *Smith* also approved the form of this Motion for bringing such challenges. *Smith*, 656 F.2d at 1104, n. 8 ("approv[ing]" third-party "Petitioner's motion to strike and seal").

Despite clear Fifth Circuit precedent prohibiting precisely what the Government has done here, the Brockman Indictment names Tangarra eleven times, falsely alleging that Tangarra somehow participated in Brockman's alleged misconduct. This represents a clear violation of Petitioner's Fifth Amendment due process rights, for which Petitioner now seeks relief from this Court.

## II. STATEMENT OF THE ISSUE

Whether the Government violated the unindicted third-party Petitioner's Fifth Amendment due process rights by publicly accusing it of wrongdoing in the Indictment. *See Briggs*, 514 F.2d 794 at 806.

2

### III. STATEMENT OF THE PROCEEDINGS

On October 1, 2020, a federal grand jury in San Francisco, California issued a 39-count indictment of Robert Brockman (the "Brockman Indictment") on charges including tax evasion, wire fraud, money laundering, and other offenses. The case was later transferred to this Court. *See* Order of Transfer, ECF No. 1. No party other than Brockman was charged in the Indictment.

The Brockman Indictment alleges, among other things, that Brockman "engaged in a fraudulent scheme to deceive the purchasers and sellers" of debt by using Tangarra and another entity to purchase debt, while concealing that Tangarra was controlled by Brockman. Brockman Indictment ¶ 165, ECF No. 2. According to the indictment, Brockman "affirmatively conceal[ed] from sellers of the Debt the valuable economic information that the Debt purchasers Edge and Tangarra were under common control" of Brockman. *Id.* at ¶ 166. The Indictment further alleges that Brockman used material, non-public information in purchasing debt through Tangarra. *Id.* at ¶ 169. According to the Indictment, Individual One sent three emails to Deutsche Bank "purporting to describe the ownership and control" of Tangarra without disclosing that Brockman controlled Tangarra. *Id.* at ¶ 176. The Indictment names Tangarra eleven times in connection with the debt-purchasing scheme.

Tangarra is not charged in the Indictment.

### IV. ARGUMENT

    **a. Fifth Circuit Precedent Prohibits Accusing Third Parties of Wrongdoing in an Indictment**

A long line of Fifth Circuit precedent holds that the Fifth Amendment's guarantee of due process prohibits the Government from publicly accusing uncharged third parties of wrongdoing. *See Briggs*, 514 F.2d at 806. In *Briggs* third-party petitioners challenged an indictment that named them as "unindicted coconspirators." *Id.* at 796-97. The Fifth Circuit first found that third-party petitioners had standing to challenge the indictment because they "complain[ed] of injury to their good names and reputations and impairment of their ability to obtain employment," which "courts have recognized in many contexts that these are substantial and legally cognizable interests entitled to constitutional protection against official governmental action that debases them." *Id.* The court then held on the merits that "the grand jury acted beyond its historically authorized role," with "no substantial interest served by its doing so," in violation of the petitioners' due process rights. *Id.* at 806. The Fifth Circuit thus directed the district court to "expunge from Count One of the indictment described above all references to appellants." *Id.* at 808.

The principle first announced in *Briggs* also applies broadly to other circumstances where the Government publicly accuses an uncharged party:

> The government argues that *Briggs* only forbids the naming of unindicted coconspirators by a federal grand jury. We cannot agree. The point made in the *Briggs* decision is that ***no legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights***. We can think of no reason to distinguish between an official defamation originating from a federal grand jury or an Assistant United States Attorney.

*In re Smith*, 656 F.2d 1101, 1106 (5th Cir. 1981) (emphasis added) (factual resumes read in open court accusing third parties of wrongdoing).

4

The Fifth Circuit continues to apply *Briggs*. *See Doe v. United States*, 853 F.3d 792, 801 (5th Cir. 2017); *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 688 (5th Cir. 2010). Courts outside the Fifth Circuit also follow this line of precedent. *See United States v. Chadwick*, 556 F.2d 450 (9th Cir. 1977) (per curiam); *Application of Jordan*, 439 F.Supp. 199 (S.D. W.Va. 1977); *United States v. Anderson*, 55 F. Supp. 2d 1163 (D. Kan. 1999). Moreover, *Briggs* applies with the same force to legal entities as it does to natural persons. Thus, the U.S. District Court for the Northern District of Texas and the Fifth Circuit have both applied *Briggs* to entities accused of wrongdoing,[1] *see United States v. Holy Land Found. for Relief & Development*, No. 3:04-CR-0240-P, 2009 WL 10680203, at *1 (N.D. Tex. July 1, 2009) (finding violations of third-party entities' Fifth Amendment rights), *aff'd in relevant part*, 624 F.3d 685, 688 (5th Cir. 2010), as has at least one other district court, *see United States v. Smith*, 992 F. Supp. 743, 754 (D.N.J. 1998) ("[T]he innuendoes and implications in the memorandum directly impact on the business of both GTECH and the uncharged individual, leaving them as if they were 'just as defenseless as the medieval prisoner and the victim of the lynch mob.'" (quoting *Briggs*, 514 F.2d at 803)).

---

[1] Because long-settled Supreme Court precedent recognizes that legal entities possess due process rights, particularly relating to their property interests, it would be anomalous to deny *Briggs* protection to an entity. *See e.g., Minneapolis & St. L. Ry. Co. v. Beckwith*, 129 U.S. 26, 28 (1889) ("[C]orporations can invoke the benefits of provisions of the constitution and laws which guaranty to persons the enjoyment of property, or afford to them the means for its protection, or prohibit legislation injuriously affecting it."); *cf. Grosjean v. Am. Press Co.,* 297 U.S. 233, 244 (1936) ("[A] corporation is a 'person' within the meaning of the equal protection and due process of law clauses" of the Fourteenth Amendment).

The U.S. Department of Justice has adopted the principle against accusing third parties in its Justice Manual. *See* Justice Manual § 9-27.760 ("As a series of cases makes clear, there is ordinarily 'no legitimate governmental interest served' by the government's public allegation of wrongdoing by an uncharged party" (quoting *Smith*, 656 F.2d at 1106-07)). The Manual reasons, "In most cases, any legitimate governmental interest in referring to uncharged third-party wrongdoers can be advanced through means other than those condemned in this line of cases." *Id.* Thus, "when the defendant engaged in joint criminal conduct with others, generic references ('another individual') to the uncharged third-party wrongdoers can be used when describing the factual basis for the defendant's guilty plea." *Id.*

In short, it is well-settled law—recognized by the Department of Justice—that indictments cannot accuse named third parties of wrongdoing.

### b. The Government Violated Petitioner's Due Process Rights By Accusing Petitioner of Wrongdoing in the Indictment

Despite unambiguous precedent prohibiting the practice, the Brockman Indictment repeatedly alleges that Tangarra—identified by name—participated in the charged scheme. *See* Brockman Indictment ¶¶ 165-76. The Government has no legitimate interest in making these accusations. *See Smith*, 656 F.2d at 1106 ("[N]o legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights."). The Justice Manual, respecting *Briggs*, directs prosecutors to refer to uncharged third party with generic references, *see* Justice Manual § 9-27.760, and the Government followed that practice in other

instances in the Brockman Indictment. Any possible interest the Government may have in referencing Tangarra in the Brockman Indictment could have been served by referring to it generically rather than by name.

To make matters worse, the Government has even acknowledged that the core allegations of wrongdoing against Tangarra are false. The Brockman Indictment alleges that "BROCKMAN, together with others known and unknown to the Grand Jury, engaged in a fraudulent scheme to deceive the purchasers and sellers of the Debt, through the Administrative Agent Deutsche Bank, *using Edge and Tangarra to purchase Debt* . . ." Brockman Indictment ¶ 165 (emphasis added). But Tangarra did not purchase the debt described in the Indictment; indeed, the Government has acknowledged as much in an email to Tangarra's counsel, stating the Government had "misunderstood" certain documents and acknowledging "Tangarra was NOT a purchaser of debt." *See* Exhibit 1, Feb. 2, 2021 Email. This admission plainly contradicts the Indictment.[2]

---

[2] Although the allegations here are false, it is important to note that *Briggs* forecloses even *true* accusations of wrongdoing against unnamed third parties—the due process violation comes from the denial of a forum to rebut the accusation, not from the accusation's accuracy. *See Briggs*, 514 F.2d at 807-08 ("[P]robable cause on the basis of which the grand jury might have made the unindicted conspirator a defendant is unrelated to the question of whether the grand jury may accuse him without making him a defendant."); *see also Delpit v. Beckner*, 481 F. Supp. 42, 46, n.3 (M.D. La. 1979) ("The government declares that at the trial [of the defendants] evidence was offered tending to show the correctness of the allegations in the indictment relating to [the third-party petitioner]. Assuming that to be so, it has no relevance to the issues here. As pointed out in *Briggs*, probable cause on the basis of which the grand jury might have made [the third-party petitioner] a defendant is unrelated to the question of whether the grand jury may accuse him without making him a defendant.").

7

Petitioner possesses "substantial and legally cognizable interests entitled to constitutional protection" in its "good name[] and reputation[.]" *Briggs*, 514 F.2d at 797. The Government has "debased" these interests by using the "imprimatur of credibility" from a grand jury indictment to accuse Petitioner of wrongdoing. *Id.* at 797, 803, 805; *see also Smith*, 656 F2d at 1107 ("The presumption of innocence, to which every criminal defendant is entitled, was forgotten by the Assistant United States Attorney in drafting and reading aloud in open court the factual resumes which implicated the Petitioner in criminal conduct without affording him a forum for vindication."). The accusations are thus "a violation of [Petitioner's] liberty and property rights guaranteed by the Constitution." *Smith*, 656 F.2d at 1107.

### c. Striking References to Tangarra is the Appropriate Remedy

To remedy the Government's violation of the petitioner's due process rights, the Fifth Circuit in *Smith* ordered the clerk of the district court to "completely and permanently obliterate and strike from the records of the pleas of guilty . . . any and all identifying reference to or name of Mr. Smith, the Petitioner." *Smith*, 656 F.2d at 1107; *see also Briggs*, 514 F.2d at 808 (remanding to district court with directions to "expunge from Count One of the Indictment described above all references to appellants"). Other courts have endorsed similar remedies. *See e.g., Delpit v. Beckner,* 481 F. Supp. 42, 46 (M.D. La. 1979) (ordering the clerk to "expunge from the grand jury indictment . . . all references to" the petitioner); *Application of Jordan*, 439 F. Supp. 199, 209 (S.D.W. Va. 1977) (ordering the name of the petitioner "be expunged from the indictment and any and all subsequent official documents forming a part of the official record"); *cf. United States v.*

8

*Anderson*, 55 F. Supp. 2d 1163, 1168 (D. Kan. 1999) ("Were the court to expunge all references to the movants as 'coconspirators' from the public record, make a finding that their due process rights had been violated, and further find that the government's proof fell far short of proving their criminal culpability, the movants could forevermore proclaim their vindication to anyone expressing concern about the government's allegations.").

The same remedy is appropriate here: all references to Tangarra should be struck from the Indictment.[3] Striking references to Tangarra is the only way to ensure that "such references may not be used as a public record to impugn the reputation of Petitioner[s]." *Smith*, 656 F.2d at 1107. Such a remedy is well within the power of the Court. *See Briggs*, 514 F.2d at 806-07 ("We conclude, without the necessity of adopting a particular characterization, that a federal court has the power to expunge unauthorized grand jury action.").

## V. CONCLUSION

Petitioner respectfully request that this order the striking of Tangarra's name, and any references to Tangarra, from the Indictment.

---

[3] Petitioner does not ask the Court to seal its opinion and order on this matter, as a public order declaring Petitioner's rights were violated would constitute crucial relief. *See United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690-91 (5th Cir. 2010) (finding the district court abused its discretion in sealing its order and opinion finding a violation of the third-party petitioner's Fifth Amendment rights, reasoning the petitioner's "interest in mitigating its reputational injuries favored disclosure").

Respectfully Submitted,

**HILDER & ASSOCIATES, P.C.**

/S/ *Philip H. Hilder*_____
Philip H. Hilder
Texas Bar No. 09620050
Q. Tate Williams
Texas Bar No.: 24013760
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com
tate@hilderlaw.com

*Of Counsel:*
*Paul Rauser*
*Branden Lewiston*
Aegis Law Group, LLP
801 Pennsylvania Ave., NW
Washington D.C. 20004
Telephone (202) 737-3375
Facsimile (202) 737-3330

10

CERTIFICATE OF CONFERENCE

Petitioner's counsel, Paul Rauser, conferred with the Government counsel, and was advised on July 16, 2021, that it is opposed to this Motion. Petitioner's counsel did not confer with Defendant Robert Brockman, as Petitioner's request for relief solely relates to the Government, and therefore, for the purposes of this motion, Defendant is not a "respondent" under the CrLR12.2 or an "opposing" party under this Court's Procedure 6(C)(1).

/S/ *Philip H. Hilder*_____
Philip H. Hilder

CERTIFICATE OF SERVICE

I certify that on July 20, 2021, I electronically submitted the following document with the Clerk of Court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

/S/ *Philip H. Hilder*_____
Philip H. Hilder
Texas Bar No. 09620050
819 Lovett Blvd.
Houston, Texas 77006
(713) 655-9111–telephone
(713) 655-9112–facsimile
philip@hilderlaw.com

*Of Counsel:*
*Paul Rauser*
*Branden Lewiston*
Aegis Law Group, LLP
801 Pennsylvania Ave., NW
Washington D.C. 20004
Telephone (202) 737-3375
Facsimile (202) 737-3330