Message

**From**: Permit [permit1@lambdaprime.org]
**Sent**: 12/11/2012 1:31:52 AM
**To**: redfish@lambdaprime.org
**Subject**: RE:

Evatt,

No change desired.

Bob

---

**From:** Redfish [mailto:redfish@lambdaprime.org]
**Sent:** Monday, December 10, 2012 7:42 AM
**To:** permit1@lambdaprime.org
**Subject:** RE:

Bob,

I do not know your preference regarding Don's compensation, however the annual payment is structured as a royalty fee paid by Tangarra to Wedge.

This is part of the agreement whereby Wedge sold its book of business to Tangarra.

If you wish to keep Don's compensation going, changing the ownership of the fund companies won't impact on the payment.

If not or if you wish to reduce the payment, then I will talk to Don.

Evatt

---

**From:** Permit [mailto:permit1@lambdaprime.org]
**Sent:** Sunday, December 09, 2012 9:15 PM
**To:** redfish@lambdaprime.org
**Subject:** RE:

Evatt,

I agree.  Plus I think that Don would agree also – as he does not need to have his trusts come to the attention of the house.

The only issue is that we have to consider Don's compensation with regards to these trusts.

Bob

---

**From:** Redfish [mailto:redfish@lambdaprime.org]
**Sent:** Sunday, December 02, 2012 5:53 AM
**To:** permit1@lambdaprime.org
**Subject:**

Bob,

As part of a general clean-up, one area that causes me some concern with FATCA looming is the ownership of the common shares in Edge, Cabot and Point. This would also apply to the new entity, Proventus Constans Limited, should that be incorporated as a fund structure rather than a straight tightly held investment vehicle.

The common shares of those there funds are owned by either the Massengill Children's Trust, the Massengill Grandchildren's Trust or the Louise C. Massengill Trust.

Obviously, in each case we have an U.S. person, albeit deceased, as settlor. In each case, we have U.S. beneficiaries notwithstanding that these are fully discretionary trusts. Legally, our position is clear and clean. However, under FATCA we need to assume that banks will decide to play it safe and report the fact of a U.S. settlor and beneficiaries. Neither the banks nor the House will care much about legal niceties.

For the most part, in the now regular due diligence exercises, I get away with disclosing these trusts as the ultimate beneficial owners. In the case of Point where the most disclosures are required because of the Vista activity, I am asked for details of the owners of the common shares even though the substance of the fund links to the AEBCT.

To us, it is clear that the ownership of the common shares means little since the value in the fund is linked to the investment shares which are owned by other companies. For Cabot and Edge, all holders of investment shares (with the exception of Lakewood) are companies that are ultimately owned by the new pure charitable trusts.

Having the common shares owned by these trusts does not add in any way to the protection of the assets. The use of the trusts was simply an expedient at the time of the creation of the funds. To change to a different ownership structure – and I recommend a simple purpose trust with the existing trustee and protector – would strip out an unnecessary complication of the U.S. settlor and beneficiaries. I can't see any downside.

Further, if the funds were subject to a review by the House, they would work backwards to Don through these existing family-connected trusts.

In the past year we have cleaned up the investor side of these funds (excepting Point) to put them in purely charitable trusts.

I think we should now clean up the common share side.

Should you agree and should you think that a purpose trust is the right way to go, I would propose creating the trusts and then transferring the shares of each underlying company from the existing trust to the new purpose trust. The purpose trust itself would have charitable objects and a beneficiary clause that provides that at the end of its life/purpose, the assets of the trust would be applied to recognized charities.

Of course, at the end of the life of the purpose trust there would be no assets, but this is a fudge so that we have a dressed up charitable purpose.

The change would be very simple and could all be completed in a few days.

I would then contact the banks, Vista etc. to advise that the new ownership.

Evatt

| | |
|---|---|
| **Message** | |
| **From**: | Permit [permit@proventusconstans.com] |
| **Sent**: | 3/2/2014 3:37:05 PM |
| **To**: | redfish@proventusconstans.com |
| **Subject**: | RE: Don Jones situation as of March 2.doc |

Evatt,

Currently the $200K is a retirement/transition benefit that we voluntarily advanced.  The principal service rendered was the Jones family trusts providing "ownership services" for the investment funds that held the assets of Cabot and  Edge.  As far as I know none of this was ever committed to writing.

There are assets in Wedge – so there is plenty to fund this $200K a year – probably forever.

Bob

---

**From:** Redfish PC [mailto:redfish@proventusconstans.com]
**Sent:** Sunday, March 02, 2014 9:16 AM
**To:** 'Permit'
**Subject:** RE: Don Jones situation as of March 2.doc

Bob,

One matter I forgot to mention is that Don told me that the payment of $200K would continue for the life of Melissa and then the lives of Kelly and Dru.

That creates a whole other set of difficulties.

Evatt

---

**From:** Permit [mailto:permit@proventusconstans.com]
**Sent:** Sunday, March 02, 2014 11:14 AM
**To:** redfish@proventusconstans.com
**Subject:** Don Jones situation as of March 2.doc

My understanding - please correct when we talk abou it.

Bob