UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT T. BROCKMAN,**<br><br>Defendant. | § Cr. No. 4:21cr 009 GCH<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**UNITED STATES' MOTION PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 17(g)
FOR STUART YUDOFSKY TO SHOW CAUSE
WHY HE SHOULD NOT BE
HELD IN CONTEMPT OF COURT**

The United States, by and through its attorneys, respectfully moves this Court for a hearing to determine whether Stuart Yudofsky ("Yudofsky") should be held in contempt of Court, pursuant to Fed. Rul. Crim. P. 17(g), for refusing to comply with a validly issued and served hearing subpoena, and the Court's Order under Rule 17(c)(1) issued on July 29, 2021.

I.   **FACTUAL BACKGROUND**

Yudofsky is an important medical and fact witness in this case. On the medical side, Yudofsky—a trained neuropsychiatrist—is the only doctor to whom Defendant claims he complained of "memory issues" prior to the August and September 2018 search warrants executed at the homes of Defendant's administrative assistant (Individual One in the Indictment). Indeed, Defendant has repeatedly cited a May 4, 2017 email exchange, between Defendant and Yudofsky as evidence that Defendant's alleged incompetence to

stand trial is not a recent fabrication. In addition to that email exchange. *See Exhibit 6*[1] Yudofsky purportedly examined Defendant three times and exchanged several emails related to Defendant's alleged mental decline. *See Exhibit 11, Emails between Yudofsky and Defendant.*

On the factual side, Yudofsky has been a close confidant of Defendant for more than ten years. Through his offshore structure, Defendant has donated more than $25 million to support Yudofsky's research. *See Exhibit 10, Email by the Defendant dated May 21, 2011.* Defendant and Yudofsky also served together on the boards of the Brockman Medical Foundation (for which Defendant made Yudofsky the chair) and the Brockman Scholars program (for which Yudofsky was a paid consultant). Yudofsky has also had the opportunity to observe Defendant in intimate personal settings including fishing trips, excursions on Defendant's yacht, sharing Defendant's jet, board meetings, and dinners. More specifically, on September 5, 2018, Yudofsky was on an Alaskan fishing trip on with Defendant when Defendant learned of the search warrant conducted by the Bermuda Police Service at Defendant's co-conspirator's home. *See Exhibit 7, travel manifest.* Both Yudofsky and Defendant were still together in Alaska the following day when Defendant scheduled the appointment with Dr. Lerner that ultimately led to Defendant's purported diagnosis.

Finally, in addition to Yudofsky's personal observations, Defendant and Yudofsky exchanged dozens of emails between 2017 and 2020. Based on the strong likelihood that Yudofsky would have evidence and testimony relevant to the competency evaluation, the

---

[1] Defendant has produced no records related to any medical treatment concerning cognitive issues related to or in the fifteen months following that email exchange.

government issued a subpoena to Yudofsky for both his testimony and for administrative, medical, and financial records and asked that he produce: "All described records related to Mr. Brockman …. Including emails and correspondence from January 1, 2010 to the Present." As set forth further below, Yudofsky has resisted the production of records and indicated to the government that he intends to refuse to testify at the hearing.

## II. PROCEDURAL POSTURE

On December 8, 2020, Defendant filed a motion for a competency hearing pursuant to 18 U.S.C. § 4241. *See* 20-cr-371 (N.D. Cal.) ("NDCA") *Dkt. No. 64* (the "Motion"). Defendant's motion included as an exhibit to its motion, the email dated May 4, 2017 from Yudofsky to the Defendant. On January 4, 2021, this case was transferred from the Northern District of California to this Court. *See NDCA Dkt. No. 76.* On April 28, 2021, on an Agreed Motion by the Parties, the Court entered a revised Scheduling Order setting the Hearing for September 13, 2021. *Dkt. No. 53.* On or about May 10, 2021, the government served approximately 20 witnesses with hearing subpoenas for documentary evidence and testimony for the September 13, 2021 Competency Hearing. Yudofsky was one of the witnesses so served. *See Exhibit 1, Yudofsky Hearing Subpoena.*

On January 26, 2021, the government filed a motion under Fed. R. Crim. P. 17(c) and 45 CFR § 164.512(e)(1)(i) for an Order requiring Defendant's medical doctors, including Yudofsky, to produce subpoenaed records within Thirty days of service of a hearing subpoena. *Dkt No. 26.* On June 16, 2021, the government filed an unopposed motion under Fed. R. Crim. P. 17(c) and 45 CFR § 164.512(e)(1)(i) for an Order requiring Yudofsky to produce records and documents responsive to the hearing subpoena served on

him within thirty days of service. *Dkt. No. 70.* On July 29, 2021, during a status conference in this case, the Court stated that it would sign the proposed Rule 17(c) Order regarding the hearing subpoena served on Yudofsky on May 10, 2021. On August 4, 2021, the Court's minute order was posted on the ECF system memorializing the Court's Order made orally on July 29, 2021. *See Exhibit 2, Court's Minute Order.* On August 5, 2021, a copy of the Court's Minute Order, together with a copy of the hearing subpoena was sent to Yudofsky's attorney Mark J. MacDougall.

On August 6, 2021, through his attorneys, Yudofsky produced to the government, via email, approximately 16 pages of handwritten notes, purportedly in Yudofsky's handwriting, related to examinations of the Defendant from October 2018 to October 2020.[2] Notably, however, Yudofsky **did not** produce to the government any emails or correspondence between himself and the Defendant as requested (including the May 4, 2017 email to the Defendant). Despite this omission, his attorneys stated in an email to the government that they considered Yudofsky's compliance with the hearing subpoena complete. On August 9, 2021, the government informed Yudofsky's attorneys that it did not consider Yudofsky's compliance with the hearing subpoena complete in that no emails or correspondence between Yudofsky and the Defendant had been produced. Subsequently, on August 17, 2021, the government received an email from Yudofsky's attorneys indicating that he will not provide any further documentation in compliance with the Hearing Subpoena. *See Exhibit 5*.

---

[2] Although Yudofsky would not produce these notes to the government absent the Court's July 29, 2021 Order, they were produced to the Defendant prior to July 29, 2021, and are cited in Defendant's Expert Witness Reports.

In addition to his refusal to provide additional documents, on August 11, 2021, Yudofsky's attorneys also asked the government to release Yudofsky from the hearing subpoena based on Yudofsky's intent to refuse to testify at the Competency Hearing, asserting his rights under the Fifth Amendment. Later that day, the government responded, also via email letter, that the government does not release Yudofsky from his subpoena. *See Exhibit 3, email exchange between counsel*. Further, that the government offered, and continues to offer, Yudofsky the opportunity to speak to the government about his association with the Defendant under the protections of a proffer letter, but that Yudofsky has refused this offer. *See Exhibit 4, Government's Proposed Proffer Letter*.

### III. <u>APPLICABLE LEGAL STANDARD</u>

The Federal Rules of Criminal Procedure, Rule 17(g) states: "The court may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district." A subpoena, and commensurate Order under Rule 17, is enforceable if: 1) the subpoenaed documents are relevant; 2) the evidence is admissible; and 3) the request has been made with adequate specificity. *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) *citing United States v. Nixon*, 418 U.S. 683, 697-702, 94 S.Ct. 3090, 3102-05 (1974).

### IV. <u>ARGUMENT</u>

Most of the facts here are not in dispute. On May 10, 2021, Yudofsky was served with a valid hearing subpoena, and on July 29, 2021 this Court issued an Order under Rule 17(c)(1) for Yudofsky to comply with that subpoena within thirty days of service. The subpoena in question required the production of: "All described records related to Mr.

Brockman …. Including emails and correspondence from January 1, 2010 to the Present," and through his attorneys Yudofsky has refused to provide the emails and correspondence sought.  Yudofsky has not provided the government with any evidence or statement that he has any inability to produce these records. *See United States v. Crawford Enterprises, Inc*., 643 F.Supp 370, 380 (SDTX 1986)(only defense to contempt for failure to comply with a subpoena is present inability to do so).  Instead, Yudofsky's attorneys have stated that the refusal to produce subpoenaed records is based on their opinion that the subpoena in question is overly broad.  *See Exhibit 5 – Email from Yudofsky attorneys*.

The subpoena here in question is not overly broad, it is sufficiently specific, and the requested evidence is both relevant and admissible.   With this subpoena the government is seeking evidence highly relevant to the question before the Court : Whether the Defendant is competent to assist his attorneys in his own defense.  Yudofsky is a long-time associate of the Defendant, and based on the Defendant's own motion for a Competency Hearing, one of the first doctors to refer the Defendant to specialists for his "memory problems." *See Exhibit 6.*  Yudofsky is not only a doctor, but a psychiatrist, with specialties in "cognitive changes," neuropsychiatry and psychopharmacology.  *See Exhibit 6.*

There is evidence that Yudofsky has been closely associated with Defendant and his employee/administrative assistant – Evatt Tamine (Individual One) since at least 2011.  *See Exhibit 9, p3, para 7,  Evatt Tamine Performance Evaluation dated January 12, 2012*.  In Tamine's 2011 Performance Review, he mentions to the Defendant his "good rapport" with Yudofsky, and how this association will be a "strong barrier against attack from the IRS." Based on this evidence, Yudofsky appears to be in the Defendant's inner circle.  Moreover,

Yudofsky was with the Defendant on a fishing trip when the Defendant learned of the September 5, 2018 search warrant executed by the Bermuda Police Service in Bermuda at the home of his employee Evatt Tamine.  *See Exhibits 7 and 8, travel manifest and U.S. government Amended MLAT request to Bermuda*.

As the government described in its Response to Defendant's Motion for a Competency Hearing, the timing of Defendant's onset of "memory problems," when juxtaposed with the timing of the search warrant, is very suspect. *See Government's Response pp5-6. (See NDCA Dkt. No. 69)*.  On September 6, 2018, one day after the search warrant was executed in Bermuda, the Defendant scheduled an appointment with Dr. Lerner, a urologist, generating the earliest documented official diagnosis of any cognitive issues for the Defendant.  Given the close and long-term association between Yudofsky and the Defendant, that they were together on September 5, 2018, and Yudofsky's profession as a neuropsychologist, it appears likely that Yudofsky was involved in the scheduling of the Defendants appointment with Dr. Lerner.  Additionally, as noted above,

Yudofsky and the Defendant regularly correspond.  Evidence of communications, correspondence and emails between Yudofsky and the Defendant are clearly relevant to Defendant's competency, and any allegation of potential contrivance.

## V. <u>REQUESTED RELIEF</u>

For the foregoing reasons, the government respectfully requests a hearing during which Yudofsky be called to show cause why he should not be held in contempt of Court under Rule 17(g) for failing to comply with the Court's Rule 17(c) Order and the hearing subpoena served upon him on May 10, 2021.

Respectfully submitted this 18th day of August 2021,

            DAVID A. HUBBERT
            Acting Assistant
            Attorney General
            Tax Division

            s/ Corey J. Smith
            COREY J. SMITH
            Senior Litigation Counsel
            Department of Justice
            Tax Division
            Mass Bar No. 553615
            corey.smith@usdoj.gov
            Tele: (202) 514-5230
            LEE LANGSTON
            CHRISTOPHER MAGNANI
            Trial Attorneys
            Department of Justice
            Tax Division
            Attorneys for United States of America

**Certificate of Service**

I the undersigned do hereby certify that on the 18th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to counsel of record, and emailed the witness Stuart Yudofsky's attorneys of records copies of the same.

/s/ *Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230

**Certificate of Conference**

I the undersigned do hereby certify that from August 9 to August 17, 2021 government and witness counsel conferred several times via email regarding the witnesses full compliance with the hearing subpoena which is the subject of this motion, and witness's counsel has stated they do not intend to provide any additional documents in compliance with this hearing subpoena.

/s/ *Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230