

**U.S. Department of Justice**
**Tax Division**

*Western Criminal Enforcement Section*
*P.O. Box 972*                               *202-514-5762 (v)*
*Washington, D.C. 20044*           *202-514-9623 (f)*

August 11, 2021

**Via E-Mail**
mmacdougall@akingump.com
Mark J. MacDougall
Akin Gump Strauss Hauer & Feld, LLP

                                              Re:    Dr. Stuart Yudofsky
                                                        *United States v. Brockman,*
                                                        4:21cr009 (GCH)

Dear Mr. MacDougall:

      We are in receipt of your letter dated August 11, 2021 regarding your client Dr. Stuart Yudofsky.

      Please be advised the government does not release Dr. Yudofsky from the hearing subpoena served on him May 10, 2021, and we expect him to be present in the Courthouse for the September 13, 2021 Competency Hearing in the above styled case.  The cases and ABA Rule you cite in your letter are not applicable to this subpoena and hearing.  Both the cases and rule cited by you relate to invocation of a witness's Fifth Amendment Rights *before a trial jury*.  The Competency Hearing on September 13, 2021 is not a trial and is *not before a jury*.  Dr. Yudofsky, having a long time personal and professional association with Mr. Brockman, may have extremely relevant information and/or testimony for the Court.  Accordingly, the government expects him to appear.

      In addition, your letter grossly misrepresents the government's position in this regard.  The government has never stated that Dr. Yudofsky is not entitled to exercise his rights under the Fifth Amendment to the United States Constitution and refuse to answer questions that he believes may tend to incriminate him.  The government also has never indicted that Dr. Yudofsky bears the burden of justifying the invocation of those rights.

      As you should know, statutory immunity is granted by the government to individuals whose answers to specific questions may tend to incriminate them regarding the commission of a specific crime.  Statutory immunity is co-extensive with witnesses' Fifth Amendment right.  *See Kastigar v. United States*, 406 U.S. 406, 448-9 (1972).  Absent potentially self-incriminating testimony, a grant of statutory immunity is not appropriate, and contrary to Department of Justice policy.  Further, the government cannot be compelled to confer statutory immunity upon a

Mr. Mark J. MacDougall
August 11, 2021
Page - 2 -

witness or defendant.  *See United States v. Skilling,* 2006 WL 1737546 (SDTX 2006) *citing United States v. Thevis*, 665 F.2d 616, 640 (5th Cir 1982).

*A fortiori*, if a witness has not committed a crime, and is not expected to provide testimony which may be self-incriminating, statutory immunity is unwarranted.  In addition, invocation of one's Fifth Amendment rights is personal to an accused and cannot be invoked to protect a third party.  *See Couch v. United States*, 409 U.S. 322, 237 (1973).   To date, we are unaware what crime Dr. Yudofsky may have committed, and how answers to questions put to him about his relationship with Mr. Brockman may tend to incriminate Dr. Yudofsky.

The government's position, is, and always has been, consistent with Department of Justice policy, that we will not confer statutory immunity to Dr. Yudofsky unless and until he agrees to an immunized proffer session with government special agents and Department of Justice Attorneys, and then, only if the government is convinced that Dr. Yudofsky has committed a crime, and it is in the public's best interest to grant him immunity in exchange for potentially self-incriminating testimony regarding the commission of that crime.

In an attempt to make these inquiries, we offered to meet with you and Dr. Yudofsky in June 2021, under the protection of a standard proffer letter (see attached), to ascertain if conferring statutory immunity to Dr. Yudofsky was appropriate.   You declined.

Sincerely,

David A. Hubbert
Acting Assistant
Attorney General

/s/ *Corey J. Smith*
Senior Litigation Counsel

cc:   Lee Langston, Tax Division
      Christopher Magnani, Tax Division