

U.S. Department of Justice
Tax Division

*Western Criminal Enforcement Section*
*P.O. Box 972*                 *202-514-5762 (v)*
*Washington, D.C. 20044*        *202-514-9623 (f)*

June 15, 2021

**Via E-Mail**
mmacdougall@akingump.com
Mark J. MacDougall
Akin Gump Strauss Hauer & Feld, LLP

                Re:    Dr. Stuart Yudofsky
                        United States v. Brockman
                        4:21 cr009 (GCH)

Dear Mr. MacDougall:

      During your previous telephone conversations and email exchanges with the Tax Division, you stated that your client would be interested in entering into a proffer agreement with the Department of Justice, Tax Division related to a hearing subpoena served on him for testimony and documents related to a competency hearing in the above styled action, currently scheduled for September 13, 2021.  The Tax Division is agreeable to entering into a proffer agreement with your client.  This agreement is only binding on the United States Department of Justice, Tax Division and the United States Attorneys' Office for the Southern District of Texas, relating to potential criminal tax offenses under Title 18 U.S.C. 371 and Title 26.  To assure that there are no misunderstandings regarding the proffer, the proffer will be conducted under the standard terms set by the United States Attorneys' Office for the Southern District of Texas, which are as follows:

Mr. Mark J. MacDougall
June 15, 2021
Page - 2 -

 (1) No statements made or other information provided by your clients during the proffer will be used directly against your clients in any criminal case, except as outlined in Section 1B1.8 of the United States Sentencing Guidelines. The United States will comply with its obligations under 18 U.S.C. § 3661 and Guideline Section 1B1.8, Application Note 1.

 (2) The United States may make derivative use of, and may pursue any investigative leads suggested by, any statements made or other information provided by your client. This provision is necessary in order to eliminate the necessity for a *Kastigar* hearing to prove that any evidence the United States would introduce at trial was not the result of any statements made or other information provided by your client during the proffer.

 (3) In the event your client become witnesses at any trial, hearing, or other proceeding and offer testimony materially different from any statement made or other information provided during the proffer, your clients agree to waive the protections of Rule 11 of the Federal Rules of Criminal Procedure and of Rule 410 of the Federal Rules of Evidence. The attorney for the United States may cross-examine your clients concerning any statements made or other information provided during the proffer. This provision is necessary in order to ensure that your clients do not abuse the opportunity for a proffer and do not make materially misleading statements or commit perjury when testifying at any subsequent trial, hearing, or other proceeding.

 (4) Any document production produced by your client is not governed by the terms of this proffer agreement.

 Your client's signatures below confirms that your clients understand the terms of the proffer as set forth herein and agree to engage in a proffer pursuant to these terms.

Mr. Mark J. MacDougall
June 15, 2021
Page - 3 -

    We are executing this proffer agreement by e-mail, and all parties agree to treat the e-mail copies as originals for all purposes.

                                     Sincerely,
                                       David A. Hubbert
                                     Acting Assistant
                                     Attorney General

                                     _____
                                     Corey J. Smith
                                     Senior Litigation Counsel


_____          _____
Dr. Stuart Yudofsky                     Date


_____          _____
Mark J. MacDougall                      Date
Attorney for Dr. Stuart Yudofsky