UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) ROBERT T. BROCKMAN, ) ) Defendant. ) | Case No. 4:21-cr-0009-GCH |

**RESPONSE OF NON-PARTY STUART YUDOFSKY, M.D. TO UNITED STATES' MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17(g) TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT OF COURT**

In clear disregard of the Court's rules[1] and governing legal principles, the Government's motion purports to seek an order requiring Non-Party Stuart Yudofsky, M.D. ("Dr. Yudofsky") to show cause why he should not be held in contempt pursuant to Fed. R. Crim. P. 17(g) [Dkt. No. 109] (the "Motion to Show Cause"). As described in detail herein, the Government's Motion to Show Cause should be denied on any one of several grounds, including: (a) Non-Party Stuart Yudofsky's Motion to Quash and Modify Government Subpoena Pursuant to Fed. R. Crim. P. 17(c) [Dkt. No. 108] (the "Motion to Quash") had been filed and was already pending before the Court when the Government filed its Motion to Show Cause; (b) the Court's Minute Order entered on July 29, 2021 granting the

---

[1] The Government's motion was filed in blatant disregard of the Government's duty under Section 6(E) of the Court's Procedures to meet and confer.

1

Government's Motion for Early Production [Dkt. No. 96] (the "Minute Order") is not ripe for consideration by the Court as that Minute Order does not require Dr. Yudofsky to produce any documents to the Government until August 28, 2021; (c) the Government's Motion to Show Cause fails to allege *any* conduct by Dr. Yudofsky that even purportedly contravenes a specific directive in the Court's Minute Order or the subpoena issued by the Government pursuant to Fed. R. Crim. P. 17(c) (the "Subpoena"); and (d) no reasonable interpretation of the established law governing contempt could support the Government's Motion to Show Cause.

The Government's Motion to Show Cause is part of an effort to bully Dr. Yudofsky – a non-party to this case – in reaction to (a) Dr. Yudofsky's notice, on the advice of counsel, that he would invoke his Fifth Amendment right and decline to respond to any questions proffered by the Government, and (b) Dr. Yudofsky's objections, also with the advice of his counsel, to the Government's attempt to alter and obscure the clear import and intent of the Court's Minute Order and the scope of the Subpoena. The Government effectively asks the Court to require Dr. Yudofsky to show cause why he should not be held in contempt for (a) disagreeing with the Government's legal position (based on the Government's demonstrated false premises), (b) asserting his own legal position, and (c) giving timely notice of his intent to rely on his constitutional rights. This is improper.

Dr. Yudofsky has presented legally sound and good faith arguments with supporting evidence to show that (a) neither the Court's Minute Order nor the Subpoena requires "immediate" production or any production before August 28, 2021, and (b) Dr. Yudofsky properly and timely invoked his Fifth Amendment right under the Constitution. The

Motion to Show Cause cites no authorities to the contrary. Instead, the Government seeks to deflect attention from the improper and bullying nature of its actions by misrepresenting this Court's prior rulings and the history of the Subpoena, which are clearly exposed by the incontrovertible written record. *See, e.g.*, Dkt. No. 108, Ex. 1–8.[2] Moreover, Dr. Yudofsky has already – well in advance of the August 28, 2021 production deadline set down in the Court's Minute Order – produced the relevant medical records described in the Subpoena to the Government lawyers. The Government's request for a hearing should accordingly be denied.

## **ARGUMENT**

"The contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." *Independent Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998) (internal citation omitted). Accordingly, a party seeking criminal contempt bears the heavy burden of proving, "beyond a reasonable doubt," that a court order required certain, specific conduct by the contemnor and that the contemnor "knowing[ly] and willful[ly]" failed to comply.[3] *See In re Joyce*, 506 F.2d 373, 377 (5th Cir. 1975). Absent proof of a failure to comply with "a definite and specific order," a finding of contempt is not proper. *Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 F.

---

[2] Dr. Yudofsky expressly incorporates by reference his prior-filed Motion to Quash as if fully set forth herein. Dkt. No. 108. For the Court's convenience, the exhibits to the Motion to Quash are reattached to the instant brief. *See* Exhibits 1–8.

[3] It is unclear whether the Government is asserting civil or criminal contempt charges. Civil contempt requires the Government to prove by "clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whicraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009) (quoting *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). The Government has not met this burden either.

App'x 249, 259 (5th Cir. 2020); *Imageware, Inc. v. U.S. West Commc'ns*, 219 F.3d 793, 797 (8th Cir. 2000) ("No one should be held in contempt for violating an ambiguous order . . . [a] contempt should be clear and certain."). "Under Rule 17(g), one can be held in contempt only if he fails to appear 'without adequate excuse.'" *In re Grand Jury Proc.*, 532 F.2d 404, 409 (5th Cir. 1976). The Government clearly has not satisfied any part of its burden.

A.  **The Government Ignores Dr. Yudofsky's Pending Motion to Quash**

On August 17, 2021, counsel for Dr. Yudofsky conferred with counsel for the Government (by e-mail) regarding Dr. Yudofsky's intent to file his Motion to Quash. The next day, Dr. Yudofsky filed his Motion to Quash, which seeks to (a) quash the Subpoena, to the extent that the Government demanded Dr. Yudofsky's appearance at Defendant's competency hearing on September 13, 2021, despite Dr. Yudofsky's clearly stated intent (on the advice of counsel) to decline to answer any and all questions in reliance on his right under the Fifth Amendment to the U.S. Constitution, and (b) modify the Subpoena, to the extent that the Government lawyers contend that it calls for production of records that are (i) beyond the scope of records called for under the plain language of the Subpoena and (ii) are otherwise immaterial to the question of the present mental competency of Defendant. *See* Dkt. No. 108.

Shortly thereafter – while Dr. Yudofsky's Motion to Quash was pending – the Government filed the instant Motion to Show Cause why Dr. Yudofsky should not be held in contempt in clear disregard of Dr. Yudofsky's Motion to Quash. *See* Dkt. No. 109. In other words, the Government is arguing that Dr. Yudofsky should be held in contempt for

4

failing to comply with a subpoena to which he has already objected and on which the Court has not yet ruled.

B. <u>**The Government's Motion to Show Cause is Not Ripe**</u>

As a threshold matter, the Government's Motion to Show Cause is not ripe as the production of documents in response to the Subpoena is not due until August 28, 2021. The fact that the Court's Minute Order of July 29, 2021 does not call for production of documents until 30 days after the Minute Order has been entered (i.e., August 28, 2021) cannot be reasonably disputed, as addressed in greater detail herein. Moreover, the competency hearing, at which the Government seeks to compel the appearance of Dr. Yudofsky – notwithstanding his notice that he will assert his constitutional rights and refuse to answer the Government's questions – is not scheduled to take place until September 13, 2021.[4] "A claim is not ripe for review if 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

C. <u>**The Government Fails to Allege *Any* Conduct by Dr. Yudofsky that Contravenes the Court's Minute Order**</u>

On July 16, 2021, the Government filed a Motion for Early Production with a very narrow request: that the Court order Dr. Yudofsky to produce all relevant records "at a maximum, within thirty days of the issuance of *this Proposed Order*." Dkt. No. 108 at 6 (quoting Dkt. No. 70 at 3) (emphasis added). The Court issued the Minute Order during

---

[4] Dkt. No. 108, Ex. 1.

the status conference on July 29, 2021[5], granting the Government's Motion for Early Production. Dkt. No. 96. This unambiguous record notwithstanding, the Government directly sought to mislead Dr. Yudofsky and his counsel by insisting that the Court's Minute Order required production of documents "immediately."[6] Dkt. No. 108 at 7 (quoting Ex. 5). However, the Government now states in its Motion to Show Cause that Dr. Yudofsky was required "to comply with that [S]ubpoena within thirty days of service," which the Government falsely asserts occurred on May 10, 2021. Dkt. No. 109 at 5; *see also* Dkt. No. 108, Ex. 4–5. The inconsistency in its positions aside, the Government's reading of the sequence of events is nonsensical – according to the Government's latest position, Dr. Yudofsky was required to somehow retroactively comply with the Subpoena by June 9, 2021, *more than a month before the Court's Minute Order granting the Motion for Early Production*. *See* Dkt. No. 108 at n. 6.

The Government's misstatements of fact extend beyond the effect of this Court's Minute Order, but rather also include the date of service of the Subpoena. The Government avers that it served counsel for Dr. Yudofsky on May 10, 2021, the date the Subpoena was drafted.[7] This assertion is demonstrably false. Dr. Yudofsky's Motion to Quash included

---

[5] The Minute Order was entered in the record on August 4, 2021.

[6] This strained reading of the Minute Order would require production forthwith, which would contravene Rule 17(c)'s requirement that compliance should not be "unreasonable or oppressive," especially under the Government's latest interpretation of the Subpoena's scope. FED. R. CRIM. P. 17(c)(2); *see also In re Metal Process Int'l, L.P.*, No. M-13-036, 2013 WL 12155025, at *2 (S.D. Tex. May 13, 2013) ("[A]court must quash or modify a subpoena if it fails to allow a reasonable time to comply."). In any event, Dr. Yudofsky produced Defendant's patient file on August 6, 2021 – several weeks before the Court's August 28, 2021 deadline. Dkt. No. 108 at 8.

[7] *See* Dkt. No. 109 ("On or about May 10, 2021, the Government served approximately 20 witness with hearing subpoenas for documentary evidence and testimony for the September 13, 2021 Competency Hearing. Yudofsky was one of the witnesses so served. *See* Exhibit 1, Yudofsky Hearing Subpoena.").

6

the e-mail serving the Subpoena on his counsel *on June 21, 2021*. Dkt. No. 108, Ex. 2. The Government fails to provide proof of service other than such date and merely cites the Subpoena itself, which notably includes a blank Proof of Service. Dkt. No. 109, Ex. 1 at 2.

The Government also ignores and fails to address Dr. Yudofsky's objections to the Subpoena raised in his Motion to Quash, including (i) the date of service, (ii) the plain meaning of the Court's Minute Order, (iii) the demand for testimony, despite Dr. Yudofsky's invocation of his Fifth Amendment right on the advice of counsel, and (iv) the scope of the Subpoena, which contravenes Federal Rule of Criminal Procedure 17(c). These grounds alone are sufficient to deny the Government's request that the Court order a contempt hearing regarding Dr. Yudofsky's alleged "fail[ure] to comply" with the Court's Minute Order and Subpoena.

### D.      There Is No Authority for the Government's Requested Relief

The Government seeks to compel Dr. Yudofsky to show why he should not be held in contempt – not for disregarding a directive from this Court, but for taking a position that is fully consistent with the facts as well as the relevant Minute Order entered by the Court. That is advocacy, not disobedience.

Dr. Yudofsky is aware of no case – and the Government has cited none – in which a federal court has ever enforced contempt sanctions against a party simply for advocating a legal position. Quite the opposite: the Supreme Court settled this question long ago, holding that the advocacy the Government calls "contempt" is actually nothing of the sort, and cannot be enjoined or punished just because a court (or, as in this case, another party)

7

happens to disagree with a litigant's position. *See, e.g., In re McConnell*, 370 U.S. 230, 236 (1960) ("The arguments of a lawyer in presenting his client's case strenuously and persistently cannot amount to a contempt of court so long as the lawyer does not in some way create an obstruction which blocks the judge in the performance of his official duty."); *Holt v. Virginia*, 381 U.S. 131, 136 (1965) (reversing contempt sanctions against attorney and client that were based on "nothing whatever except [contemnors'] allegations made in motions for change of venue and disqualification" of trial judge).

In this case Dr. Yudofsky filed his Motion to Quash with associated briefing and documentary exhibits – before the Government filed its Motion to Show Cause – in an effort to seek the Court's protection from the Government. Refusing to acquiesce to the Government's changed position regarding the scope of the Subpoena does not support a finding of contempt. Neither the facts nor applicable precedent support the dramatic expansion of the scope of Federal Rule of Criminal Procedure 17 sought by the Government in this case.

The Government's assertion that Dr. Yudofsky's failure to produce "any and all" e-mails involving Defendant – regardless of topic – is inconsistent with the Subpoena, immaterial to the present mental competency of the Defendant, and without merit. *United States v. Potts*, No. CR H-16-0147-01, 2017 WL 1314193, at *2 n.3 (S.D. Tex. Apr. 6, 2017) (citation omitted) (recognizing that subpoenas seeking "'any and all' documents relating to several categories of subject matter ... rather than specific evidentiary items" often indicate that a defendant "seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose

8

— to secure the production for a court proceeding of specific admissible evidence"); *see also United States v. Hernandez*, No. 3:12-CR-0190-L(04), 2012 WL 6213263, at *1 (N.D. Tex. Dec. 13, 2012) (quoting *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992)) ("The 'specificity and relevance elements require more than the title of a document and conjecture as to its contents."). In support of its contention that the Subpoena calls for "all emails" from January 2010 to the present between Defendant and Dr. Yudofsky, the Government cites a decade old performance review of Defendant's administrative assistant referencing Dr. Yudofsky and a fishing trip Dr. Yudofsky took with Defendant three years ago, neither of which bears any relationship to Defendant's present medical condition. *See* Dkt. No. 109 at 2, 6–7.

Moreover, "[a] witness cannot be punished for contempt of court for refusing a court order to testify if the underlying order violates Fifth, Fourth or perhaps First Amendment rights." *United States v. Dickinson*, 465 F.2d 496, 512 (5th Cir. 1972) (*citing Malloy v. Hogan*, 1964, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653); *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 390 (1920). The Government spends several paragraphs describing Dr. Yudofsky's past personal relationship with Defendant, which is entirely inconsequential to whether the Defendant in this case is competent to stand trial.[8] Finally, the fact that counsel for Dr. Yudofsky engaged in lengthy correspondence regarding a potential immunity agreement is further evidence that Dr. Yudofsky's intent was not to

---

[8] *See Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087, n. 5 (5th Cir. 1979) (citations omitted) (A witness may properly invoke the privilege when he "reasonably apprehends a risk of self-incrimination, ... though no criminal charges are pending against him, ... and even if the risk of prosecution is remote.").

violate the spirit nor intent of the Minute Order through his invocation of his constitutional right.

## **CONCLUSION**

For the foregoing reasons, Dr. Yudofsky respectfully moves the Court to issue an order denying the Government's motion for a hearing pursuant to Rule 17(g) to show cause why Dr. Yudofsky should not be held in contempt of Court for allegedly failing to comply with the Minute Order and the hearing Subpoena.

Dated: August 23, 2021

                                        Respectfully submitted,

                                        */s/ Nicholas E. Petree*
                                        Nicholas E. Petree (attorney-in-charge)
                                        Texas Bar No. 24083657
                                        Southern District of Texas Bar No. 778181
                                        **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                        1111 Louisiana Street, Ste. 44
                                        Houston, Texas 77002
                                        Tel: (713) 220-5800
                                        Fax: (713) 236-0822
                                        E-mail: npetree@akingump.com

                                        Mark J. MacDougall*
                                        Samantha J. Block*
                                        **AKIN GUMP STRAUSS HUAER & FELD LLP**
                                        2001 K Street NW
                                        Washington, D.C. 20006
                                        Tel: (202) 887-4000
                                        Fax: (202) 887-4288
                                        E-mail: mmacdougall@akingump.com
                                                        samantha.block@akingump.com

                                      *Counsel for non-party Stuart Yudofsky, M.D.*

                                      *\* Pro Hac Vice Applications pending*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was served on all counsel of record via electronic filing in compliance with the Federal Rules of Civil Procedure on this 23rd day of August 2021.

                                              */s/ Nicholas E. Petree*
                                              Nicholas E. Petree