# EXHIBIT 4

**Block, Samantha**

| | |
|---|---|
| **From:** | Smith, Corey (TAX) <corey.smith@usdoj.gov> |
| **Sent:** | Thursday, August 5, 2021 7:56 AM |
| **To:** | MacDougall, Mark; Langston, Lee F. (TAX) |
| **Cc:** | Magnani, Christopher (TAX); Block, Samantha |
| **Subject:** | RE: U.S. v. Brockman 4:21 cr 009 GCH |
| **Attachments:** | Dkt 70-1 FIled proposed 17(c) Order 179138518327.pdf; Court's minumte Order July 28 2021.pdf; Dkt 70-2 Yudofsky hearing subpoena 179138518328.pdf |

Mr. MacDougall

Please be advised that on July 27, 2021 the Court in the above styled case entered an Order under Fed R Crim P. 17(c)(1) directing your client, Dr. Yudofsky, to provide documents responsive to the subpoena served upon him in relation to the Sept 13, 2021 Competency Hearing of Robert Brockman.   See the attached Minute Order and Proposed Order.  As soon as the Court provides a signed "paper" order we will send you a copy.  The Order requires production within 30 days of service of the subpoena.  If we do not receive immediate production in compliance with this Order we will commence enforcement proceedings.

I have attached copies of the Court's minute Order, Proposed Order and another copy of the Subpoena for your convenience.

Corey J. Smith
Senior Litigation Counsel
Tax Division
(202) 514-5230

---

**From:** MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Sent:** Wednesday, June 23, 2021 7:29 PM
**To:** Smith, Corey (TAX) <Corey.Smith@tax.USDOJ.gov>; Langston, Lee F. (TAX) <Lee.F.Langston@tax.USDOJ.gov>
**Cc:** Magnani, Christopher (TAX) <Christopher.Magnani@tax.USDOJ.gov>; Block, Samantha <samantha.block@akingump.com>
**Subject:** RE: U.S. v. Brockman 4:21 cr 009 GCH

Corey,

Your message suggests a misunderstanding of the constitutional norms that govern how third party witnesses are treated in criminal proceedings.  The "DOJ policy" that you cite is not relevant and, in truth, is not really a policy at all.  I have obtained grants of immunity for witnesses in judicial proceedings and investigations conducted by the National Security Division, multiple sections within the Criminal Division and U.S. Attorney's Offices nationwide – without anyone suggesting that our client must have committed a crime.  Those prosecutors understood that every citizen has an undiluted right to refuse to speak with government agents or to testify at their demand – and likewise has no obligation to explain himself when asserting that right.

Dr. Yudofsky, with the advice of counsel, has chosen to avail himself of the constitutional right that, "serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances."  *Grunewald v. United States*, 353 U.S. 391, 421 (1957). The federal statute regarding

1

immunity of witnesses, at 18 U.S.C. § 6001, et. seq., is included in the U.S. Criminal Code to permit the government to compel testimony while securing the rights of the individual witness.  If the Tax Division chooses to make use of that statute and arrange for a grant of immunity, Dr. Yudofsky will be obliged to speak with the case agents and government lawyers – and otherwise appear to testify when subpoenaed.

We are always happy to talk but, given that you and your supervisors have evidently decided not to take the steps necessary to confer immunity on Dr. Yudofsky, there is really nothing more to discuss.

**Mark J. MacDougall**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

2001 K Street N.W.   |   Washington, DC 20006   |   USA   |   Direct: +1 202.887.4510   |   Internal: 24510
Fax: +1 202.887.4288   |   mmacdougall@akingump.com   |   akingump.com   |   Bio

---

**From:** Smith, Corey (TAX) <corey.smith@usdoj.gov>
**Sent:** Monday, June 21, 2021 11:21 AM
**To:** MacDougall, Mark <mmacdougall@AKINGUMP.COM>; Langston, Lee F. (TAX) <Lee.F.Langston@usdoj.gov>
**Cc:** Magnani, Christopher (TAX) <Christopher.Magnani@usdoj.gov>; Block, Samantha <samantha.block@akingump.com>
**Subject:** RE: U.S. v. Brockman 4:21 cr 009 GCH

Mark

In response to your email, please be advised of the following:

1) DOJ policy clearly states, and has been for some time,  that statutory immunity is only granted to individuals who have committed a crime.  At this time, we do not consider Dr. Yudofsky a subject or target of any criminal investigation.  At this time, we wish to speak to him solely as a witness in preparation of the upcoming competency hearing.  If you believe Dr. Yudofsky qualifies for statutory immunity under 18 U.S.C. § 6001 et seq. – what potential felony do you believe Dr. Yudofsky may have committed?  For what crime does he need to be immunized against?  If he does qualify for statutory immunity, see #2 below;

2) DOJ policy clearly states that statutory immunity will not be authorized by the Department of Justice until said target has provided a statement under a proffer agreement – hence the letter I sent to you.  We are available to schedule a proffer session with Dr. Yudofsky in which under the terms of the letter the government agrees that Dr. Yudofsky's statements cannot be used to prosecute him – for whatever crime you believe he has committed; and

3) As for subpoenaed medical records, please see the applicable regulation 45 CFR 164(e)(1)(i) – the judicial proceeding and hearing subpoena constitute a HIPAA waiver.  Please let us know when we can expect the subpoenaed medical records to be delivered to Special Agent Evan Garrett. (See attached)

As always, we remain available to discuss further at your convenience.

Corey J. Smith
Senior Litigation Counsel
Tax Division
(202) 514-5230

**From:** MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Sent:** Friday, June 18, 2021 1:26 PM
**To:** Smith, Corey (TAX) <Corey.Smith@tax.USDOJ.gov>; Langston, Lee F. (TAX) <Lee.F.Langston@tax.USDOJ.gov>
**Cc:** Magnani, Christopher (TAX) <Christopher.Magnani@tax.USDOJ.gov>; Block, Samantha <samantha.block@akingump.com>
**Subject:** U.S. v. Brockman 4:21 cr 009 GCH

Mr. Smith and Mr. Langston,

I am writing in response to your messages of June 15 and June 8, 2021 regarding our client, Stuart Yudofsky, M.D.

As we have discussed in detail through several telephone conferences, on the advice of counsel, Dr. Yudofsky will decline to participate in an interview with any government agent in connection with the captioned criminal case – absent a grant of immunity or the equivalent.  We made clear that a formal judicial order of immunity under 18 U.S.C. § 6002 would not be necessary.  A letter from your office conveying your agreement that Mr. Yudofsky would be immunized under substantially the same terms as the governing statute would be sufficient.  When you asked for an example of that kind of immunity letter, on June 3, 20201 we sent to Mr. Langston a copy of a (redacted) form regularly used by U.S. Attorney's Offices as well as other elements of the Department of Justice.  On June 8, 2021, we received a message from Mr. Langston acknowledging the form that we had provided – but stating that the government has concluded that "it would [not] be appropriate to extend" immunity to Dr. Yudofsky.

While I appreciate the draft document that Mr. Smith sent to us on June 15, Dr. Yudofsky is not proffering his testimony as part of a bi-lateral process to pursue some kind of disposition in an investigation.  Until he is given a grant of immunity consistent with 18 U.S.C. § 6002, Dr. Yudofsky has no obligation to participate in any form of interview with government agents or provide any testimony in connection with your prosecution of Mr. Brockman.   If his prospective testimony is important to some aspect of your case – and Dr. Yudofsky is neither a subject nor target as your message states – then there is no obstacle to the issuance of an immunity letter of the kind that we provided.  Alternatively, an order issued by the U.S. District Court pursuant to 18 U.S.C. § 6002 will accomplish your same objective of making Dr. Yudofsky available to testify.

With regard to your request that Dr. Yudofsky speak with one or more medical experts hired by the government – the conclusion is no different.  Any physicians or psychologists engaged to support the prosecution are, for purposes of such an interview, government agents.  Without a grant of immunity, Dr. Yudofsky is under no obligation to speak with such experts.

The subpoena duces tecum that you issued to Dr. Yudofsky dated February 22, 2021 also calls for the production of documents – notably including medical records – at the time of his appearance at a hearing in the U.S. District Court for the Southern District of Texas on June 29, 2021 (which hearing has now evidently been continued to September 13, 2021).  Dr. Yudofsky does have a small collection of notes that we believe are responsive to that subpoena.  You have represented to us that Mr. Brockman's attorney (Kathy Keneally of Jones Day) has informed the government that Mr. Brockman "does not object to the government's request for a Rule 17(c) subpoena issued to your client."  In support of that representation, you provided us with copies of e-mail messages between the government and Ms. Keneally.

As you know, any medical records in the possession of Dr. Yudofsky are subject to the provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) as well as the physician-patient privilege.  After receiving your message we spoke with Ms. Keneally who indicated that, from her perspective, there is no waiver in effect with regard to Mr. Brockman's rights under HIPAA or the physician-patient privilege as they may relate to Dr. Yudofsky's notes.  While Dr. Yudofsky is prepared to produce the small collection of documents that may be responsive to the subpoena, the ambiguous circumstances associated with whether an informed waiver has been granted need to be resolved.  That is obviously a matter between the government and Mr. Brockman's counsel.  We have no role in that dialogue and will await receipt of a writing from (or on behalf of) Mr. Brockman that definitively resolves the matter of whether a waiver of the privilege and the relevant provisions of HIPAA has been granted.

I hope that this addresses, for the time being, the outstanding issues regarding Dr. Yudofsky.  Please let us know if you would like to discuss any of these matters in more detail.

Best regards,

Mark MacDougall

**Mark J. MacDougall**
**AKIN GUMP STRAUSS HAUER & FELD** LLP

2001 K Street N.W.  |  Washington, DC 20006  |  USA  |  Direct: +1 202.887.4510  |  Internal: 24510
Fax: +1 202.887.4288  |  mmacdougall@akingump.com  |  akingump.com  |  Bio

---

**From:** Smith, Corey (TAX) <corey.smith@usdoj.gov>
**Sent:** Tuesday, June 15, 2021 5:09 PM
**To:** MacDougall, Mark <mmacdougall@AKINGUMP.COM>
**Cc:** Magnani, Christopher (TAX) <Christopher.Magnani@usdoj.gov>; Langston, Lee F. (TAX) <Lee.F.Langston@usdoj.gov>
**Subject:** U.S. v. Brockman 4:21 cr 009 GCH


**\*\*EXTERNAL Email\*\***

Mr. MacDougall-

As you know we would like to speak to your client Dr. Stuart Yudofsky concerning the above styled case.  Dr. Yudofsky is not a target or subject of this investigation.  It is our understanding that before Dr. Yudofsky speaks to the government you would like some assurance that his statements will not be used "against him."  Accordingly, attached please find our proposed proffer letter.  If these terms are acceptable, we would like to schedule an interview of Dr. Yudofsky as soon as possible.

Thank you.


Corey J. Smith
Senior Litigation Counsel
Tax Division
(202) 514-5230

4

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.