# EXHIBIT 6



**MARK J. MACDOUGALL**
+1 202.887.4510/fax: +1 202.887.4288
mmacdgouall@akingump.com

August 11, 2021

**VIA ELECTRONIC MAIL**
Corey J. Smith, Esq.
Senior Litigation Counsel
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Re:   *United States v. Brockman*, Case No. 4:21-cr-00009-GCH

Dear Mr. Smith,

I am writing with regard to the subpoena duces tecum, dated May 10, 2021, that was served on our client pursuant to Fed. R. Crim. P. 17 in the captioned case on June 21, 2021 (the "Subpoena").  As you know, on Friday, August 6, 2021, my colleague Samantha Block produced an electronic file consisting of 16 marked pages conveying all documents in the possession of Dr. Yudofsky that we believe to be responsive to the Subpoena.  Based on your e-mail messages to Ms. Block on August 9 and 10, 2021, however, we evidently do not agree with regard to the scope of production called for under the Subpoena.  While that matter is being addressed, I do not want to delay communicating our position with regard to testimonial obligations that you may contend are imposed on Dr. Yudofsky.

To the extent the Subpoena calls for Dr. Yudofsky to testify at a hearing scheduled for September 13, 2021, this letter serves as formal notice that our client—in reliance upon his constitutional rights—will refuse to answer any and all substantive questions that might be asked of him.  Consistent with governing law, as well as applicable standards of professional conduct, we ask that you formally withdraw the Subpoena, to the extent that it calls for our client's testimony, and confirm that Dr. Yudofsky is no longer required to appear in U.S. District Court in Houston on September 13, 2021.

The relevant law is unambiguous.  When a witness gives timely notice of his intent to decline to testify in reliance on his rights under the Fifth Amendment, the government may not insist upon calling that witness in order to force him or her to publicly and repeatedly assert that right in court.[1]  "[A]bsent extraordinary circumstances, trial courts should exercise their discretion

---

[1] *See United States v. Lacouture*, 495 F.2d 1237 (5th Cir. 1974); *United States v. Roberts*, 503 F.2d 598, 600 (9th Cir. 1974).

Corey J. Smith, Esq.
August 11, 2021
Page 2

to forbid parties from calling witnesses who, when called, will only invoke a privilege."[2]  There are also serious standards of professional responsibility at issue when a prosecutor is aware that a witness will assert his or her Fifth Amendment right.[3]

As we made clear in our prior correspondence concerning this matter, if you believe that Dr. Yudofsky's testimony is important to your case, you have the option to seek a grant of statutory immunity from the Court pursuant to 18 U.S.C. § 6001, et. seq.  Alternatively, we have also informed you that we would accept a letter confirming the appropriate grant of use immunity to Dr. Yudofsky that conveys the statutory equivalent of 18 U.S.C. § 6002 judicial immunity.  To that end, we provided you with a current example of such a letter in the form regularly issued by the U.S. Attorney's Office for the Eastern District of Virginia.

You characterized your unwillingness to immunize Dr. Yudofsky as based upon a non-specific "policy" that purports to shift the burden to the witness to justify the exercise of his right to decline to testify.  Your position bears no relationship to the uniform constitutional interpretation of the Fifth Amendment and is clearly not a standard that is applied throughout the Department of Justice.  Nonetheless, if you are unwilling to withdraw the Subpoena requiring a testimonial appearance by Dr. Yudofsky, please confirm that position before the close of business on Friday, August 13, 2021, so that we may timely seek the protection of the Court.

Please let us know if there is any aspect of this matter requires further discussion.

Sincerely,

Mark J. MacDougall, Esq.
Samantha J. Block, Esq.
*Counsel for Dr. Yudofsky*

cc:   Lee F. Langston, Esq. (Lee.F.Langston@usdoj.gov)

---

[2] *United States v. Reyes*, 362 F.3d 536, 542 (8th Cir. 2004); *id.* (citing *United States v. Lyons*, 703 F.2d 815, 818 (5th Cir. 1983)) ("[A] defendant does not have the right to call a witness to the stand simply to force invocation of the right against self-incrimination in the presence of the jury.").

[3] American Bar Association's Standard for Criminal Justice 3-6.7(c) prohibits calling a witness to testify if the prosecutor has advance notice that the individual will assert his Fifth Amendment privilege.