UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ROBERT T. BROCKMAN,** )<br>)<br>**Defendant.** )<br>_____ ) | Case No. 4:21-cr-0009-GCH |

**NON-PARTY STUART YUDOFSKY, M.D.'S MOTION FOR AN EXPEDITED
HEARING ON HIS MOTION TO QUASH**

Non-Party Stuart Yudofsky, M.D. ("Dr. Yudofsky") files this Motion for an Expedited Hearing on his Motion to Quash and Modify Government Subpoena Pursuant to Fed. R. Crim. P. 17(c) [Dkt. No. 108] filed on August 18, 2021 (the "Motion to Quash"). Pursuant to Local Rule 5(D) and Special Order H-2021-17 (Aug. 24, 2021), Dr. Yudofsky requests that the hearing be set via videoconference or telephone prior to the Defendant's competency hearing scheduled for September 13, 2021. Consistent with Section 6(E) of the Court's Procedures, on August 25, 2021, counsel for Dr. Yudofsky conferred with counsel for the Government regarding the relief sought in this motion. The Government does not oppose a hearing on the Motion to Quash. In support of this Motion, Dr. Yudofsky submits the following:

1. On January 26, 2021, the Government filed a motion under Fed. R. Crim. P. 17(c) and 45 CFR § 164.512(e)(1)(i) seeking an Order requiring Defendant's medical

1

doctors, including Dr. Yudofsky, to produce subpoenaed records. On June 16, 2021, the Government filed an Unopposed Motion for an Order Under Federal Rules [sic] of Criminal Procedure 17(C)(1)[sic] [Dkt. No. 70] (the "Motion for Early Production"), which was considered by the Court at a status conference on July 29, 2021. Dr. Yudofsky received no notice from the Government or any other source that the Motion for Early Production had been filed.

2. On June 21, 2021, the Government served on Dr. Yudofsky's counsel a subpoena pursuant to Rule 17(c) ("the Subpoena") calling for his testimony at the competency hearing scheduled for September 13, 2021, and the production of medical records and related documents. *See* Dkt. No. 108, Ex. 1, 7. The Subpoena was dated May 10, 2021.

3. On August 4, 2021, the Court filed a Minute Order granting the Government's request for production "within thirty days of the issuance of this proposed order," thus setting a production deadline of August 28, 2021. *See* Dkt. No. 70, p. 3.

4. On August 5, 2021, the Government informed Dr. Yudofsky that it had previously filed a Motion for Early Production, which the Court had granted.[1] *See* Dkt. No. 108, Ex. 4. The Government represented that the Court's order "require[d] production within 30 days of service of the subpoena," which, according to the Government, made production due "immediate[ly]." Dkt. No. 103, Ex. 4.

---

[1] The Government waited *50 days* to notify Dr. Yudofsky of its Motion for Early Production.

2

5.     In other words, the Government claims that the Court's order set a retroactive production deadline of June 9, 2021, which is *56 days before* the Court issued its order and almost *two weeks before* the Government even served Dr. Yudofsky with the Subpoena.

6.     The Government arrived at this patently false conclusion by (1) incorrectly basing the service date on the date that was typed on the subpoena (May 10) and not the date the Subpoena was actually served (June 21), and (2) misrepresenting the specific relief requested in its own Motion for Early Production, which requested an order requiring production "within thirty days of the issuance of this Proposed Order." Dkt. No. 70, p. 3.

7.     On August 6, 2021, Dr. Yudofsky produced the Defendant's patient file, which consisted of 16 marked pages of handwritten physician's notes. Dkt. No. 108 at 8. Shortly thereafter, the Government falsely accused Dr. Yudofsky of withholding notes from an October 2018 visit and – for the first time – asserted that the Subpoena called for more than medical records and included "any and all emails between [Dr. Yudofsky] and Mr. Brockman…from January 2010 to present." Dkt. No. 108, Ex. 5.

8.     On August 11, 2021, Dr. Yudofsky noted disagreement with the Government's broad interpretation of the Subpoena's scope, which contravenes Federal Rule of Criminal Procedure 17(c), and sent formal notice of Dr. Yudofsky's intent, on the advice of counsel, to assert his Fifth Amendment right should he be called to testify at the September 13, 2021 hearing. *See* Dkt. No. 108, Ex. 6.

9.     On August 18, 2021, after conferring with counsel for the Government, Dr. Yudofsky filed under seal the Motion to Quash.

10. Later that day, the Government – without any prior notice to Dr. Yudofsky – filed a motion on the public docket[2] to show cause why Dr. Yudofsky should not be held in contempt pursuant to Fed. R. Crim. P. 17(g) [Dkt. No. 109] (the "Motion to Show Cause"). The Government's Motion to Show Cause provides no support for its latest interpretation of the Subpoena's scope or its assertion that the Subpoena was served on May 10.[3]

11. On August 23, 2021, Dr. Yudofsky filed a response to the Government's Motion to Show Cause [Dkt. No. 116], highlighting the inconsistencies in the Government's position and serial misstatements of fact.

12. The Government asserts that (i) Dr. Yudofsky is required to appear at the September 13, 2021 competency hearing despite providing advance notice of his intent to invoke his Fifth Amendment right, (ii) the Subpoena calls for "any and all" e-mails spanning more than a decade regardless of topic, and (iii) production is due "immediately." As a result of the Government's threats and Defendant's upcoming competency hearing, Dr. Yudofsky respectfully moves the Court to schedule a hearing as soon as practicable, but in no event later than September 10, 2021. Consistent with Special Order H-2021-17, issued by the Court on August 24, 2021, Dr. Yudofsky further respectfully requests that the hearing that is the subject of this Motion be held by video or audio conference.

---

[2] The Government refused Dr. Yudofsky's request to also file its motion under seal.

[3] *See* Dkt. No. 116, p. 6–7 (noting the Government "merely cites the Subpoena itself, which notably includes a blank Proof of Service").

## **CONCLUSION**

For the foregoing reasons, Dr. Yudofsky respectfully requests an oral hearing via videoconference or telephone on his Motion to Quash to permit the parties to argue the issues raised related to Dr. Yudofsky's obligations under the Subpoena before Defendant's September 13, 2021 competency hearing.

Dated: August 25, 2021

                                         Respectfully submitted,

                                         */s/ Nicholas E. Petree*
                                         Nicholas E. Petree (attorney-in-charge)
                                         Texas Bar No. 24083657
                                         Southern District of Texas Bar No. 778181
                                         **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                         1111 Louisiana Street, Ste. 44
                                         Houston, Texas 77002
                                         Tel: (713) 220-5800
                                         Fax: (713) 236-0822
                                         E-mail: npetree@akingump.com


                                         Mark J. MacDougall*
                                         Samantha J. Block*
                                         **AKIN GUMP STRAUSS HUAER & FELD LLP**
                                         2001 K Street NW
                                         Washington, D.C. 20006
                                         Tel: (202) 887-4000
                                         Fax: (202) 887-4288
                                         E-mail: mmacdougall@akingump.com
                                                  samantha.block@akingump.com

                                         *Counsel for non-party Stuart Yudofsky, M.D.*

                                         *\* Pro Hac Vice Applications to be filed*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served on all counsel of record via electronic filing in compliance with the Federal Rules of Civil Procedure on this 25th day of August 2021.

                                          */s/ Nicholas E. Petree*
                                          Nicholas E. Petree