UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROBERT T. BROCKMAN,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§　Cr. No. 4:21cr 009 GCH<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPLY TO DR. STUART YUDOFSKY'S RESPONSE TO UNITED STATES'
MOTION TO SHOW CAUSE**

　　The Government is not asking the Court to impose a finding of criminal contempt. Rather, the Motion requests that the Court find Yudofsky in *civil* contempt pursuant to Fed. R. Crim. P. 17(g), which allows a court to "hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court . . . ." Civil contempt "remedies the consequences of defiant conduct on an opposing party, rather than punishing defiance per se." *In re Bradley,* 588 F.3d 254, 264 (5th Cir. 2009). It "does not require the special safeguards that accompany criminal contempt proceedings, such as establishment of *mens rea* and proof beyond a reasonable doubt." *Id.* A court may hold a party in civil contempt if (1) a court order was in effect; (2) the order required certain conduct by the respondent, and (3) the respondent failed to comply with the court's order. *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009).

Here, an order was clearly in effect. The Court granted the Government's *unopposed* Motion under Rule 17(c)(1). *Minute Order, Dkt. 96; Motion, Dkt. No. 70*. The Government's Motion asked the Court to require Yudofsky to respond to the subpoena in full within 30 days of service. While Yudofsky was correct to point out that the subpoena at issue was served on June 21, not May 10, he has nevertheless failed to produce these documents in a timely fashion. Yudofsky was originally served with a hearing subpoena on February 24, 2021; the June 21 subpoena reflected the rescheduling of the competency hearing from June 29 to September 13. As such, his continued failure to comply warrants an order to show cause for why he should not be held in civil contempt until he complies with the Government's subpoena and the Court's Order.

On August 6, Yudofsky produced 16 pages of handwritten notes related to his examination of Defendant. Then, in no certain terms, Yudofsky's attorneys notified the Government that they would not produce any more records, including the requested emails and correspondence related to Defendant. Email from S. Block, Aug. 9, 2021, *Dkt. No. 108 at 36-37*. Ms. Block noted that she asked Yudofsky to "identify any email correspondence." But rather than complying with the subpoena's request for "emails and correspondence from January 1, 2010 to the present" related to Defendant, Ms. Block indicated that, at most, Yudofsky would only produce correspondence "fall[ing] within the terms 'administrative, financial and medical records.'" *Id.* This is not compliant with the plain language of the subpoena or the Court's July 29 Order. *Dkt. No. 96.*

Accordingly, the Court should issue an order to show cause for why Yudofsky should not be held in civil contempt if he continues to refuse to response to the Government's subpoena in full, as required by the Court's July 29 Minute Order.

DAVID A. HUBBERT
ACTING ASSISTANT
ATTORNEY GENERAL

*s/ Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
Mass. Bar No. 553615
Corey.smith@usdoj.gov
Tele:  202-514-5230

## Certificate of Service

I the undersigned do hereby certify that on the 27th day of August, 2021, I caused the electronic filing of the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to counsel of record.

/s/ *Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230