UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) <br> ) <br> ) |
| Plaintiff, | ) Case No. 4:21-cr-0009-GCH <br> ) |
| v. | ) <br> ) <br> ) |
| **ROBERT T. BROCKMAN,** | ) <br> ) |
| Defendant. | ) <br> ) |

**REPLY IN SUPPORT OF MOTION BY NON-PARTY STUART YUDOFSKY,
M.D. TO QUASH AND MODIFY GOVERNMENT SUBPOENA
<u>ISSUED PURSUANT TO FED. R. CRIM. P. 17(c)</u>**

Non-party Stuart Yudofsky, M.D.'s ("Dr. Yudofsky") submits this Reply in support of his Motion to Quash and Modify[1] [Dkt. No. 108] ("Motion to Quash") the subpoena issued by the United States (the "Government") pursuant to Fed. R. Crim. P. 17(c) subpoena (the "Subpoena").

---

[1] Dr. Yudofsky moves to (i) quash the subpoena issued by the Government to the extent that it demands the appearance of Dr. Yudofsky at Defendant's competency hearing on September 13, 2021, despite Dr. Yudofsky's clearly stated intent (on the advice of counsel) to decline to answer any and all questions in reliance on his right under the Fifth Amendment to the U.S. Constitution and (ii) modify the Rule 17 Subpoena, to the extent that the Government lawyers contend that the Rule 17 Subpoena calls for production of records that (a) are beyond the scope of the records called for under the plain language of the subpoena and that have already been produced by Dr. Yudofsky and (b) are otherwise immaterial to the question of the present mental competency of the Defendant, for which the Government caused the Rule 17 Subpoena to be issued.

1

## INTRODUCTION

The government now concedes (in a footnote) its false representation to the Court and acknowledges that, at the time that it moved the Court to compel early production on June 16, 2021, the Fed. R. Crim. P. 17(c) Subpoena had not even been served on Dr. Yudofsky. Dkt. No. 119 at 4 n.1. Nevertheless, the Government contends this is "irrelevant to the issue before the Court." *Id.* What the Government fails to mention is that it filed its motion for early production related to the Subpoena on June 16, 2021, which the Government now concedes was *before* it had even served the Subpoena on Dr. Yudofsky. *See id.*; Dkt. No. 70. If there was a real need for expedition, perhaps the Government would have seen fit to serve the Subpoena in a timely manner – as it initially tried to persuade the Court before acknowledging its misrepresentation.

The Response also includes yet another recitation of its contrived distress over Dr. Yudofsky's invocation of a basic constitutional right. Dkt. No. 119 at 12. However, the Government has shown no good cause why a 77-year-old non-party witness who, on the advice of counsel, has invoked his constitutional right and has not evaluated Defendant in almost a year, should be compelled to appear in Court during a pandemic merely for the purpose of asserting the Fifth Amendment.

The Response also complains about Dr. Yudofsky's refusal to provide a "complete record of email exchanges" stretching "over approximately ten years." Dkt. No. 119 at 12. The Government's Response fails to provide any justification for its improper discovery requests, especially in light of the fact that Dr. Yudofsky is a non-party who is not involved

in this case. For these reasons, further discussed below, Dr. Yudofsky's Motion to Quash should be granted.

## ARGUMENT

**A.      The Government attempts to bully a non-party witness into waiving a fundamental constitutional right.**

The Government's claim that a witness may only be excused from appearing if a jury is present is unavailing and unsupported by controlling constitutional law.[2]  Dkt. No. 119 at 8–9.  None of the cases cited by the Government support such a limited view.  For example, the Government repeatedly cites *United States v. Melchor Moreno*, 536 F.2d 1042 (5th Cir. 1976).  The Government, however, glosses over the fact that the case dealt with the intersection of a criminal defendant's Sixth Amendment right to confront a cooperating witness with a witness's Fifth Amendment right not to testify – and the Government, of course, enjoys no Sixth Amendment rights.  *Melchor Moreno*, 536 F.2d at 1046.

Even less forthcoming than its reliance on *Melchor Moreno*, is the Government's citation to *United States v. Goodwin*, 625 F.2d 693 (5th Cir. 1980).  *Goodwin* involved Government intimidation of a defense witness.  *Goodwin*, 625 F.2d at 703.  The Fifth Circuit held that: "Threats against witnesses are intolerable.  Substantial government

---

[2] Contrary to the Government's assertion, Dr. Yudofsky did not make his intent to invoke his Fifth Amendment in a public filing. Dkt. No. 119 at 9 n.4. Dr. Yudofsky's Motion to Quash [Dkt. No. 108] was filed and still remains under seal. The Government, however, declined Dr. Yudofsky's request to file its motion under seal, putting Dr. Yudofsky's invocation on the public docket and requiring Dr. Yudofsky to file a subsequent Motion to Unseal the Motion to Quash. Dkt. No. 117 at 2. The Government's cavalier disregard for the truth should not be sanctioned.

interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant." *Id.*

The Government's reliance on *United States v. Lyons*, 703 F.2d 814 (5th Cir. 1983), for the proposition that "if the judge sustains a witness' assertion of the privilege, Defendant has no right to call the witness to the stand merely to force invocation of that right *before the jury*" is also misplaced. Dkt. No. 119 at 9 (quoting *Lyons*, 703 F.2d at 818) (emphasis added by the Government)). The Government takes an unwarrantedly narrow view of *Lyons*, concluding that a jury is required in order to protect a third party witness from being hauled into court just to assert his constitutional right.³ Moreover, *Lyons* – like the other cases the Government cites – deals with the collision of a Defendant's Sixth Amendment due process rights and a witness's Fifth Amendment right not to testify. Notwithstanding the Government's claims to the contrary, there is no authority – and the Government has cited none – supporting the Government's proposition that a non-party witness should be compelled to appear simply to assert his or her Fifth Amendment right.

It is no surprise that the Government's contention that a witness must demonstrate a basis for asserting the Fifth Amendment is relegated to the end of its argument. That contention finds not even the hint of support in relevant case law and the policy

---

³ The Government also cites *United States v. Malnik*, 489 F.2d 682 (5th Cir. 1974), in support of its contention that it can force a non-party witness to appear just to invoke his Fifth Amendment right. *See* Dkt. No. 119 at 8–9. *Malnik* concerned an agreement between the Government and a taxpayer to waive appearance in response to a summons. *Malnik* stated in dicta that a custodian of corporate records could not make a blanket claim of privilege. *Malnik*, 489 F.2d 685; *see also Knight v. Kirby Offshore Marine Pac., L.L.C.*, 983 F.3d 172, 177 (5th Cir. 2020) (citation omitted) ("A judge's power to bind is limited to the issue that is before him; he cannot transmute dictum into decision by waving a wand and uttering the word 'hold[ing]'.").

4

implications of the Government's position – if it were to be adopted by the Court – are disastrous. *Maness v. Meyers*, 419 U.S. 449, 462 (1975) ("Without something more [the witness] would be compelled to surrender the very protection which the privilege is designed to guarantee."). Indeed, the law is clear that a witness need not articulate the risk of incrimination as the Government suggests. *Hoffman v. United States*, 341 U.S. 479, 486–87 (1951) ("[I]f the witness, upon interposing his claim, were required to prove the hazard . . . he would be compelled to surrender the very protection which the privilege is designed to guarantee."); *cf. Ohio v. Reiner*, 532 U.S. 17, 21(2001) (quoting *Grunewald v. United States*, 353 U.S. 391, 421 (1957)) ("But we have never held…that the privilege is unavailable to those who claim innocence. To the contrary, we have emphasized that one of the Fifth Amendment's 'basic functions…is to protect innocent men…who otherwise might be ensnared by ambiguous circumstances.'").

"[T]he power to compel testimony is not absolute," and is subject to "the Fifth Amendment privilege against compulsory self-incrimination." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). "If the government feels that [Dr. Yudofsky's] testimony is worth it, and lacks any interest in prosecuting [him], it can grant [him] immunity." *In re Brogna*, 589 F.2d 24, 28 (1st Cir. 1978). Allowing the Government to continue to bully Dr. Yudofsky and compel him to invoke his constitutional right in person would invest prosecutors with a license to harass witnesses and waste judicial resources.

B.     The Subpoena does not meet the applicable legal standard.

As set forth in Dr. Yudofsky's opening brief, the Subpoena should be quashed for numerous reasons, including because it is an impermissible attempt by the Government to

5

make an end-run around the criminal discovery process. Dkt. No. 108 at 13–15. The Government's request for "all emails" between Dr. Yudofsky and Defendant concerning any topic over a period of more than ten years can bear no possible relation to the Defendant's current competency to stand trial. Fed. R. Crim. P. 17(c). *Id.* at 13–14. Although the Subpoena is invalid as interpreted by the Government, Dr. Yudofsky nevertheless produced Defendant's patient file and all e-mails between Defendant and Dr. Yudofsky since 2010 pertaining to Defendant's health.[4]

To the extent that the Subpoena seeks materials unrelated to Dr. Yudofsky's role as Defendant's physician, those requests are improper and should be denied under a long line of judicial precedent. The Government agrees that a Rule 17(c) subpoena is appropriate only if "(1) the subpoenaed document is relevant, (2) admissible, and (3) it has been requested with adequate specificity." Dkt. No. 119 at 11 (quoting *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) citing *United States v. Nixon*, 418 U.S. 683, 697–702 (1974)). But the materials sought by the Government fail to meet this burden because they do not go to the issue of Defendant's competency – which is the sole purpose for which the Subpoena was authorized and issued. Dkt. No. 119 at 12 (seeking "evidence relevant to Defendant's alleged mental competency"); *see also United States v. Marcello*, 423 F.2d 993, 1006 (5th Cir. 1970) (concluding that a Rule 17(c) subpoena seeking to compel the pretrial production of the personnel files of the government's chief witness "was clearly [an] attempt to use Rule 17(c) as a discovery device, which it is not").

---

[4] On August 30, 2021, Dr. Yudofsky produced 37 e-mails (45 pages) pertaining to Defendant's health.

Contrary to the plain language of the Subpoena, the Government now claims it is entitled to over a decade of e-mail correspondence – regardless of topic. This is clearly outside the scope of the Subpoena, which is limited to "Administrative, Financial, and Medical Records." The most that the Government has offered in support of the extraordinary relief it now seeks are vague assertions that it "hopes that [Dr. Yudofsky] will provide useful testimony" and that the document requests are "tailored to a specific period of time that is highly likely to reveal additional evidence of Defendant's self-evaluation of his health." Dkt. No. 119 at 8, 12. Such conclusory statements should not stand. *See United Sates v. Cuthbertson*, 630 F.2d 139, 146 (3rd Cir. 1980) (holding "general assertion[s]" and "mere hope that some exculpatory material might turn up" was insufficient to justify enforcement of a subpoena under Fed. R. Crim. P. 17(c)).

The Government is engaged in bullying campaign against a witness who is not a party to this case in an obvious attempt to coerce and obtain evidence to which the Government is not entitled. Protecting innocent citizens from governmental abuse is a fundamental function of the courts. There is an "ever present need, power and duty resting upon the trial court to protect witnesses from undue harassment or embarrassment." *United States v. Crosby*, 462 F.2d 1201, 1202 (D.C. Cir. 1972); *see also United States v. Alston*, 460 F.2d 48, 52 (5th Cir. 1972) ("The trial court must have some authority to armor a witness against extra-judicial weaponry.").

## CONCLUSION

For the foregoing reasons, Dr. Yudofsky respectfully moves the Court pursuant to Fed. R. Crim. P. 17(c) to grant its Motion to Quash and issue an Order (a) quashing the

Rule 17 Subpoena issued to Dr. Stuart Yudofsky, to the extent that it requires Dr. Yudofsky to appear at the competency hearing that is currently set down for September 13, 2021, and (b) modifying the Rule 17 Subpoena to the extent that the obligation of Dr. Yudofsky to produce responsive documents to the Government shall be limited to administrative, financial and medical records relating to the medical and psychiatric condition of the Defendant.

Dated: September 3, 2021

                                      Respectfully submitted,

                                      */s/ Nicholas E. Petree*
                                      Nicholas E. Petree (attorney-in-charge)
                                      Texas Bar No. 24083657
                                      Southern District of Texas Bar No. 778181
                                      **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                      1111 Louisiana Street, Ste. 44
                                      Houston, Texas 77002
                                      Tel: (713) 220-5800
                                      Fax: (713) 236-0822
                                      E-mail: npetree@akingump.com

                                      Mark J. MacDougall*
                                      Samantha J. Block*
                                      **AKIN GUMP STRAUSS HUAER & FELD LLP**
                                      2001 K Street NW
                                      Washington, D.C. 20006
                                      Tel: (202) 887-4000
                                      Fax: (202) 887-4288
                                      E-mail: mmacdougall@akingump.com
                                                    samantha.block@akingump.com

                                      *Counsel for non-party Stuart Yudofsky, M.D.*

                                      * *Pro Hac Vice Applications to be filed*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served on all counsel of record via electronic filing in compliance with the Federal Rules of Civil Procedure on this 3rd day of September 2021.

                                        */s/ Nicholas E. Petree*
                                        Nicholas E. Petree