# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT T. BROCKMAN,<br><br>*Defendant*. | Cr. No. 4:21-cr-009-GCH<br><br>**EMERGENCY MOTION** |

## PETITIONER'S OPPOSED EMERGENCY MOTION TO STRIKE OR SEAL

TO THE HONORABLE GEORGE C. HANKS JR., UNITED STATES DISTRICT JUDGE:

Petitioner Tangarra Consultants, Ltd., respectfully requests that the Court strike or place under seal the affidavit from ***sealed proceedings*** before the Supreme Court of Bermuda that the Government has publicly filed as Exhibit 1 to its Opposition to Tangarra's Motion to Strike, Dkt. No. 104-1.[1]  The affidavit in question was subject to a November 5, 2018 Order of the Supreme Court of Bermuda (itself under seal) placing the entire court file in that action under seal.  *See* Ex. 1, *In the Matter of The B Trust* [2020]

---

[1] Petitioner's July 20, 2021 Motion to Strike, currently pending before the Court, seeks to strike from the Brockman Indictment the Government's repeated and improper accusations against Petitioner—an unindicted third party—in that Indictment based on long-established Fifth Circuit precedent holding that accusing a named third party of wrongdoing in an indictment violates the party's right to due process.  *See* Dkt. No. 87; *United States v. Briggs*, 514 F.2d 794, 806 (5th Cir. 1975); *In re Smith*, 656 F.2d 1101, 1106 (5th Cir. 1981).

SC (Bda) 30 Com. (2020 July 23) at ¶¶ 19-20 (discussing basis and background of November 5, 2018 confidentiality order providing "for the Court file to be sealed and for these proceedings to be heard *in camera*"). As a sealed court document, the government never should have filed the affidavit on this Court's public docket and – even if it inadvertently did so – should have corrected its error when it was notified of the improper filing a month ago.[2] *See* Dkt. No. 107 at footnote 1 (noting that the government filed under-seal material as a public exhibit); Ex. 2 (Aug. 23, 2021 letter from Bermuda Barrister Paul Harshaw to Corey Smith explaining Bermuda sealing order and requesting that the Department of Justice remover the affidavit from the public domain). The government has consistently refused to do so.

Petitioner seeks emergency relief at this time because—perhaps inevitably—a media outlet has now accessed the copy of the sealed affidavit filed on this Court's docket and reported on its contents. The affidavit contains sensitive personal and financial information about the affiant and his family, including but not limited to the affiant's home address; his personal finances, work history, and compensation; the assets and finances of his wife and wife's family; and discussion of the schooling arrangements for affiant's minor children. On September 16th, the Bermuda Royal Gazette posted a link to the DOJ-filed copy of the sealed affidavit online and published a series of articles

---

[2] Indeed, the Government had no legitimate reason to cite the 56-page sealed affidavit at all— and certainly no reason to file it publicly. It was only cited in the Government's Opposition once, for the mundane, irrelevant, and uncontested point that Tangarra was used to facilitate its director's employment with defendant Robert Brockman. See Opp. 1, Dkt. No. 104. That point, irrelevant as it is, could easily have been made without the affidavit or with the exhibit filed under seal.

containing extensive references to the affidavit.  One of those articles states that the "affidavit was sealed by the Bermuda Supreme Court but is now a publicly-available court document in the US."  *See* Sam Strangeways, *Lawyer is key witness in largest-ever US tax evasion case*, The Royal Gazette, Sept. 16, 2021.  Avoiding such public disclosure is, of course, the whole reason why the Bermuda proceedings were sealed by the Bermuda Supreme Court in the first place.

For reasons of comity and to prevent further improper use of the sealed materials, petitioner respectfully requests on an emergency basis that Exhibit 1 to the government's Opposition, Dkt. No. 104-1, be struck from the record or placed under seal.  *See In re Smith*, 656 F.2d 1101, 1107 (5th Cir. 1981) (directing the clerk of court to "completely and permanently obliterate and strike . . . any and all identifying reference to or name of Mr. Smith, the Petitioner, so that such references may not be used as a public record to impugn the reputation of Petitioner"); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

        Respectfully submitted,

        */s/ Philip H. Hilder*

        Philip H. Hilder
        State Bar No. 09620050
        Stephanie K. McGuire
        State Bar No. 11100520
        819 Lovett Blvd.
        Houston, Texas 77006-3905

Telephone (713) 655-9111
Facsimile (713) 655-9112
philip@hilderlaw.com
stephanie@hilderlaw.com

*Of Counsel:*
*Paul Rauser*
*Branden Lewiston*
Aegis Law Group, LLP
801 Pennsylvania Ave., NW
Washington D.C. 20004
Telephone (202) 737-3375
Facsimile (202) 737-3330

## CERTIFICATE OF CONFERENCE

On September 16, 2021, counsel for Tangarra attempted to contact counsel for the government by phone regarding this motion. Counsel for the government could not be reached therefore this motion should be considered opposed.

*/s/ Stephanie K. McGuire*

## CERTIFICATE OF SERVICE

I certify that on September 17, 2021, I electronically submitted the following document with the Clerk of Court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Stephanie K. McGuire*