[2020] SC (Bda) 30 Com (23 July 2020)

# In The Supreme Court of Bermuda

### COMMERCIAL JURISDICTION
### 2018 No: 376

IN THE MATTER OF THE B TRUST

BETWEEN

MEDLANDS (PTC) LIMITED

**Plaintiff**

And

**(1) THE ATTORNEY GENERAL**
**(2) RTB** (in his personal capacity, his capacity as potential Protector of the B Trust and as representative of the other Beneficiaries, Descendants and Ultimate Distributees of the B Trust pursuant to RSC Order 15 rule 13)
**(3) ~~BERMUDA TRUST COMPANY LIMITED~~**
**(4) HSBC PRIVATE BANK (C.I.) LIMITED**
(formerly Bank of Bermuda (Guernsey Limited)
**(5) MARTIN LANG**
**(6) GROSVENOR TRUST COMPANY LIMITED**

**Defendants**

# RULING
(On the Papers)

| | |
|---|---|
| Filing Dates of Submissions/Evidence: | Friday 24 April 2020 – Tuesday 5 May 2020 |
| Date Draft Ruling Circulated: | Tuesday 9 June 2020 |
| Post-Draft Ruling Submissions: | Thursday 11 June – Friday 3 July 2020 |
| Decision: | Thursday 23 July 2020 |
| | |
| Plaintiff: | Mr. Jeffrey Elkinson |
| | (Conyers Dill & Pearman Limited) |
| Joinder Applicant: | Mr. Mark Diel/Ms. Katie Tornari |
| | (Marshall Diel & Meyers Limited) |

*Beddoe Proceedings / Part IV Trustee Act 1975 and RSC O. 85 /Application for Disclosure of Trust Documents on Former Trustee / Displaced Trustee's Joinder Application*

5. *A Final Injunction compelling the Defendant, following delivery up to the Plaintiff pursuant to 5 above, to take all reasonable steps permanently and securely to delete and/or destroy and/or procure the deletion and/or destruction of all soft copy documents relating to the operation of the Plaintiff and/or the Trust which remain in his possession, custody or control;*

6. *An Injunction restraining the Defendant from disclosing to any person any confidential information relating to the Plaintiff and/or the Trust;*

7. *An Inquiry into any unauthorized disclosures by the Defendant of confidential information relating to the Plaintiff and/or the Trust following his resignation as director of the Plaintiff;*

8. *Equitable compensation to be assessed for: (a) breach of confidence; (b) misuse of confidential information; and (c) any trust monies and/or property dissipated by the Defendant, along with compound interest to be assessed on the trustee basis;*

…

***Relief Granted in the Proceedings Prior to the start of the Injunction Proceedings***

The Confidentiality Order

19. On 5 November 2018, I granted the terms prayed on Plaintiff SJTC-JG's *ex parte* summons for the Court file to be sealed and for these proceedings to be heard in camera. Additionally, I ordered that any judgment in this matter be anonymized to protect the identity of the parties. I shall refer to this as "the Confidentiality Order."

20. In making the Confidentiality Order, I had regard to the factual background narrated to the Court on the First Affidavit of Mr. Gilbert sworn on 1 November 2018. This was accompanied by a skeleton argument on behalf of Plaintiff SJTC-JG which, in part, provided:

"*1. St John's is a Bermuda exempted company which was incorporated (page 30 of the Exhibit) to be the trustee of the (B Trust)…The Trust is most likely today a trust with only charitable objects. The expression 'most likely' is used as the administration of the Trust and a full understanding of its present structure and operation are hampered by the breach of fiduciary duties of a former director of the corporate trustee, Mr. Evatt Tamine who has removed Trust records from the trustee…However, some reconstruction has taken place and the likelihood of the Trust being validly constituted and being only for charitable purposes is high…*

*THE APPLICATION FOR A CONFIDENTIALITY ORDER*