UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT T. BROCKMAN,**<br><br>Defendant. | §§§§§§§§§§§§§ Cr. No. 4:21cr 009 GCH |

### UNITED STATES' OPPOSITION TO
### TANGARRA'S MOTION TO SEAL THE TAMINE AFFIDAVIT

The United States opposes Petitioner Tangarra Consultants Limited's Motion to Seal the affidavit of Evatt Tamine ("Tamine Affidavit") which was filed as an exhibit to the United States' Opposition to Tangarra's Motion to Strike "Tangarra" from the Indictment in this case. *See ECF Nos. 87, 104 and 104-1.* Tangarra has not presented any compelling reasons which overcome the common law presumption that judicial proceedings in the United States, including pleadings, are to be open to the public.

### FACTUAL BACKGROUND

On July 20, 2021, Tangarra, through its counsel, filed a motion to strike the name "Tangarra" from the Indictment in this case. *See ECF No. 87.* In short, counsel for Tangarra argued that Tangarra was not involved in the underlying allegation in the Indictment, that it was an innocent third-party foreign entity whose name should be

removed from the Indictment. On August 10, 2021, the United States filed its Response to this Motion. *See ECF No. 104*. The United States argued that contrary to Tangarra's assertions, during the time period covered by the Indictment Tangarra was an entity closely aligned with the Defendant charged in the Indictment. Specifically, Tangarra was a Bermuda entity used by the Defendant to commit the crimes alleged in Counts Fifteen through Thirty-Four, through his employment of Individual One (Tamine) who is the director/owner of Tangarra. The Indictment does not allege in Counts Fifteen through Thirty-Four that Tangarra, as an entity, engaged in any criminal behavior. In support of its Response to the Motion to Strike, the United States attached the Tamine Affidavit as Exhibit 1. The Tamine Affidavit states that Tamine formed Tangarra in Bermuda as an accommodation for the Defendant, and that the Defendant made all substantive decisions regarding Tamine's management of the Defendant's offshore entities. *See ECF No. 104-1, para. 73 – 78*. These statements in the Tamine Affidavit directly contradict the assertions made by Tangarra's counsel in the Motion to Strike.

The United States received a copy of the Tamine Affidavit on July 8, 2020 from counsel for St. John's Trust Company, ("SJTC") via email. *See Exhibit 1*. SJTC is a Bermuda entity that during the time period relevant to the Indictment, was the trustee for Defendant's offshore trust, the A. Eugene Brockman Charitable Trust ("AEBCT"). As alleged in the Indictment, and stated in the Tamine Affidavit, from 2010 to 2018 Tamine was the director of the SJTC, the de facto "trustee" of the AEBCT, and took direction in

this regard directly from the Defendant.[1] The Tamine Affidavit was purportedly filed as an attachment to a Petition filed by the SJTC in Bermuda to join these proceedings in Bermuda. *See Sealed Exhibit 3*. At the time, the United States was informed that these pleading were not filed under seal. *See Exhibit 2*. It appears that these Bermuda proceedings concerned the changing of trustees of "Trust B" from SJTC to another trustee. SJTC Petition for Joinder was denied by the Court in Bermuda. *See Sealed Exhibit 4*. The United States was not a party to these proceedings.

## ARGUMENT

In the United States there is a common law presumption that absent a compelling need, judicial proceedings and pleadings are to be opened to the public. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312 (1978); *Press-Enterprise Company v. Superior Court of California for the County of Riverside,* 478 U.S. 1, 11-12, 106 S.Ct. 2735, 2740-2; (1986); *United States v. The Methodist Hospitals, Inc.*, 91 F.3d 1026, 1031, 1032 (7th Cir. 1996). Here, there are no compelling reasons for the Tamine Affidavit to be sealed. The Tamine Affidavit does not contain any "protected information," as defined by Fed. R. Crim. P. 49.1, or any other sensitive information such as medical records or financial account information. Further, the Tamine Affidavit is relevant to Tangarra's Motion to Strike, and specifically contradicts assertions made in that Motion. Tangarra, and or Tamine's, embarrassment at these contradictions does not constitute grounds to seal the Tamine Affidavit.

---

[1] The AEBCT is central to the allegations contained in Counts One through Fourteen of the Indictment in this case.

While the underlying proceedings in Bermuda cited by Tangarra in its motion were sealed by the Court in Bermuda, the Tamine Affidavit, standing alone, does not contain any designation on its face that it was filed "Under Seal," not does the SJTC Petition. *See Sealed Exhibit 3.* It is questionable whether the Bermuda Court's sealing order exhibited by Tangarra in its motion even applies to the SJTC Petition for Joinder or the Tamine Affidavit. *See Exhibit 1 to Tangarra's Motion - ECF 140-1.* The Bermuda Court's Sealing Order is dated July 23, 2020, however, on its face, the Order make no reference to the SJTC Petition for Joinder or the Tamine Affidavit. Moreover, the Order states that evidence in these proceedings was received from April 24, 2020 through May 5, 2020, with post hearing submissions received on July 3, 2020. The Tamine Affidavit is dated July 4, 2020. *See ECF 104-1 – Tamine Affidavit.*

A review of the Tamine Affidavit also reveals that it does not contain any of the details of the sealed proceedings in Bermuda; it is simply a historical recitation by the affiant Tamine of relevant facts. Finally, the United States was not a party to the proceedings in Bermuda and did not receive the Tamine Affidavit through those proceedings. While it may be questionable whether the sealing order in Bermuda applies to the United States or this Court, this is not a question the parties, or this Court, needs to address. The Tamine Affidavit is not a "pleading" in the Bermuda proceedings, it is simply a factual statement by an affiant which is directly relevant to this case, and received by the United States outside of the Bermuda proceedings. There is no articulable prejudice to any of the parties to the Bermuda proceedings, or the Bermuda Court, through the publication of the Tamine Affidavit.

## CONCLUSION

The Motion to Seal the Tamine Affidavit fails to establish any compelling need to deny public access to these pleadings, and accordingly the Court should deny the Motion.

Respectfully submitted this 17th day of September 2021,

DAVID A. HUBBERT
Acting Assistant
Attorney General
Tax Division

*/s/ Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
Department of Justice
Tax Division
Mass Bar No. 553615
corey.smith@usdoj.gov
Tele: (202) 514-5230
LEE LANGSTON
CHRISTOPHER MAGNANI
Trial Attorneys
Department of Justice
Tax Division

Attorneys for United States of America

## Certificate of Service

      I the undersigned do hereby certify that on September 17, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to Defendant's counsel of record.

      /s/ *Corey J. Smith*
Senior Litigation Counsel
Department of Justice
Tax Division
Corey.Smith@usdoj.gov
(202) 514-5230