UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. ROBERT T. BROCKMAN, *Defendant*. | Cr. No. 4:21-cr-009-GCH  **EMERGENCY MOTION** |

**REPLY IN SUPPORT OF OPPOSED EMERGENCY MOTION
TO STRIKE OR SEAL**

The Government acknowledges in its Opposition that "the underlying proceedings in Bermuda . . . were sealed by the Court in Bermuda," but it nonetheless concludes that the affidavit—which was filed as part of those proceedings—was not sealed. Opp. 4, Dkt. No. 141. The Government misunderstands the nature of the sealing order in the Bermuda Supreme Court proceedings. As made clear in Petitioner's Exhibit 1 and the Government's Sealed Exhibit 4, the Bermuda Supreme Court entered an order on November 5, 2018, "for the Court file to be sealed and for these proceedings to be held in camera." Dkt. No. 140-1, ¶ 19.[1] Not part of the file, not some of the file, but "the Court file." That applies to the entire proceeding and every document docketed in the

---

[1] The Government states the sealing order is dated July 23, 2020. As made clear in the above-cited exhibits, July 23, 2020 is the date of a later order of the Bermuda Supreme Court *describing* its prior, November 5, 2018 order sealing the proceedings.

1

proceeding—including the affidavit—as Bermuda attorney and barrister Paul Harshaw explained to the Government in an August 23, 2021 letter. *See* Pet.'s Ex. 2, Dkt. No. 140-2 ("*All* documents filed in the Bermuda Trust Proceedings are the subject of confidentiality orders and all hearings held in the Bermuda Trust have been held *in camera*." (emphasis added)). Indeed, even the *name* of the proceeding is not publicly available. *Id.*

The Government cites the general presumption of access to judicial filings. But Petitioner is not a party to this case and should never have been publicly accused of misconduct in the first place. *See In re Smith*, 656 F.2d 1101, 11007 (5th Cir. 1981) (striking and sealing references to petitioner because "no legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights.").

In addition, the principle of comity supports respecting the sealing order of the Bermuda Supreme Court. *See, e.g., In re Transbrasil S.A. Linhas Aéreas*, No. 11-19484-BKC-AJC, 2014 WL 1655990, at *2 (Bankr. S.D. Fla. Apr. 25, 2014) ("This Court understood those [confidentiality] concerns and extended comity to the seal ordered in Brazil"), *aff'd sub nom. In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959 (11th Cir. 2016); *Compal Elecs., Inc. v. Apple Inc.*, No. 317CV00108GPCMDD, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017) (citing a "concern for comity," concluding that "compelling reasons exist for sealing the foreign complaints" because the complaints were "not publicly accessible" in the foreign jurisdictions and "neither [parties'] claims before this Court arise out of the contents of the foreign proceedings").

2

Further, the affidavit from sealed Bermuda proceedings has no relevance to this case, nor to Petitioner's first Motion to Strike. The Government solely cited the affidavit for the proposition that Tangarra was used to facilitate its director's employment with defendant Robert Brockman, which the Government now claims "directly contradict[s] the assertions made by Tangarra's counsel in the Motion to Strike." *See* Opp. 2, Dkt. No. 141. The Government never specifies which portion of Petitioner's first Motion to Strike this contradicts, for the simple reason that Petitioner never said anything to the contrary. *See generally* Pet.'s Mot., Dkt. No. 87. Petitioner's Motion instead relied on Fifth Circuit case law that "prohibits the Government from publicly accusing uncharged third parties of wrongdoing." *Id.* at 4 (citing *United States v. Briggs*, 514 F.2d 794, 806 (5th Cir. 1975)). The *only* substantive factual assertion regarding Petitioner in the Motion was that Petitioner never purchased debt, as it was accused of doing in the Brockman Indictment. *Id.* at 7.[2] Even if the Government must cite the affidavit for its Opposition, that citation can be just as easily made to a sealed exhibit, as the Government did for Sealed Exhibits 3 and 4 to its Opposition to this Motion.

The Government cites correspondence with a third-party attorney stating, without explanation, that the affidavit was not under seal. *See* Opp. Ex. 2, Dkt. No. 141-2. Since the Government filed its Opposition this morning, Petitioner's Washington counsel contacted the attorney in question and obtained a copy of a *second* email, which the

---

[2] As Petitioner noted in its first Motion to Strike, though the present accusations are inaccurate, even true accusations against uncharged third parties are prohibited. *See* Pet.'s Mot. at footnote 2, Dkt. No. 87.

3

Government did not see fit to bring to the attention of this Court. That second email—sent before the Government's instant Opposition—clarified that although the individual affidavit was not filed under seal, "in fact the entire court file that the pleading was lodged in was under seal." *See* Ex. 1 (email from M. Herrington to C Smith). Moreover, even if the Government did not understand that the affidavit was in fact part of a sealed court file at the time the Government publicly filed it, it remains the case that the Government has been on notice for a month that the affidavit was subject to the Bermuda sealing order. *See* Pet.'s Reply, Dkt. No. 107 at footnote 1; Pet.'s Ex. 2, Dkt. No. 140-2. Irrespective of fault, there is no legitimate reason that the affidavit about non-party Petitioner, from sealed Bermuda Supreme Court proceedings, should remain on the public docket in this case.

Finally, apparently relying on the venerable legal doctrine "no harm, no foul," the Government argues that "[t]here is no articulable prejudice to any of the parties to the Bermuda proceedings, or the Bermuda Court." That is self-evidently untrue on both counts. *First,* because of the Government's error, non-public, sensitive personal and financial information about the affiant and his family has now been released and written about in the newspapers. *Second,* by filing the affidavit in unredacted form, including all of the party names in its caption, the Government has directly undercut the Bermuda Supreme Court's confidentiality order. *See, e.g.,* Dkt. No. 140-2 (noting that "the title of the Bermuda Trust Proceedings does not even appear in the cause book" and that "[t]he public is not allowed to know the title of the cause, much less the evidence filed

4

therein"); Dkt. No. 140-1, ¶ 19 (Bermuda Supreme Court order that proceedings be held *in* camera and any judgment be "anonymized").

The Court respectfully requests that the affidavit be struck from the record or placed under seal by this Court.

                                      Respectfully submitted,

                                      */s/ Philip H. Hilder*_____

                                      Philip H. Hilder
                                      State Bar No. 09620050
                                      Stephanie K. McGuire
                                      State Bar No. 11100520
                                      819 Lovett Blvd.
                                      Houston, Texas 77006-3905
                                      Telephone (713) 655-9111
                                      Facsimile (713) 655-9112
                                      philip@hilderlaw.com
                                      stephanie@hilderlaw.com

*Of Counsel:*
*Paul Rauser*
*Branden Lewiston*
Aegis Law Group, LLP
801 Pennsylvania Ave., NW
Washington D.C. 20004
Telephone (202) 737-3375
Facsimile (202) 737-3330

## CERTIFICATE OF SERVICE

I certify that on September 17, 2021, I electronically submitted the following document with the Clerk of Court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Stephanie K. McGuire