# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | Criminal No. 4:21-cr-00009 |
| **ROBERT T. BROCKMAN** | § § | |

## DECLARATION OF KATHRYN KENEALLY

I, Kathryn Keneally, declare as follows:

1.  I am a member of the bar of the State of New York and various federal courts. On January 8, 2021, I was admitted *pro hac vice* to appear in the United States District Court for the Southern District of Texas. Dkt. No. 8. I am a partner of the law firm Jones Day and counsel for the Defendant Robert T. Brockman. I make this Declaration in support of Defendant Robert T. Brockman's Memorandum in Opposition to the United States' Letter Motion Regarding Privilege Logs.

2.  Attached hereto as Exhibit 1 is a copy of a grand jury subpoena addressed to Universal Computer Systems Holding Inc. ("UCSH") dated May 11, 2020. The subpoena requests "Email communications from bob_brockman@reyrey.com" for the time period "01/01/17 through present."

3.  "Reyrey" is an email domain owned by Reynolds and Reynolds, a company that is indirectly owned by UCSH. Mr. Brockman was employed by Reynolds and Reynolds during the time period referenced in the subpoena.

4. On September 4, 2020, counsel for Mr. Brockman provided the government with privilege logs concerning emails that were redacted or withheld by UCSH at Mr. Brockman's request, based on Mr. Brockman's privilege assertions. UCSH separately made determinations to redact or withhold documents from production to the government. I understand that the government has not required a privilege log from UCSH concerning emails sought by the May 11, 2020 grand jury subpoena.

5. Upon further review, counsel for Mr. Brockman determined that privilege log number 344 is not privileged. Defense counsel has notified counsel for UCSH that this document may be produced to the government.

6. Attached hereto as Exhibit 2 is a copy of a Rule 17(c) subpoena addressed to UCSH dated May 10, 2021. The hearing subpoena requests "Email communications from bob_brockman@reyrey.com for the time period including 6/10/2020 through present."

7. On August 18, 2021, counsel for Mr. Brockman received certain documents from UCSH that were sought by the May 10, 2021 subpoena. Counsel reviewed those documents for privilege.

8. On September 6, 2021, less than three weeks after receiving the documents, counsel for Mr. Brockman provided the government a second privilege log concerning emails sought by the May 10, 2021 subpoena. I understand that the government did not ask UCSH to provide a privilege log for documents that it withheld in response to the May 10, 2021 hearing subpoena.

- 3 -

9. It is my understanding that several thousand emails have been produced to the government by UCSH in response to the May 11, 2020 grand jury subpoena and May 10, 2021 hearing subpoena.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on September 23, 2021.

*/s/ Kathryn Keneally*
Kathryn Keneally

# EXHIBIT 1

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the

Northern District of California

### SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: UNIVERSAL COMPUTER SYSTEMS HOLDING INC.

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Grand Jury Room A - 17th Floor | Date and Time:<br><br>06/04/2020 9:00 am |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:
Please see attachment.

In lieu of personal appearance before the Grand Jury, the documents requested in the attachment may be delivered in an electronic storage format (CD, flash storage device, etc.) to:

IRS-Criminal Investigation
Attn: Ryan D. Rickey, Special Agent
1999 Broadway Street, 27th Floor
Denver, CO 80202
Tel. (303) 603-4951; Cell (702) 289-6587

Date: 05/11/2020



CLERK OF COURT

*Susan Y. Soong*
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

| This subpoena is issued on application of the United States of America | MICHAEL PITMAN, AUSA<br>U.S. Attorney's Office<br>150 Almaden Blvd., Ste #900<br>San Jose, California 95113 | |
|---|---|---|
| DAVID L. ANDERSON<br>United States Attorney | Telephone: (408) 535-5040 | *Michael Pitman* |

**ATTACHMENT TO SUBPOENA ISSUED to**
**UNIVERSAL COMPUTER SYSTEMS HOLDING INC.**

PRODUCE THE FOLLOWING:
All records/documents in your possession, custody or control relating to:

- **Email communications from bob_brockman@reyrey.com**

Time Period: **01/01/2017 through present**

Records should include all emails and attachments sent from the email address bob_brockman@reyrey.com for the above specified time period. Email communications should include original sent emails, email replies and email forwards which would also contain the previous communications to which the email is responding.

Emails provided should contain all header information including sender and recipient email addresses (including carbon copy (cc) and blind carbon copy (bcc)), date and time sent, subject line, etc. It is preferable that the emails be provided in a .pst file, but a .pdf portfolio file format is also acceptable.

This subpoena does not seek communications covered by any attorney-client privilege. To the extent you seek to withhold any responsive documents on grounds other than the attorney-client privilege, please log those documents, and provide sufficient, non-privileged information to enable the government to evaluate the applicability of the claimed privilege or other basis for non-disclosure.

INSTRUCTIONS FOR PRODUCTION OF ELECTRONICALLY STORED RECORDS

I. General
    A. Electronically stored records shall be produced in electronic form and shall include text data and image data held:
        1. In your record retention systems; and/or
        2. By your technology, data, or other service provider(s).

II. Text Data
    A. Text data relating to transactions shall be produced within a data file:
        1. Using a delimited ASCII text data format; or
        2. Using software that can export to a commonly readable, non-proprietary file format without loss of data.
    B. Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, amount, etc.)

III. Image Data
    A. Image data shall be produced in graphic data files in a commonly readable, non-proprietary format with the highest image quality maintained.
    B. Image data of items associated with transactions (e.g., cancelled checks, deposit slips, etc.) shall be:
        1. Produced in individual graphic data files with any associated endorsements; and
        2. Linked to corresponding text data by a unique identifier.

IV. Encryption/Authentication
    A. Electronically stored records may be transmitted in an encrypted container. Decryption keys and/or passwords shall be produced separately at the time the data is produced.
    B. Authentication, such as hash coding, may be set by agreement.
    C. Affidavits or certificates of authenticity for the records may be included as part of the electronic production.

V. Reimbursement

    A. The cost of producing financial records of certain customers may be reimbursable.  See the Right to Financial Privacy Act, 12 U.S.C., Section 3415 and 12 C.F.R., Part 219 (Regulation S) (revised effective 1/1/2010).

**Please contact Special Agent Ryan Rickey at 303-603-4951 with any questions.**

## DECLARATION OF CUSTODIAN OF RECORDS

Pursuant to 28 U.S.C. § 1746, I, the undersigned, hereby declare:

My name is _____ .
                    (name of declarant)

I am a United States citizen, and I am over eighteen years of age. I am the custodian of records of the business named below, or I am otherwise qualified as a result of my position with the business named below to make this declaration.

I am in receipt of a United States District Court Grand Jury Subpoena for the Northern District of California, signed by **Assistant U.S. Attorney Michael Pitman** requesting specified records of the business named below. Attached hereto are records responsive to the subpoena. Pursuant to Federal Rule of Evidence 902(11) and Federal Rule of Evidence 803(6), I hereby certify that the records attached hereto:

(1) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(2) were kept in the course of the regularly conducted business activity; and

(3) were made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ .

_____
(signature of declarant)

_____
(name of declarant)

_____
(name of business/firm)

_____
(business address)

_____

_____

## PROOF OF SERVICE

This subpoena for *(name of individual or organization)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

**Print**  **Save As...**  **Add Attachment**  **Reset**

# EXHIBIT 2

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Brockman, Robert T<br>*Defendant* | )<br>)<br>) Case No. 4:21-cr-00009<br>)<br>) |

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

To: Universal Computer Systems Holding (Reynolds & Reynolds)

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: U.S. Federal Building & Courthouse<br>515 Rusk Avenue<br>Houston, Texas 77002 | Courtroom No.: Hon. George C. Hanks Jr (600) |
|---|---|
| | Date and Time: September 13, 2021 at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see subpoena attachment.

Date: 5/10/2021

Nathan Ochsner,
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* The United States of America
, who requests this subpoena, are:

Charlie Escher
Assistant U.S. Attorney (AUSA)
U.S. Attorney's Office
1000 Louisiana, Suite 2300
Houston, Texas 77002
(713) 567-9000

Case No. 4:21-cr-00009

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT TO SUBPOENA ISSUED to
## UNIVERSAL COMPUTER SYSTEMS HOLDING INC.

PRODUCE THE FOLLOWING:

All records/documents in your possession, custody or control relating to:

- **Email communications from bob_brockman@reyrey.com for the time period including 06/10/2020 through present**

- **Records showing changes to the board of directors including additions of board members, resignations, removals, etc, for the time period including 01/01/2020 through present**

- **Records showing all changes to executive level positions including hiring/promotions of new executives, resignations, removals, retirements, etc, for the time period including 01/01/2020 through present**

- **All information regarding compensation packages for Robert T. Brockman and Norman "Tommy" Barras and any changes made to those compensation packages for the time period including 01/01/2020 through present including but not limited to records of payments made, employment contracts, and charitable contributions made on their behalf**

- **All board minutes and any attachments for the time period 01/01/2018 through present**

- **Billing records, payments, and invoices from/to outside law firms and/or counsel related to the representation of UCSH, and any of its subsidiaries and affiliates, in any civil litigation from 01/01/2018 to the present. Such records to specifically include billing records regarding the firm Shepard Mullin**

- **Records showing all donations to Baylor University or the Baylor College of Medicine for the time period 01/01/2018 through present.**

Time Period: **specific time periods listed above**

Regarding email records requested above, the records should include all emails and attachments sent from the email address bob_brockman@reyrey.com for the above specified time period. Email communications should include original sent emails, email replies and email forwards which would also contain the previous communications to which the email is responding.

Emails provided should contain all header information including sender and recipient email addresses (including carbon copy (cc) and blind carbon copy (bcc)), date and time sent, subject line, etc. It is preferable that the emails be provided in a .pst file, but a .pdf portfolio file format is also acceptable.

This subpoena does not seek communications covered by any attorney-client privilege. To the extent you seek to withhold any responsive documents on grounds other than the attorney-client privilege, please log those documents, and provide sufficient, non-privileged information to enable the government to evaluate the applicability of the claimed privilege or other basis for non-disclosure.

INSTRUCTIONS FOR PRODUCTION OF ELECTRONICALLY STORED RECORDS

Version 04/01/2010

14976392 1

I. General
    A. Electronically stored records shall be produced in electronic form and shall include text data and image data held:
        1. In your record retention systems; and/or
        2. By your technology, data, or other service provider(s).

II. Text Data
    A. Text data relating to transactions shall be produced within a data file:
        1. Using a delimited ASCII text data format; or
        2. Using software that can export to a commonly readable, non-proprietary file format without loss of data.
    B. Text data files relating to transactions shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, amount, etc.)

III. Image Data
    A. Image data shall be produced in graphic data files in a commonly readable, non-proprietary format with the highest image quality maintained.
    B. Image data of items associated with transactions (e.g., cancelled checks, deposit slips, etc.) shall be:
        1. Produced in individual graphic data files with any associated endorsements; and
        2. Linked to corresponding text data by a unique identifier.

IV. Encryption/Authentication
    A. Electronically stored records may be transmitted in an encrypted container. Decryption keys and/or passwords shall be produced separately at the time the data is produced.
    B. Authentication, such as hash coding, may be set by agreement.
    C. Affidavits or certificates of authenticity for the records may be included as part of the electronic production.

V. Reimbursement
    A. The cost of producing financial records of certain customers may be reimbursable. See the Right to Financial Privacy Act, 12 U.S.C., Section 3415 and 12 C.F.R., Part 219 (Regulation S) (revised effective 1/1/2010).

**Please contact Special Agent Evan Garrett at 719-217-4266 with any questions.**