UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　Plaintiff,<br><br>　v.<br><br>**ROBERT T. BROCKMAN,**<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§　Cr. No. 4:21cr 009 GCH<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**UNITED STATES' REPLY MEMORANDUM
REGARDING PRIVILEGE LOGS**

**I.　Introduction**

On April 9, 2020, counsel for Defendant informed the government that Defendant had dementia so severe that he should not even be indicted for his twenty-year multi-billion-dollar tax fraud. As part of its investigation into this claim, the government issued two subpoenas to his then-current and now former company for emails written by Defendant. The subpoenas covered the period of time during which Defendant continued to serve as Chairman and CEO of a 5,000-employee software company after he was allegedly diagnosed by his doctors with progressive dementia, and purportedly incompetent to assist in his own defense.

The company, Universal Computer Services Holding, Inc. (UCSH), provided both sets of subpoenaed documents to Defendant prior to complying with the government's subpoenas. Defendant's counsel then withheld selected documents claiming various

privileges.[1]  After receiving the privilege log on the second set of subpoenaed documents, the government requested additional clarification concerning forty-five documents that Defendant withheld pursuant to an assertion of attorney-client and/or "common interest" privileges.  At the September 13, 2021 status conference, the Court agreed to conduct an in-camera review of the documents and asked the parties to submit briefing concerning the common interest privilege.  Accordingly, the government submits this memorandum to aid the Court in its review.

## II. Legal Standards

A.  <u>Attorney-client privilege</u>.

A party seeking to withhold a document as privileged must establish (1) that the client made a confidential communication; (2) to a lawyer or her subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding.  *See United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997).  The party asserting a privilege exemption bears the burden of demonstrating its applicability. *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).  "[B]ecause the privilege is an obstacle to truth seeking, it must be construed narrowly to effectuate necessary consultation between legal advisers and clients." *Id.* (internal quotations omitted).

Within a corporation, communications between non-lawyers can still be privileged where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an

---

[1] Defendant claims UCSH also withheld documents without providing a privilege log or notifying the government.  The government has inquired whether UCSH did so but has not yet received a response.

employee discusses her intent to seek legal advice about a particular issue. *Datel Holdings Ltd. v. Microsoft Corp.*, No. C-09-5535 EDL, 2011 U.S. Dist. LEXIS 30872, 2011 WL 866933 at *5 (N.D.Cal. Mar. 11, 2011). The party asserting the privilege "must be able to establish the communication was made in confidence for the primary purpose of obtaining legal advice even though not a direct communication to or from counsel." *White v. Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, 586 F.Supp.2d 1250, 1269 (D.Kan. 2008).

B.  Common Legal Interest.

Ordinarily, the disclosure of a confidential communication to a third party waives the privilege. The privilege is not waived, however, if the privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication. *Hodges, Grant & Kaufmann v. United States Government*, 768 F.2d 719, 721 (5th Cir. 1985). The Fifth Circuit has held that only "two types of communications" are protected under the common legal interest privilege: "(1) communications between co-defendants in actual litigation and their counsel," and "(2) communications between *potential* co-defendants and their counsel." *In re Santa Fe*, 272 F.3d at 710 (emphasis in original). "There must be a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might some day result in litigation . . ." *Id.* at 711.

"Communications may be protected by the common legal interest privilege only if those communications *further* a joint or common interest." *Id.* at 710 (emphasis in original); *see also Vandenberg v. Univ. of St. Thomas*, No. 4:18-CV-379, 2020 U.S. Dist.

2

LEXIS 125193, at *3-4 (S.D.Tex. July 16, 2020)(Hanks, J.)(holding communications not privileged because they were not made "at the direction of counsel or for a clear litigation-related objective."). "Courts have not extended the common legal interest privilege to generalized shared business interests." *Tonti Mgmt. Co. v. Doggie*, No. 19-13134, 2020 U.S. Dist. LEXIS 253052, at *10 (E.D.La. June 25, 2020).

Here, Defendant's privilege logs appear to be claiming common interest privilege over communications where Defendant does not share a common legal interest with the recipient of the email "with respect to the subject matter of the communication." For example, Defendant claims common interest privilege over two emails with his COO Tommy Barras. *See* ECF 130-2, No. 520 ECF 130-1, No. 49.[2] These two emails have the potential to be highly relevant as both were sent by Defendant after his attorneys informed the government he was not competent to stand trial.

Defendant argues that these emails "reflect discussions among corporate stakeholders regarding questions that need to be asked of attorneys or information that needs to be shared with attorneys." ECF 148, p. 7. The description of each email, however, alleges they are a "request for confidential legal advice regarding DOJ criminal investigation, and reflecting a common legal interest." *Id.* While Defendant and Mr. Barras may well share a common legal interest with respect to certain corporate matters, it is difficult to see what shared interest they have concerning Defendant's criminal conduct with respect to his personal income tax returns. Absent a shared legal interest concerning

---

[2] ECF 130-1, No. 49 also claims work-product protection.

the *criminal investigation*, communications between defendant and Mr. Barras are not privileged.[3]

C.  Communications with Third Parties.

Defendant also claims that communications between Defendant and various non-attorney third parties are privileged where the communication with the third party is necessary for Defendant to obtain informed legal advice. ECF 148 at 8. While courts do recognize the privilege for communications with third parties that "facilitate" an attorney's representation of a client, that privilege is traditionally limited to third parties that help translate or simplify information for an attorney. *See United States v. Kovel*, 296 F.2d 918, (2d Cir. 1961). It does not protect any communications with a third party "solely because the communication proves important to the attorney's ability to represent the client." *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999); *see also United States Postal Service v. Phelps Dodge Refining Cor.*, 852 F.Supp. 156, 161 (E.D.N.Y. 1994)(where the experts' "function was not to put information gained from defendants into useable form for their attorneys to render legal advice, but rather, to collect information not obtainable directly from defendants" the privilege did not apply).

Here, Defendant appears to be claiming attorney-client privilege over conversations Defendant had with third parties because the information sought by Defendant might be useful to his attorneys. Such conversations are not protected by privilege. For example,

---

[3] ECF 130-2 Nos. 317 and 319 have a similar issue. Defendant has not appeared to meet the burden of showing two emails he sent to his company CFO regarding the "DOJ criminal investigation" in any way relate to their common corporate interest.

Defendant claims such privilege over several emails he wrote to his son. *See* ECF 130-1, No. 24; ECF 130-2, Nos. 485, 507, and 513. In those logs, Defendant describes the communication as "providing information needed to render further legal advice" (ECF 130-1, No. 24) or "reflecting confidential information by counsel to assist in rendering legal advice" (ECF 130-2, No. 513). Under *Ackert*, however, communications with counsel requesting facts do not receive the same protection as communications needed to interpret information.

D.   Work Product Protection.

The work product doctrine "derives from the desire to facilitate effective advocacy." *In re Burlington Northern, Inc.*, 822 F.2d 518, 524 (5th Cir. 1987). As with other privileges, the burden of establishing that a document is work product is on the party who asserts the claim. *Hodges*, 768 F.2d 719, 721 (5th Cir. 1985). Materials assembled in the ordinary course of business or for other non-litigation purposes are not protected by the work product doctrine. *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987), *cert. denied*, 484 U.S. 917 (1987). The inchoate possibility, or even likely chance of litigation, does not give rise to work product. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977).

The Fifth Circuit requires that anticipation of litigation be the "primary motivating purpose" behind the document's creation. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982), *cert. denied*, 466 U.S. 944 (1984). "Work product only protects documents produced by or for an attorney preparing for litigation." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991).

### III.  Conclusion

Based on the information available to the government, it does not appear that Defendant has met its burden of establishing that many of the documents in question are protected by any privilege. The government respectfully requests that after the Court conducts its in camera review, it order UCSH to produce any documents not properly protected by privilege.

Respectfully submitted this 29th day of September 2021,

        DAVID A. HUBBERT
        Acting Assistant
        Attorney General
        Tax Division

        */s/ Lee Langston*
        COREY J. SMITH
        Senior Litigation Counsel
        Department of Justice
        Tax Division
        Mass Bar No. 553615
        corey.smith@usdoj.gov
        Tele: (202) 514-5230
        LEE LANGSTON
        CHRISTOPHER MAGNANI
        Trial Attorneys
        Department of Justice
        Tax Division

        Attorneys for United States of America

## Certificate of Service

      I the undersigned do hereby certify that on September 29, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF electronic filing system, which will send notice of electronic filing to Defendant's counsel of record.

/s/ *Lee Langston*
Trial Attorney
Department of Justice
Tax Division
Lee.F.Langston@usdoj.gov
(202) 353-0036