# Exhibit A

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
 2                       HOUSTON DIVISION

 3   UNITED STATES OF AMERICA      )     NO. 4:21-CR-09
                                   )
 4                                 )
     VS.                           )     Houston, Texas
 5                                 )     10:31 a.m.
                                   )
 6   ROBERT T. BROCKMAN            )     SEPTEMBER 13, 2021

 7


 8
     **********************************************************
 9
                      ZOOM STATUS CONFERENCE
10
           BEFORE THE HONORABLE GEORGE C. HANKS, JR.
11
                  UNITED STATES DISTRICT JUDGE
12
                          VOLUME 1 OF 1
13

14   **********************************************************

15   APPEARANCES:

16   FOR THE GOVERNMENT:

17       Mr. Corey J. Smith
         Mr. Lee F. Langston
18       U.S. Department of Justice
         Tax Division
19       150 M Street NE
         Room 2208
20       Washington, DC 20002
         Tel:  202-514-9623
21       Email: Corey.smith@usdoj.gov
         Email: Lee.f.langston@usdoj.gov
22
         Mr. Boris Bourget
23       U.S. Department of Justice
         Tax Division
24       150 M. St. NE
         Washington, DC 20002
25       Tel:  202-532-3624
         Email:  Boris.bourget@usdoj.gov

              KATHY MILLER, RMR, CRR  -  kathy@miller-reporting.com
```

```
11:44:25   1  and, you know, this has been briefed, and the Fifth Circuit
           2  law is clear.  A party or a nonparty, you know, the target
           3  of a subpoena cannot unilaterally decide that they are
           4  claiming the Fifth Amendment and disregard the subpoena
           5  entirely.
           6              THE COURT:  I have to stop you there.  I have
           7  got that argument.  I mean, I respect Mr. MacDougall's
           8  argument, but the issue is, if you're going to plead the
           9  Fifth Amendment, you have to do it.  You can't just say you
11:44:36  10  are going to do it and then not show up.  The law is pretty
          11  clear there.
          12              Mr. MacDougall's argument, of course, is
          13  that this is just harassment.  There is really no reason to
          14  have him come down and sit by the courthouse for five hours
11:44:51  15  waiting to testify, but there are ways of dealing with
          16  that.  I mean, the bottom line in the Fifth Circuit law is
          17  if you are going to plead the Fifth Amendment, you don't
          18  get a pass and say, I don't have to show up because I am
          19  going to plead the Fifth.  You are going to have to come
11:45:03  20  down to the courthouse and plead the Fifth Amendment.
          21              ==If there is problems with inconvenience,==
          22  ==then we deal with that by having him go first, or==
          23  ==rearranging the court schedule so that he is only down==
          24  ==there for a minimal amount of time.==  So that argument we
11:45:17  25  don't need to address.  I understand it.  Respectfully, I
```

```
 1  just disagree with Mr. Brockman's counsel's position.
 2  Well, Dr. Yudofsky's counsel's position on that.  So, you
 3  can move on to the next topic.
 4              MR. BOURGET:  Okay.  And I will, Your Honor.
 5  And just to add very quickly with what Mr. MacDougall
 6  discussed about Dr. Yudofsky having to be at the courthouse
 7  for four to five days, there has never been any discussion
 8  about us scheduling, and sliding Dr. Yudofsky to, you know,
 9  a certain day or an afternoon, and that's something we are
10  happy to discuss.  But we have never at any point
11  communicated that Dr. Yudofsky would have to show up on the
12  first day and potentially stay, you know, for four or five
13  days, you know, however long the hearing lasts.
14              THE COURT:  I wouldn't let that happen.  I
15  mean, I wouldn't let somebody just sit out in the hall.  We
16  can coordinate schedules.  That is not a problem.
17              MR. BOURGET:  I understand.  So it sounds like
18  the Court understands the part about Dr. Yudofsky having to
19  come testify.  And so I will just reemphasize on -- in
20  terms of the production, yes, the materials that we are
21  seeking are directly related to the issue for the
22  competency hearing.
23              Mr. Brockman has put his ability to write
24  e-mails at issue, and Dr. Yudofsky is in this unique
25  position where he has communicated with Mr. Brockman about
```