# Exhibit B



# Akin Gump
## STRAUSS HAUER & FELD LLP

**MARK J. MACDOUGALL**
+1 202.887.4510/fax: +1 202.887.4288
mmacdgouall@akingump.com

November 5, 2021

**VIA ELECTRONIC MAIL**
Corey J. Smith & Lee F. Langston
Counsel for the Government
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

Kathy Keneally & Jason Varnado
Counsel for Robert T. Brockman
Jones Day
250 Vesey Street
New York, NY 1028

   Re: *United States v. Brockman*, Case No. 4:21-cr-00009-GCH

Ladies and Gentlemen,

  As you know our client, Stuart Yudofsky, M.D., has been served with a Rule 17(c) subpoena calling for his testimony at the competency hearing set to commence in the captioned case on Monday, November 15, 2021. As you also know, on the advice of counsel, when called to testify Dr. Yudofsky will assert his rights under the Fifth Amendment to the Constitution and decline to answer any questions put to him (beyond basic personal identifying information).

  Dr. Yudofsky is one of the nation's leading experts in the field of neuropsychiatry. Although 77 years old, he continues to treat a regular daily calendar of clinical patients in his practice and to consult with medical practitioners caring for patients suffering from the full range of neuropsychiatric conditions, including the long term neuropsychiatric effects of the COVID-19 epidemic. Attendance at the U.S. District Court in Houston for your competency hearing will require Dr. Yudofsky to alter his clinical schedule and will inevitably make him unavailable to those patients and to other physicians. For that reason, we are asking you to provide us with the date and time when Dr. Yudofsky will be called by the government to assert his Fifth Amendment rights in court, so that he can make the necessary adjustment to his clinical obligations.

  We raised this matter at the status conference that took place on September 13, 2021. In response, counsel for the government gave assurances that Dr. Yudofsky would not be required to linger in the courthouse until called to the stand. At the same time, the Court made clear that



**Akin Gump**
STRAUSS HAUER & FELD LLP

Corey J. Smith & Lee F. Langston
Kathy Keneally & Jason Varnado
November 5, 2021
Page 2

our client would not be subjected to such treatment in connection with this hearing. A copy of that exchange from the transcript of the September 13, 2021 conference is attached for your reference.

Given the passage of time and the straightforward nature of this request, we would ask for your response before Monday, November 8, 2021, so that sufficient time remains for Dr. Yudofsky to give notice to his patients and colleagues – and for us to take the matter up with the Court as needed.

Sincerely,

Mark J. MacDougall
Nicholas E. Petree
Samantha J. Block
*Counsel for Dr. Stuart Yudofsky, MD*

Enclosure

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION

UNITED STATES OF AMERICA        )       NO. 4:21-CR-09
                                )
                                )
VS.                             )       Houston, Texas
                                )       10:31 a.m.
                                )
ROBERT T. BROCKMAN              )       SEPTEMBER 13, 2021
```

************************************************************

ZOOM STATUS CONFERENCE

BEFORE THE HONORABLE GEORGE C. HANKS, JR.

UNITED STATES DISTRICT JUDGE

VOLUME 1 OF 1

************************************************************

APPEARANCES:

FOR THE GOVERNMENT:

    Mr. Corey J. Smith
    Mr. Lee F. Langston
    U.S. Department of Justice
    Tax Division
    150 M Street NE
    Room 2208
    Washington, DC 20002
    Tel: 202-514-9623
    Email: Corey.smith@usdoj.gov
    Email: Lee.f.langston@usdoj.gov

    Mr. Boris Bourget
    U.S. Department of Justice
    Tax Division
    150 M. St. NE
    Washington, DC 20002
    Tel: 202-532-3624
    Email: Boris.bourget@usdoj.gov

and, you know, this has been briefed, and the Fifth Circuit law is clear. A party or a nonparty, you know, the target of a subpoena cannot unilaterally decide that they are claiming the Fifth Amendment and disregard the subpoena entirely.

THE COURT: I have to stop you there. I have got that argument. I mean, I respect Mr. MacDougall's argument, but the issue is, if you're going to plead the Fifth Amendment, you have to do it. You can't just say you are going to do it and then not show up. The law is pretty clear there.

Mr. MacDougall's argument, of course, is that this is just harassment. There is really no reason to have him come down and sit by the courthouse for five hours waiting to testify, but there are ways of dealing with that. I mean, the bottom line in the Fifth Circuit law is if you are going to plead the Fifth Amendment, you don't get a pass and say, I don't have to show up because I am going to plead the Fifth. You are going to have to come down to the courthouse and plead the Fifth Amendment.

If there is problems with inconvenience, then we deal with that by having him go first, or rearranging the court schedule so that he is only down there for a minimal amount of time. So that argument we don't need to address. I understand it. Respectfully, I

```
                 1  just disagree with Mr. Brockman's counsel's position.
                 2  Well, Dr. Yudofsky's counsel's position on that.  So, you
                 3  can move on to the next topic.
                 4              MR. BOURGET:  Okay.  And I will, Your Honor.
11:45:33         5  And just to add very quickly with what Mr. MacDougall
                 6  discussed about Dr. Yudofsky having to be at the courthouse
                 7  for four to five days, there has never been any discussion
                 8  about us scheduling, and sliding Dr. Yudofsky to, you know,
                 9  a certain day or an afternoon, and that's something we are
11:45:49        10  happy to discuss.  But we have never at any point
                11  communicated that Dr. Yudofsky would have to show up on the
                12  first day and potentially stay, you know, for four or five
                13  days, you know, however long the hearing lasts.
                14              THE COURT:  I wouldn't let that happen.  I
11:46:05        15  mean, I wouldn't let somebody just sit out in the hall.  We
                16  can coordinate schedules.  That is not a problem.
                17              MR. BOURGET:  I understand.  So it sounds like
                18  the Court understands the part about Dr. Yudofsky having to
                19  come testify.  And so I will just reemphasize on -- in
11:46:21        20  terms of the production, yes, the materials that we are
                21  seeking are directly related to the issue for the
                22  competency hearing.
                23              Mr. Brockman has put his ability to write
                24  e-mails at issue, and Dr. Yudofsky is in this unique
11:46:36        25  position where he has communicated with Mr. Brockman about
```