UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>**ROBERT T. BROCKMAN,** )<br>)<br>  Defendant. )<br>_____) | Case No. 4:21-cr-0009-GCH |

## NON-PARTY STUART YUDOFSKY, M.D. - BENCH BRIEF

The Government has shown no good cause why Dr. Yudofsky, a nonparty witness subject to a Rule 17(c) subpoena, may not rely on his right under the Fifth Amendment to the U.S. Constitution and decline to answer the Government's questions in this matter. The Government has consistently refused to utilize the tool provided by Congress under such circumstances and obtain an order from the Court pursuant to 18 U.S.C. § 6001, *et seq*. The only conclusion that can be reasonably reached is that the Government wishes to persuade the Court to compel Dr. Yudofsky's testimony – over his assertion of the Fifth Amendment – while preserving the option to later use such testimony to prosecute Dr. Yudofsky in the future. The Government's position is without basis or precedent in applicable law.

### I. Dr. Yudofsky Is Not Required to Satisfy the Government with Regard to His Right Under the Fifth Amendment

The Government contends that Dr. Yudofsky has to somehow satisfy the Government with respect to the basis for asserting his Fifth Amendment right. *See, e.g.*, Non-Party Dr. Yudofsky Mot. to Quash, Ex. 8 (Dkt. No. 118) (refusing to consider a grant of immunity unless Dr. Yudofsky disclosed the "potential felon[ies]…committed"). That is not the law.

The Fifth Amendment guarantees that no person shall be compelled to be a witness against himself in a criminal case. As Justice Harlan explained over sixty years ago: "One of the basic functions of the privilege is to protect innocent men…who otherwise might be ensnared by ambiguous circumstances." *Grunewald v. United States*, 353 U.S. 391, 418 (1967); *Ohio v. Reiner*, 532 U.S. 17, 21 (2001). The Fifth Amendment "protects against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *See Kastigar v. United States*, 406 U.S. 441, 444–45 (1972).

A witness need not demonstrate a real likelihood of prosecution in order to invoke the privilege and the Government's attempt to establish otherwise is unpersuasive and unfounded. *See* Gov't Hearing Memo. at 16 (Dkt. No. 194) (quoting *United States v. Trowbridge*, No. 417-MC-1557, 2017 WL 5629883, at * 2 (S.D. Tex. Nov. 22, 2017) (applying different standard – "real danger" standard – when the Fifth Amendment is invoked in response to a summonses issued pursuant to the Internal Revenue Code

("IRC")).[1]  Rather, a witness may properly invoke the Fifth Amendment privilege when he "reasonably apprehends a risk of self-incrimination…though no criminal charges are pending against him…and even if the risk of prosecution is remote." *In re Corrugated Container Anti-Tr. Litig.*, 620 F.2d 1086, 1091 (5th Cir. 1980) (quoting *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1087, n. 5 (5th Cir. 1979)); *United States v. Ramos*, 537 F.3d 439, 455 (5th Cir. 2008).  "The privilege must be sustained if it is not 'perfectly clear' that the witness's answers 'cannot possibly' have a tendency to incriminate."  *United States v. D'Apice*, 664 F.2d 75, 77 (5th Cir. 1981) (quoting *Hoffman v. United States*, 341 U.S. 479, 488 (1951)); *In re Corrugated Container Anti-Tr. Litig.*, 620 F.2d at 1092 (citation omitted) ("When a witness can demonstrate any possibility of prosecution which is more than fanciful he has demonstrated a reasonable fear of prosecution sufficient to meet constitutional muster."); *United States v. Moreno*, 536 F.2d 1042, 1046 (5th Cir. 1976) ("If [] danger might exist, the court must uphold the privilege without requiring the witness to demonstrate that a response would incriminate him, the latter inquiry being barred by the privilege itself.").

## II.    The Government's Position Has No Precedent In Light of 18 U.S.C. § 6002

The Government evidently seeks to persuade the Court to compel Dr. Yudofsky – a third-party witness subject to a Rule 17(c) subpoena in a federal criminal proceeding – to

---

[1] Several cases which address the Fifth Amendment issue in the IRC summons context "have developed a standard for its application which is unique to § 7602 summons enforcement," and requires a taxpayer to demonstrate "an inquiry with dominant criminal overtones." *United States v. Harper*, 397 F. Supp. 983, 991 (E.D. Pa. 1975) (quoting *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969)).

answer the Government's questions despite assertion of his right not to answer under the Fifth Amendment. There is no reported case to support the Government's contention. The reason that no such case law can be found, is that Congress conferred on the Government a unique tool to obtain the testimony of a witness who refuses to testify on constitutional grounds. That tool – available only to Government prosecutors – resides in the provisions of 18 U.S.C. § 6001, *et seq.*[2] *See United States v. Int'l Paper Co.*, 457 F. Supp. 571, 573 (S.D. Tex. 1978) (When a witness invokes their Fifth Amendment privilege against self-incrimination, "the government [is] forced to request court orders granting immunity if it wished to hear their testimony."); *United States v. Berberian*, 767 F.2d 1324, 1327 (9th Cir. 1985) ("[T]he government was required to obtain a statutorily authorized order of immunity" when witness invoked his Fifth Amendment right.).

### III. Any Order Compelling Dr. Yudofsky's Testimony Over His Invocation of the Fifth Amendment Will *De Facto* Confer Use Immunity

While the Fifth Amendment grants the right to remain silent, that right is not absolute. *Kastigar*, 406 U.S. at 444. The Government can compel an individual to supply evidence or information normally protected by the Fifth Amendment if the witness is

---

[2] Section 6002 provides that when a witness is compelled by a district court order to testify over a claim of fifth amendment privilege:

> [T]he witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but no testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

18 U.S.C. § 6002.

provided immunity. Congress provided the Government with this effective tool for addressing individuals who seek protection of the court, and the protection of the Fifth Amendment, in 18 USC §§ 6001–6005.

The Due Process Clause prohibits the use of involuntary self-incriminating (i.e. "compelled") testimony. *United States v. Washington*, 431 U.S. 181, 188 (1977). Thus, when an individual has asserted a valid Fifth Amendment right against self-incrimination (which Dr. Yudofsky has done), he simply cannot be compelled to testify short of a formal statutory grant of immunity. *Pillsbury v. Conboy*, 459 U.S. 248, 256–57 (1983); *see also In re Reliant Energy Erisa Litig.*, No. H-02-2051, 2005 WL 8166073, at *2 (S.D. Tex. Jan. 28, 2005) (refusing to compel production of transcript over Fifth Amendment objection absent a duly authorized grant of immunity).

To date, the Government has refused to provide a grant of immunity. If Dr. Yudofsky is "nevertheless compelled to answer, his answers are inadmissible against him in a later criminal prosecution." *Lefkowitz v. Turley*, 414 U.S. 70, 78 (1973) (citing *Bram v. United States*, 168 U.S. 532 (1987)); *In re Corrugated Container Anti-Tr. Litig.*, 620 F.2d 1086, 1093 (5th Cir. 1980) (citing *In re Folding Carton*, 609 F.2d 867, 872 n. 11 (7th Cir. 1979)).

**IV.  Dr. Yudofsky is Prepared to Make an *In Camera Ex Parte* Proffer if Needed**

A court generally has no authority to grant immunity to a witness; rather, the power to grant such immunity lies solely within the discretion of the Executive branch. *See Pillsbury*, 459 U.S. at 261. A court, therefore, must grant the Government's petition so long as it meets the requirements of 18 U.S.C § 6001-6003.

The Court may conduct an *in camera* hearing to inquire into the legitimacy of Dr. Yudofsky's Fifth Amendment privilege.  *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980).  Dr. Yudofsky, however, may not be asked to explain how or why he could be harmed by answering the Government's questions.  That would compel Dr. Yudofsky "to surrender the very protection which the privilege is designed to guarantee."  *Hoffman v. United States*, 341 U.S. 479, 486–87 (1951).  If required by the Court, Dr. Yudofsky – through counsel – is prepared to make such an *ex parte* proffer *in camera* – after invoking his right to decline to answer the Government's questions.

Dated: November 18, 2021

        Respectfully submitted,

         */s/ Nicholas E. Petree*
        Nicholas E. Petree (attorney-in-charge)
        Texas Bar No. 24083657
        Southern District of Texas Bar No. 778181
        **AKIN GUMP STRAUSS HAUER & FELD LLP**
        1111 Louisiana Street, Ste. 44
        Houston, Texas 77002
        Tel: (713) 220-5800
        Fax: (713) 236-0822
        E-mail: npetree@akingump.com

        Mark J. MacDougall (*pro hac vice*)
        Samantha J. Block (*pro hac vice*)
        **AKIN GUMP STRAUSS HUAER & FELD LLP**
        2001 K Street NW
        Washington, D.C. 20006
        Tel: (202) 887-4000
        Fax: (202) 887-4288
        E-mail: mmacdougall@akingump.com
                samantha.block@akingump.com

        *Counsel for non-party Stuart Yudofsky, M.D.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served on all counsel of record via paper files in compliance with the Federal Rules of Civil Procedure on this 18th day of November 2021.

                                           */s/ Nicholas E. Petree*
                                           Nicholas E. Petree