**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 4:21-cr-00009** |
| | § | |
| **ROBERT T. BROCKMAN** | § | |

**DEFENDANT ROBERT T. BROCKMAN'S
MOTION TO MODIFY PROTECTIVE ORDER**

Defendant Robert T. Brockman respectfully requests that the Protective Order entered in this case on November 30, 2020, by the Honorable Judge William Alsup of the Northern District of California, *see* Order re Parties' Stipulated Request for Protective Order, Dkt. No. 1-2 at 265–269 ("Protective Order"), be modified to allow Mr. Brockman to use documents already available to the Internal Revenue Service in connection with the litigation of two matters that are being brought by Mr. Brockman to challenge on-going civil tax enforcement by the IRS.[1]  The government has informed defense counsel that it does not agree to any modification of the Protective Order in this case.

On September 9, 2021, the IRS issued a Notice of Jeopardy Assessment and Rights to Appeal concerning Mr. Brockman's alleged individual income tax liability for taxable years 2004 through 2007, 2010, and 2012 through 2018 (the "Jeopardy Assessment") and a Notice of Jeopardy Levy and Right of Appeal for collection of the alleged liability set

---

[1] The protective order was entered prior to the transfer of this case from the United States District Court for the Northern District of California.  For the Court's convenience, a copy of the Protective Order is attached as Exhibit 1 to the Declaration of Kathryn Keneally, affirmed January 21, 2022, and submitted in support of Mr. Brockman's Motion to Modify Protective Order. ("Keneally Decl.").

forth in the Jeopardy Assessment (the "Jeopardy Levy").  The IRS also immediately issued liens on real property and levies against financial accounts held by Mr. Brockman, his wife Dorothy Brockman, and his daughter-in-law, Elizabeth Brockman.

Mr. Brockman has exhausted administrative remedies challenging the Jeopardy Lien and Jeopardy Assessment.  His recourse is (1) to file a Complaint in this district for judicial review and abatement of the Jeopardy Assessment and Jeopardy Levy and (2) to file a Petition in the United States Tax Court to challenge the tax deficiency (the "Collateral Civil Proceedings").  26 U.S.C. §§ 6213(a), 6861(b), 7429(b)(1).  Mr. Brockman filed the Complaint seeking review and abatement of the Jeopardy Assessment and Jeopardy Levy yesterday, January 20, 2021, captioned as *Brockman v. United States*, No. 4:22-cv-00202 (SDTX), and will timely file the Tax Court Petition on or before January 26, 2022. Keneally Decl. at ¶ 7.

The IRS set out its purported basis for making a jeopardy assessment against Mr. Brockman in its Jeopardy Recommendation Report that accompanied the Jeopardy Assessment (the "Jeopardy Report").  It is apparent on the face of the Jeopardy Report that the IRS has had access to at least some of the materials that have been produced by the government in this case pursuant to the Protective Order.   Keneally Decl. at ¶ 5. Mr. Brockman, through his counsel, seeks modification to the Protective Order to put him on the same footing as the IRS in the Collateral Civil Proceedings.

Specifically, Mr. Brockman requests that:

(1)     the Court order the government to identify the discovery materials that have been provided to the defense in this case that have also been provided to the IRS in connection with its civil enforcement activities;

(2)     the Protective Order be modified to allow Mr. Brockman to use those materials in the Collateral Civil Proceedings; and

(3)     the Protective Order be modified to permit Mr. Brockman and his counsel to retain access to materials produced pursuant to the Protective Order until the conclusion of the Collateral Civil Proceedings.

Modifying the Protective Order as proposed will avoid the need for duplicative discovery between the parties, prevent prejudice to Mr. Brockman's substantial rights in the Collateral Civil Proceedings, and will not prejudice the government or any third parties. Good cause thus exists for the modification.

## BACKGROUND

As the Court is aware, the government in this case has charged Mr. Brockman with tax evasion.   In November 2020, before the government began producing any of its required discovery under Rule 16, Judge Alsup entered the Protective Order addressing materials to be produced by the government in discovery.   Dkt. No. 1-2 at 265–269, attached as Keneally Decl. Ex. 1.

The Protective Order restricts the use of discovery, stating that "materials provided pursuant to this protective order may only be used for the specific purpose of preparing or

presenting a defense in this matter, unless specifically authorized by the Court." Keneally Decl. Ex. 1 at 3.

The Protective Order also provides that "defense counsel shall return materials subject to this protective order (including any copies) to the United States within 28 days" after the conclusion of this criminal matter. Keneally Decl. Ex. 1 at 4. Finally, the Protective Order indicates that it "is without prejudice to either party applying to the Court to modify the terms of any protective order," and that the Court "shall retain jurisdiction to modify this order upon motion of either party even after the conclusion of district court proceedings in this case." Keneally Decl. Ex. 1 at 5.

To date, the government has already produced approximately 1 terabyte of data in discovery, which equates to approximately 5.3 million pages of discovery. Keneally Decl. at ¶ 3. The government has not completed its disclosure. *Id.*

Fundamentally, to present his positions and defend his substantial rights in the Collateral Civil Proceedings, Mr. Brockman must be able to review and rely upon relevant materials to which the IRS and government counsel have had access. He is entitled to receive as much in ordinary civil discovery. To the extent that Mr. Brockman and his counsel already have access to these materials, the Protective Order should not block their use in the Collateral Civil Proceedings. In other words, it makes no sense to deny Mr. Brockman and his counsel the use of materials already in their possession by standing on the formality of having those materials produced to them again, especially given the sheer volume of materials that have been produced. Nor is there any reason to require

Mr. Brockman's counsel to return these materials before the Collateral Civil Matters conclude, given his need to use them throughout those proceedings.

The very tight deadlines imposed by the Internal Revenue Code in connection with the judicial challenge to the Jeopardy Assessment and Jeopardy Levy make this relief all the more imperative. Section 7429(b)(1) required Mr. Brockman to file a lawsuit challenging the Jeopardy Assessment by January 21, 2022, and Section 7429(b)(3) of Title 26 (the Internal Revenue Code) requires that the Court make its determination as to the reasonableness of the jeopardy assessment "[w]ithin 20 days after a proceeding is commenced," making it nearly impossible for Mr. Brockman to obtain materials under the usual discovery procedures.[2] And again, it is unnecessary to impose this burden on him, or to risk restricting his right to present his case in the Collateral Civil Matters, to the extent that relevant materials are already within the possession of his counsel as the result of disclosure in the instant case.

Accordingly, the Protective Order should be modified to allow Mr. Brockman to use in the Collateral Civil Proceedings any materials he has obtained through discovery in this criminal matter to the extent the government attorneys in the Collateral Civil Proceedings have access to those materials.

---

[2] IRC § 7429(c) provides that an extension of this 20-day period may be granted for up to 40 days, based solely on the request of the taxpayer upon a showing of reasonable grounds.

## ARGUMENT

Under Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." What constitutes "good cause" to modify a Rule 16(d)(1) protective order is informed by the standards for modifying protective orders in the civil context. *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) ("[I]t is appropriate to analyze the 'good cause' requirement under the criminal rules in light of precedent analyzing protective orders entered in civil cases."). Courts routinely consider four factors when determining whether to modify a protective order: (1) "the nature of the protective order," (2) "the foreseeability, at the time of issuance of the order, of the modification requested," (3) "the parties' reliance on the order," and (4) "whether good cause exists for the modification." *Id*. (quoting *Peoples v. Aldine Indep. Sch. Dist*., No. CIV. A. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008)). "Good cause is the most important of these factors in the criminal context." *Id*.

Each of these factors supports modification of the Protective Order. Mr. Brockman seeks modification only to allow him to use documents obtained from the government in discovery here in the Collateral Civil Proceedings as well, so that he may be on an equal footing with the IRS without unnecessarily duplicating the discovery process.

### 1.    The Nature of the Protective Order Supports Modification

The "nature of the protective order" prong requires the Court to look to the terms of the protective order. In particular, "[a] blanket protective order is more likely to be subject to modification than a more specific, targeted order." *Ethylene Propylene*, 255 F.R.D. at

321; *see also Murata Mfg.*, 234 F.R.D. at 179 ("umbrella" protective orders are "most susceptible to modification").

The Protective Order here is framed broadly, with the restriction on use and the requirement that discovery be returned to the government applying to all production in this case, rather than being targeted to only specified documents.   The Order thus "grants sweeping protection to most, if not all, discovery materials produced in a litigation, even discovery material that a party would have been required to disclose in the absence of a protective order." *Ethylene Propylene*, 255 F.R.D. at 319.   Such blanket protective orders are "by nature overinclusive," and are thus "peculiarly subject to later modification." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988).

Also relevant under this factor is that the "nature of the Protective Order contemplates that a modification may be necessary and may be sought by any" party. *CustomPlay, LLC v. Amazon.com, Inc.*, No. 17-CV-80884, 2019 WL 2251110, at *3 (S.D. Fla. May 24, 2019).   That the Protective Order here expressly states that it is "without prejudice to either party applying to the Court to modify the terms of any protective order," and that the Court "shall retain jurisdiction to modify this order upon motion of either party even after the conclusion of district court proceedings in this case" weighs heavily in favor of allowing modification, as it reflects that the Protective Order was never intended to be the final word on permissible uses of the discovery produced in this case.   *See* Keneally Decl. Ex. 1 at 5.

### 2.    The Foreseeability Prong Weighs in Favor of Modification

The foreseeability prong also favors modification.  The Collateral Civil Proceedings that underlie this request for modification of the Protective Order were not yet pending when the Protective Order was issued, and indeed the IRS had not yet taken any action toward Mr. Brockman that would permit him to initiate civil proceedings.  The specific mechanism of the Jeopardy Assessment, which offers virtually no time for the course of ordinary civil discovery, was particularly unforeseeable, given the fact that such procedures are used only "sparingly."  *Fumo v. United States,* No. 13-3313, 2014 U.S. Dist. LEXIS 77082, at \*45, \*76 (E.D. Pa. June 5, 2014); IRS Policy Statement 4-88 ("Jeopardy assessments should be used sparingly . . . .").  To the extent the parties could have foreseen some possibility that the discovery at issue might eventually be useful in hypothetical collateral proceedings, that possibility was addressed through the Protective Order's language that it was "without prejudice to either party applying to the Court to modify" it. Keneally Decl. Ex. 1 at 5; *see, e.g.*, *Peoples*, 2008 WL 2571900 at \*2 (acknowledging that foreseeability prong weighs in favor of modification where order expressly contemplates modification).

### 3.    Modification Of The Protective Order Does Not Undermine Any Reliance Interest

The proposed modifications do not undermine any reliance the government may have made on the Protective Order.  *Infineon Techs. AG V. Green Power Techs. Ltd*., 247 F.R.D. 1, 3 (D.D.C. 2005) ("[T]here is no issue of reliance in this case because the confidentiality provisions will remain in place."); *CBS Interactive, Inc. v. Etilize, Inc*., 257

F.R.D. 195, 206 (2009) ("Mere reliance on a blanket protective order does not justify a refusal to modify it when a reasonable request for disclosure has been made."); *United Nuclear*, 905 F.2d at 1428 ("Defendants' desire to make it more burdensome for [parties] to pursue their collateral litigation is not legitimate prejudice.").

"Broadening the scope of the order would not destroy its essential purpose," because Mr. Brockman "will still be under the Protective Order guarding against" public disclosure if permitted to use the materials in the Collateral Civil Proceedings, such that the confidential information "will still be sheltered from the public." *Barnhardt v. Meridian Municipal Separate School Dist.*, 2013 WL 1182222, *2 (S.D. Miss. Mar. 5, 2013) (granting modification of protective order involving confidential student information). And Mr. Brockman, "already subject to this court's authority, will still be exposed to sanctions if [the defense] violate[s] the Order's provisions." *Id.* Moreover, any claim of reliance would be undermined by the Protective Order's repeated, express references to the possibility that it may be amended or that the Court may grant exceptions. *See, e.g., In re Ethylene Propylene*, 255 F.R.D. at 320 ("Where a protective order contains express language that . . . anticipates the potential for modification . . . it is not reasonable for a party to rely on an assumption that it will never be modified.").

### 4.    Good Cause Exists For Modification

Most importantly, good cause plainly exists for modification of the Protective Order in this case.  "Good cause includes the need to make information available for use in subsequent proceedings." *Peoples*, 2008 WL 2571900, at *3.  Courts thus routinely modify protective orders where "[a]llowing the modification of [the] Confidentiality Order will

avoid duplicative discovery by saving time, effort, and unnecessary expenses in [a] collateral case." *Gulf States Utilities Co. v. Associated Elec. & Gas Ins. Servs., Ltd.*, No. CIV. A. 89-4086, 1992 WL 300781, at *2 (E.D. La. Oct. 7, 1992); *see also Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986) ("[P]rotective orders should generally be modified to allow discovery in other actions."); *Team Worldwide Corp. v. Walmart Inc*., No. 2:17-CV-00235-JRG, 2019 WL 13078780, at *1 (E.D. Tex. Jan. 24, 2019) (finding good cause to modify protective order to allow party to use material obtained in discovery in subsequent arbitration and administrative proceedings).[3]

In a case whose reasoning has been approved by the Fifth Circuit, the Seventh Circuit opined that "[w]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980), *superseded by rule on other grounds*, *Bond v. Utreras*, 585 F.3d 1061, 1068 n.4 (7th Cir. 2009); *see also Superior Oil Co. v. American Petrofina Co. of Texas*, 785 F.2d 130 (5th Cir. 1986) (noting that the Court was "persuaded by the

---

[3] *See also, e.g., Foltz v. State Farm Mutual Auto. Ins. Co*., 331 F.3d 1122, 1131 (9th Cir. 2003) ("Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted."); *United States v. Anthem, Inc*., No. 1:16-CV-1493 (ABJ), 2016 WL 11164044, at *2 (D.D.C. Sept. 22, 2016) ("A significant factor for many courts is whether the discovery sought will obviate the need for that party to engage in duplicative discovery."), *report and recommendation adopted*, No. CV 16-1493 (ABJ), 2016 WL 11164027 (D.D.C. Sept. 26, 2016); *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, No. CV 07-3526 (PAM/JSM), 2009 WL 10711772, at *4 (D. Minn. Sept. 22, 2009) ("[T]he court should weigh the policy considerations of efficient resolution of litigation through the avoidance of duplicative discovery against any prejudice that may result to the substantial rights of the party opposing amendment.").

rationale" of *Wilk*); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (adopting the rule from *Wilk*).

These general rules should weigh all the more heavily here, where the accelerated timeline of the Jeopardy Assessment proceedings may render duplicative discovery infeasible as a practical matter, despite Mr. Brockman's legal entitlement to these documents in civil discovery.   Without modification of the Protective Order, Mr. Brockman faces the prospect of being forced to litigate the Jeopardy Assessment and the Tax Court case on an unfair playing field, as the government attorneys would have full access to documents on which Mr. Brockman would not be permitted to rely.  The proposed modifications to the Protective Order would avoid this substantial prejudice to Mr. Brockman without any prejudice to the government or third parties, and should be granted.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court modify the Protective Order to allow Defendant Brockman (i) to use discovery material obtained from the government in this matter in the Collateral Civil Proceedings to the extent that material is available to the government attorneys involved in the Collateral Civil Proceedings, and (ii) to retain such material until the conclusion of the Collateral Civil Proceedings.   Specifically, Mr. Brockman asks that the Court make the following modifications to the Protective Order (proposed additions are underlined):

1. "The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court, <u>and except that if any materials provided pursuant this protective order have also been made available to the government's attorneys in related civil litigation between the defendant and the government related to defendant's tax liabilities, those materials may also be used by the defendant for the specific purpose of preparing or presenting defendant's position in that related civil litigation.</u>"

2. "IT IS FURTHER ORDERED that defense counsel shall return materials subject to this protective order (including any copies) to the United States within 28 days after whichever event occurs last in time:  dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; ~~or~~ the conclusion of any direct appeal <u>in this criminal proceeding; dismissal of all related civil litigation between the defendant and the government regarding defendant's tax liabilities; final judgment in such civil litigation; or the conclusion of any direct appeal of a final judgment in such civil litigation.</u>"

To give effect to these proposed modifications, Mr. Brockman further asks that the Court direct the government to identify those materials that have been provided to the IRS in connection with its civil enforcement activities to allow Mr. Brockman timely access to those materials for use in the Collateral Civil Proceedings.  To the extent the government objects to identifying materials it has provided to the IRS in connection with civil enforcement activities, Mr. Brockman requests in the alternative that he be permitted to use all criminal discovery aside from grand jury testimony in the Collateral Civil Proceedings.

Dated:  January 21, 2022

*/s/ Jason S. Varnado*
Jason S. Varnado
Texas Bar No. 24034722
SDTX Ad. ID No. 32166
Email: jvarnado@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002

Telephone: 832-239-3939
Facsimile: 832-239-3600

Kathryn Keneally (*Admitted Pro Hac Vice*)
New York Bar No. 1866250
Email: kkeneally@jonesday.com
James P. Loonam (*Admitted Pro Hac Vice*)
New York Bar No. 4035275
Email: jloonam@jonesday.com
Sarah D. Efronson (*Admitted Pro Hac Vice*)
New York Bar No. 5217484
Email:sefronson@jonesday.com
Colleen E. O'Connor (*Admitted Pro Hac Vice*)
New York Bar No. 5764725
Email: colleenoconnor@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

Irina K. Bleustein (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1044772
Email: ibleustein@jonesday.com
Conor G. Maloney (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1632584
Email: cmaloney@jonesday.com
Patrick J. Manion (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1615138
Email: pmanion@jonesday.com
Michael R. Tompkins (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1720349
Email: mtompkins@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3450
Facsimile: 202-626-1700

*Attorneys for Defendant*
*Robert T. Brockman*

## CERTIFICATE OF CONFERENCE

I certify that by email exchange on January 19 and 20, 2022, Defendant's counsel conferred with government's counsel, who stated that "the government does not agree to any modification of the Protective Order in this case."

*/s/ Jason S. Varnado*
Jason S. Varnado

## CERTIFICATE OF SERVICE

I certify that on this 21st day of January, 2022, I electronically served this document on all counsel of record.

*/s/ Jason S. Varnado*
Jason S. Varnado