IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 4:21-cr-00009 |
| ROBERT T. BROCKMAN | § § | |

### DECLARATION OF KATHRYN KENEALLY

I, Kathryn Keneally, declare as follows:

1.  I am a member of the bar of the State of New York and various federal courts. On January 8, 2021, I was admitted *pro hac vice* to appear in the United States District Court for the Southern District of Texas. Dkt. No. 8. I am a partner of the law firm Jones Day and counsel for the Defendant Robert T. Brockman. I make this Declaration in support of Defendant Robert T. Brockman's Motion to Modify Protective Order.

2.  Attached hereto as Exhibit 1 is a copy of the protective order entered in this case on November 30, 2020, by the Honorable Judge William Alsup of the Northern District of California, which is part of the record in this case at Dkt. No. 1-2 at 265–269 (the "Protective Order").

3.  Following the entry of the Protective Order, the government began producing its required discovery under Rule 16. To date, the government has produced approximately 1 terabyte of data, which I am told equates to over 5.3 million pages of discovery. The government has not yet completed its discovery disclosure.

4. On September 9, 2021, the Internal Revenue Service issued a Notice of Jeopardy Assessment and Rights to Appeal concerning Mr. Brockman's alleged individual income tax liability for taxable years 2004–2007, 2010, and 2012–2018 (the "Jeopardy Assessment"), and a Notice of Jeopardy Levy and Right of Appeal for collection of the alleged liability set forth in the Jeopardy Assessment (the "Jeopardy Levy"). The IRS also engaged in collection activity, including seizing assets and obtaining liens on property belonging to Mr. Brockman, as well as seizing assets and liening properties owned by certain third parties.

5. Accompanying the Jeopardy Assessment was the Jeopardy Recommendation Report (the "Jeopardy Report"), in which the IRS set out its basis for making a jeopardy assessment against Mr. Brockman. I have reviewed the Jeopardy Report, and it appears from the face of the Jeopardy Report that the IRS has had access to at least some of the materials that have been produced by the government in this case pursuant to the Protective Order.

6. Mr. Brockman has exhausted administrative remedies challenging the Jeopardy Assessment and Jeopardy Levy.

7. On January 20, 2022, Mr. Brockman filed a Complaint in this district for judicial review and abatement of the Jeopardy Assessment and Jeopardy Levy, captioned as *Brockman v. United States*, No. 4:22-cv-00202 (SDTX). On January 21, 2022, Mr. Brockman filed a Motion For Determination On Complaint For Judicial Review and Abatement of Jeopardy Assessment and Jeopardy Levy Pursuant to 26 U.S.C. § 7429. Copies of the Jeopardy Assessment, the Jeopardy Levy, and the Jeopardy Report were filed

- 3 -

under seal as part of that Motion.  *See Brockman v. United States*, No. 4:22-cv-00202 (SDTX), Dkt. No. 10.  Mr. Brockman plans timely to file a Petition in the United States Tax Court on or before January 26, 2022, to challenge the tax deficiency.

    I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on January 21, 2022.

                                           */s/ Kathryn Keneally*

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT T. BROCKMAN,<br><br>　　　　Defendants. | No. CR 20-00371 WHA<br><br>**ORDER RE PARTIES' STIPULATED REQUEST FOR PROTECTIVE ORDER AND THE GOVERNMENT'S MOTION FOR DISCLOSURE UNDER § 6103(h)(4)(D)** |

　　Defendant Robert Brockman and the United States of America, by and through its counsel of record, both move for a protective order in this case, pursuant to Federal Rules of Criminal Procedure 16(d). The government additionally moves for an order permitting it to disclose third party tax information pursuant to 26 U.S.C. Section 6103(h)(4)(D). **The foregoing order addresses parties' request, with modifications both formatted in bold and underlined.**

　　On October 1, 2020, a federal grand jury in the Northern District of California returned an Indictment charging defendant with: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; tax evasion, in violation of 26 U.S.C. § 7201; FBAR reporting violations, in violation of 31 U.S.C. §§ 5314 and 5322; wire fraud, in violation of 18 U.S.C. § 1343; money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(ii), (a)(1)(B)(i), and (a)(2)(B)(i);

evidence tampering, in violation of 18 U.S.C. § 1512(b)(2)(B); and destruction of evidence, in violation of 18 U.S.C. 1512(c)(1). Having received a discovery request under Fed. R. Crim. P. 16, the United States will produce documents and other materials pertaining to defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "protected information"):

1. Personal identifying information of individuals **(other than individuals' names)**, including the person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("personal identifying information");

2. Financial information of individuals or businesses, including bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("financial information"), **but not including parties names**;

3. Medical records or other patient information of individuals covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("medical information"); and

4. Tax return information, as defined by Title 26, United States, Code, Section 6103(b)(1) and (2), pertaining to third parties, **but excluding third parties' names**.

To ensure that protected information is not subject to unauthorized disclosure or misuse, **IT IS HEREBY ORDERED** that, pursuant to Fed. R. Crim. P. 16(d)(1), defendant, defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with defendant all discovery material produced by the government, but shall not provide anyone other than the defense team with copies of, or permit anyone other than the defense team to make copies of, or have unsupervised access to, any discovery

material produced by the government that contains protected information. **Defense team may provide documents to witnesses if** the personal identifying information, financial information, and/or medical information has first been *entirely redacted* from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that the **defense team** has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to defendant and does not contain protected information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to defendant unredacted.

Defense counsel may also provide unredacted copies of protected information to any experts or consultants retained to assist with the preparation of the defense in the captioned case. Defendant, all members of the defense team, and any experts or consultants who receive discovery under this order shall be provided a copy of this order along with those materials and shall**, in advance of receiving the copies,** initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

This order shall also apply to any copies made of any materials covered by this order.

**IT IS FURTHER ORDERED that the government's discovery disclosures to defendant, shall contain** information that includes tax return information of third parties, as defined by 26 U.S.C. 6103(b)(1) and (2), pursuant 26 U.S.C. 6103(h)(4) **so long as it**: 1) pertains to defendant; 2) is related to items contained within defendant's income tax returns; 3) is relevant to a transaction involving defendant and a third party taxpayer; or 4) is otherwise required to be disclosed under 18 U.S.C. § 3500. Defendant, all members of the defense team, and any experts or consultants who receive discovery under this order shall maintain the

3

confidentiality of all tax return information provided by the government in discovery in accordance with 26 U.S.C. 6103(a) and this order, other than material that clearly pertains to defendant and does not contain tax return information regarding any other person.

**IT IS FURTHER ORDERED** that neither defendant nor any member of the defense team shall provide copies of any discovery material produced by the government ~~whether or not the material constitutes or contains Protected Information within the meaning of this Order~~ **if that material contains protected information within the meaning of this order,** to any third party (*i.e.*, any person who is not a member of the defense team)**. Nor may parties** make any public disclosure of the same, other than in a court filing, without ~~the government's express written permission or~~ further order of the Court. No provision of this order shall prevent defense counsel from discussing, and showing, discovery provided by the government with potential trial witnesses and their counsel, as necessary to prepare for trial. **If a specific problem arises, either party may bring the issue to the Court.** If a party files a pleading that references or contains or attaches protected information subject to this order, that filing must comply with Fed. R. Crim. P. 49.1. If a party files a pleading that references or contains or attaches medical information or tax return information regarding any person other than defendant, that pleading, reference, or attachment must be made under seal. This order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this protective order (including any copies) to the United States within **28** ~~14~~ days after whichever event occurs last in time: dismissal of all charges against defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. After the United States receives documents and materials subject to this order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this order. If defendant is represented by

4

counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide **defense** counsel with the documents and materials subject to this protective order under the terms of this order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this protective order within **28** ~~14~~ days after the district court's ruling on the motion or **28** ~~14~~ days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later. This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This court shall retain jurisdiction to modify this order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO ORDERED.**

Dated: November 30, 2020

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5