# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § **Cr. No. 4:21cr 009 GCH** |
| **ROBERT T. BROCKMAN,** | § |
| | § |
| **Defendant.** | § |
| | § |
| | § |

## JOINT MOTION TO MODIFY PROTECTIVE ORDER

The United States and Defendant Robert T. Brockman ("Parties") move the Court to modify the Protective Order entered in this case on November 30, 2020, by the Honorable Judge William Alsup of the Northern District of California. *See* Order re Parties' Stipulated Request for Protective Order, Dkt. No. 1-2 at 265-269 ("Protective Order"). On January 21, 2022, Defendant filed an opposed motion to modify the Protective Order. Dkt. 245 ("Opposed Motion"). Since then, the Parties conferred and agreed on modifications to the Protective Order to account for new civil proceedings involving the Defendant.

On September 9, 2021, the IRS issued a Notice of Jeopardy Assessment and Rights to Appeal concerning Mr. Brockman's alleged individual income tax liability for the 2004-2007, 2010, and 2012-2018 tax years ("Jeopardy Assessment"). Undersigned counsel for the United States are not involved in any current or future proceedings regarding the Jeopardy Assessment.

These are civil proceedings in which the United States is represented by other Department of

Justice attorneys.

Nevertheless, the Parties recognize that some materials from this case may need to be

used by Defendant to litigate the merits of the Jeopardy Assessment and other civil tax

enforcement proceedings. For that reason, the Parties agree to modify the Protective Order.

First, Page 3, line 16-19 of the Protective Order currently states:

> The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

That excerpt should now state:

> The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, and in civil proceedings involving the defendant under U.S.C. Title 26 and/or Title 31 to the extent permitted by the Federal Rules of Civil Procedure, Tax Court Rules, Title 26 U.S.C. 6103(h)(4)(A)-(C), and other applicable statutes and regulations, unless specifically authorized by the Court. If the defendant seeks to use any of the materials provided pursuant to this protective order as part of any submission to a court or as evidence in a civil proceeding involving the defendant, copies of such material shall first be provided to counsel for the government in the civil proceeding in which the material is proposed to be used to allow counsel for the government to make a timely objection to the use of any such materials before the court in that civil proceeding.

Second, Page 4, line 19-22 of the Protective Order currently states:

> IT IS FURTHER ORDERED that defense counsel shall return materials subject to this protective order (including any copies) to the United States within **28** ~~14~~ days after whichever event occurs last in time: dismissal of all charges against defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal." (emphasis and strikethrough in original).

/ /

/ /

That excerpt should now state:

IT IS FURTHER ORDERED that defense counsel shall return materials subject to this protective order (including any copies) to the United States within 28 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; the conclusion of any direct appeal in this criminal proceeding; dismissal of all civil proceedings under U.S.C. Title 26 and/or Title 31 regarding the defendant's tax liabilities; final judgment in such civil proceedings; or the conclusion of any direct appeal of a final judgment in such civil proceedings.

WHEREFORE, the Parties respectfully request that the Court modify the Protective Order as stated above and deny the Opposed Motion as moot.

Dated: February 2, 2022.

DAVID A. HUBBERT
DEPUTY ASSISTANT ATTORNEY GENERAL

*/s Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
Mass Bar No. 553615
corey.smith@usdoj.gov
202-514-5230 (v)

*Attorney for the United States of America*

*/s Jason Varnado*
JASON S. VARNADO
TX Bar No. 24034722
SDTX Ad. ID No. 32166
jvarnado@jonesday.com
832-239-3939 (v)

*Attorney for Robert T. Brockman*