IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § | Criminal No. 4:21-cr-00009 |
| **ROBERT T. BROCKMAN** | § § § | |

**DEFENDANT ROBERT T. BROCKMAN'S
NOTICE OF SUPPLEMENTAL INFORMATION
RELEVANT TO THE COMPETENCY DETERMINATION**

Defense counsel respectfully provides the Court notice of a material deterioration in Defendant Robert T. Brockman's cognitive condition since the conclusion of the November 2021 competency hearing.

Mr. Brockman contracted COVID-19 in December 2021, and was hospitalized in January 2022 with acute prostatitis and toxic metabolic encephalopathy, a condition of acute global cognitive dysfunction. Research shows that these conditions are associated with accelerated cognitive decline for dementia patients. Following these significant medical events, Mr. Brockman was reexamined by his primary care physician, his treating neurologist for Parkinson's disease, and the defense's expert neurologist. These examinations confirm that Mr. Brockman's cognitive function has declined, and that his dementia has progressed at an accelerated rate.

During the competency hearing, experts for both the government and the defense agreed that Mr. Brockman has Parkinson's disease—a permanent, progressive, and incurable neurodegenerative disease that only leads to further deterioration. *See* Dkt. No.

239 at ¶ 7 and citations therein. Experts for both parties agreed that Parkinson's disease often results in dementia. *Id.* The weight of the evidence presented during the hearing established that Mr. Brockman suffers from dementia, most likely caused by Parkinson's disease and Alzheimer's disease. *Id.* at ¶¶ 45–46, 151 and citations therein. That record alone supports the conclusion that Mr. Brockman is not competent to stand trial.

But over four and a half months have passed since the competency hearing, and Mr. Brockman's condition has deteriorated at an accelerated pace. Courts "must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975). This principle is embodied in the statutory requirement that the Court consider competency "[a]t any time after the commencement of a prosecution for an offense and prior to sentencing[.]" 18 U.S.C. § 4241(a).

Recent medical events and examinations by treating and expert physicians confirm that Mr. Brockman's cognitive function has declined, and provide further support that he is incompetent to stand trial. In the alternative, at the very least, these latest events counsel in favor of an independent competency examination by neutral experts to assess Mr. Brockman's present cognitive ability.

**I.  MR. BROCKMAN'S DEMENTIA HAS DETERIORATED, FURTHER SUPPORTING THAT HE IS INCOMPETENT TO STAND TRIAL**

Mr. Brockman contracted COVID-19 in December 2021, and he was hospitalized in January 2022 with acute prostatitis and toxic metabolic encephalopathy ("TME"). Loonam Decl. ¶ 2, Exhibit 1 at 1.[1]  Among older patients with preexisting dementia, TME is associated with COVID-19.  For patients already suffering from dementia, COVID-19 and TME can exacerbate the existing dementia and accelerate cognitive decline.  *Id.* at 1–2.

During a February 15, 2022 examination by Dr. James Pool, Mr. Brockman's primary care physician, neuropsychological testing was performed to assess Mr. Brockman's current cognitive status.  *See* Loonam Decl. ¶ 3, Exhibit 2.  Dr. Pool concluded that Mr. Brockman's condition had progressed to severe dementia.  *See id.*

Dr. Eugene Lai, Mr. Brockman's treating neurologist for Parkinson's disease, conducted a neurology follow-up visit on March 10, 2022.  *See* Loonam Decl. ¶ 4, Exhibit 3.  After a physical and neurological examination, Dr. Lai again stated his diagnosis that Mr. Brockman has Parkinson's disease and dementia caused by both Parkinson's disease and Alzheimer's disease.  *Id.* at 3.  Dr. Lai noted that Mr. Brockman's "cognitive function has deteriorated since his last visit" in October 2021, that his "[n]eurological and cognitive examinations are worse compared to his last visit," and that his "[m]emory is progressively declining."  *Id.* at 1, 3.

---

[1] "Loonam Decl." refers to the Declaration of James P. Loonam made in support of Defendant Robert T. Brockman's Notice of Supplemental Information Relevant to the Competency Determination.

Following Dr. Lai's examination, defense counsel requested that Dr. Thomas Wisniewski review recent medical records and provide an updated assessment of Mr. Brockman's cognitive condition. Dr. Wisniewski is a neurologist and the director of the New York University Alzheimer's Disease Center. Dr. Wisniewski previously examined Mr. Brockman in October 2021, and he testified as an expert witness during the competency hearing. *See* Dkt. No. 239 at ¶ 71 and citations therein.

After reviewing Mr. Brockman's recent medical records, Dr. Wisniewski conducted an interview and examination of Mr. Brockman via WebEx on April 1, 2022, and provided an updated letter. Loonam Decl. ¶ 2, Exhibit 1. During the examination, Mr. Brockman did not recognize Dr. Wisniewski, he exhibited deficits in several critical cognitive domains, and he was disoriented and confused. Dr. Wisniewski's examination revealed that Mr. Brockman's condition deteriorated significantly since October, and that his dementia has progressed, likely due to recent medical events and his preexisting neurodegenerative diseases. *See id.* at 2.

Dr. Wisniewski also interviewed Frank Gutierrez, Mr. Brockman's caregiver. Mr. Gutierrez reported that Mr. Brockman's condition has worsened in recent months, and that Mr. Brockman requires assistance with all activities of daily living, which corresponds to a clinical diagnosis of dementia. *See id.*

Dr. Wisniewski concluded that Mr. Brockman's cognitive function has declined, and the neurodegenerative process has accelerated. As Dr. Wisniewski explained, "COVID-19 can accelerate pathological pathways in the brain that drive cognitive

dysfunction and Alzheimer's disease related pathology," especially when a patient also suffers from TME. *Id.* at 2.

Thus Dr. Wisniewski opined: "In summary, it is my opinion that Mr. Brockman's dementia has significantly progressed since my October 2021 assessment. This progression of cognitive dysfunction is partly what is expected over time; however, in this case there was an acceleration of the process due to COVID-19 and a January 2022 hospital admission with TME." *Id.* at 2. Dr. Wisniewski concluded that Mr. Brockman's prognosis is poor, and that "[t]here is no expectation that he will recover cognitively." *Id.*

These recent medical events and examinations provide further support for a finding that Mr. Brockman is not competent to stand trial.

## II. IN THE ALTERNATIVE TO REACHING A COMPETENCY DETERMINATION, THE COURT SHOULD APPOINT NEUTRAL EXPERTS

Mr. Brockman cannot be found competent to stand trial based on the current record and recent significant medical events. As set forth in our prior briefs, the government bears the burden to prove competency and it cannot do so. Dkt. No. 239 at ¶¶ 133–35. But if the Court were previously inclined to find Mr. Brockman competent, we submit that recent events and examinations counsel in favor of an independent examination by neutral experts pursuant to Title 18, United States Code, Sections 4241(b) and 4247(b). *See* Dkt. No. 239 at ¶¶ 152–53, 155 and citations therein.

Dated: April 13, 2022

/s/ *Jason S. Varnado*
Jason S. Varnado
Texas Bar No. 24034722
SDTX Ad. ID No. 32166
Email: jvarnado@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: 832-239-3939
Facsimile: 832-239-3600

Kathryn Keneally (*Admitted Pro Hac Vice*)
New York Bar No. 1866250
Email: kkeneally@jonesday.com
James P. Loonam (*Admitted Pro Hac Vice*)
New York Bar No. 4035275
Email: jloonam@jonesday.com
Sarah D. Efronson (*Admitted Pro Hac Vice*)
New York Bar No. 5217484
Email: sefronson@jonesday.com
Colleen E. O'Connor (*Admitted Pro Hac Vice*)
New York Bar No. 5764725
Email: colleenoconnor@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

Irina K. Bleustein (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1044772
Email: ibleustein@jonesday.com
Conor G. Maloney (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1632584
Email: cmaloney@jonesday.com
Patrick J. Manion (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1615138
Email: pmanion@jonesday.com
Michael R. Tompkins (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1720349
Email: mtompkins@jonesday.com
JONES DAY

51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3450
Facsimile: 202-626-1700

*Attorneys for Defendant
Robert T. Brockman*

## **CERTIFICATE OF SERVICE**

I certify that on this 13th day of April, 2022, I electronically served this document on all counsel of record.

*/s/ Jason S. Varnado*
Jason S. Varnado