UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT T. BROCKMAN,**<br><br>Defendant. | § § § § § § § § § § § § §   **Cr. No. 4:21cr 009 GCH** |

**UNITED STATES' RESPONSE TO NOTICE OF SUPPLEMENTAL INFORMATION
RELEVANT TO COMPETENCY DETERMINATION**

In response to Defendant's Notice of Supplemental Information (ECF No. 259), the government submits that the Court should disregard this pleading. Defendant's "Notice" is a naked attempt to improperly interject unadmitted, unverified, and unsworn evidence into the record. Until it received this pleading through ECF, the government did not receive prior notice of its contents, and was not told of Defendant's alleged illnesses in December 2021 or January 2022. Moreover, Defendant has not provided the government with medical records regarding these events, and has not provided any discovery of the additional underlying medical records referenced in the Notice. The Court should not consider it, and should instead rely on the record established during the Competency Hearing.

Far from convincing, the Notice is Defense counsel's vague interpretations of incomplete medical records, and an attempt to give the false impression that Defendant's health has significantly declined as the result of COVID-19 and an unrelated hospitalization. The Defendant seeks to leverage these events into an additional delay, and a new round of medical evaluations. *Notice at 5.*[1] The Court should decline Defendant's attempt to further delay the trial in this matter and instead rely on the evidence properly before the Court.[2]

Even if this evidence was in the record, it is not persuasive. Defendant's Notice begins by making two observations: (1) that "Mr. Brockman contracted COVID-19 in December 2021" and (2) that "[Defendant] was hospitalized in January 2022 with acute prostatitis and toxic metabolic encephalopathy ("TME")." *Notice at 3*.

Defendant's Notice attempts to bait the reader into making a false association between his bout of COVID-19 and alleged cognitive deterioration. *See Notice* at 3 ("Among older patients with dementia, TME is associated with COVID-19.") and *Notice* at 4 ("COVID-19 can accelerate pathological pathways . . .").[3] Defendant provides no support for the contention that his December COVID diagnosis has anything to do with his TME. The Defendant's assertion that COVID-19 "accelerate[d]" his cognitive decline is pure speculation. *Id*. Defendant has not

---

[1] This is not a new request. Defendant—seeking further delay—made the same request immediately following the hearing. *See* ECF 242 at 25.

[2] The Parties have not conferred regarding these the Notice or the Defense's apparent motion for a third-party examiner. Kathy Keneally, Counsel for Mr. Brockman, emailed the Government notice of a coming filing regarding "health setbacks" about 90 minutes before the Notice was filed.

[3] Defendant also argues that COVID-19 can accelerate dementia.

provided any medical records suggesting that he received any kind of treatment for COVID-19 (or that he even exhibited symptoms).

Similarly, with respect to his January hospitalization for a prostate infection, Defendant has not provided meaningful evidence that his condition has worsened. Defendant's Notice states that he was treated for TME in association with his prostate infection. TME is a form of delirium. The Court may recall that Defendant has a history of delirium, so it is not shocking to learn that this is ongoing. Curiously, however, Defendant *provided no medical records related to this January hospitalization*. Defendant has not even attempted to establish that this prostate infection was any worse than any of the previous hospitalizations discussed at length during the competency hearing.

The only records Defendant provided in support of his Notice, relate to his February and March 2022 visits with Drs. James Pool and Eugene Lai, respectively. Dr. Lai did not testify at the competency hearing, and Dr. Pool is Defendant's primary care physician who was heavily involved in the 2019 and 2020 campaign to lobby the government against indicting Defendant. At Defendant's request, Dr. Pool wrote a letter "concur[ring] with the medical position that Mr. Brockman cannot assist his attorneys in his defense." *Competency Hearing Ex. 82 at 25*. Dr. Pool, despite being a cardiologist and not a neurologist, helped present the dubious theory that in 2019 and 2020, Defendant was incompetent to stand trial despite his concurrent ability to give speeches, testify in billion-dollar litigation, appear before the Federal Trade Commission, and run a multi-billion-dollar software company.

In short, the Court should reject the Defendant's attempt to insert unadmitted evidence into the record. Instead, the Court should continue to consider the eight days of sworn testimony and more than 150 pages of briefing, which thoroughly examines the *admitted*

evidence. Previously, the Court denied Defendant's motion for the appointment of a third-party expert to evaluate Defendant. *ECF No. 136* (Denying Defense motion to appoint neutral experts). For the reasons stated herein, this latest pleading does not present any basis for revisiting that decision.

Dated: April 27, 2022

DAVID A. HUBBERT
DEPUTY ASSISTANT ATTORNEY GENERAL

*/s Corey J. Smith*
COREY J. SMITH
Senior Litigation Counsel
Mass Bar No. 553615
corey.smith@usdoj.gov
202-514-5230 (v)

*Attorney for the United States of America*