IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | Criminal No. 4:21-cr-00009 |
| § | |
| ROBERT T. BROCKMAN § | |

### DEFENDANT ROBERT T. BROCKMAN'S REPLY IN SUPPORT OF HIS NOTICE OF SUPPLEMENTAL INFORMATION <u>RELEVANT TO THE COMPETENCY DETERMINATION</u>

Section 4241(a) of Title 18 of the United States Code, and the Supreme Court mandate that courts consider the current competency of a defendant in a criminal case at every step of the proceedings. 18 U.S.C. § 4241(a) (Court must consider competency "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing[.]"); *Drope v. Missouri*, 420 U.S. 162, 181 (1975) (Courts "must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial."). For this reason, the defense filed a Notice of Supplemental Information Relevant to the Competency Determination ("Supplemental Information Notice"), Dkt. No. 259, to inform the Court that three doctors— Mr. Brockman's primary care physician, the doctor treating him for Parkinson's disease, and the defense's neurology expert—have found that his dementia has progressed at an accelerated pace since the November 2021 competency hearing.

Ignoring both the statutory mandate and the Supreme Court, the government filed a response that opens with the astounding statement that "the Court should disregard this

- 1 -

pleading." Dkt. No. 261 at 1 ("Response"). The government's position that the Court should ignore relevant evidence is consistent with the government's approach throughout this competency hearing, in which the government (a) ignored the advice of its own expert witness, Dr. Park Dietz, that the government should retain a geriatric psychiatrist to properly evaluate the defendant's condition (11/19/2021 PM Tr. At 35:16–36:5 (Dietz)), and (b) decided to retain a forensic psychologist, Dr. Robert Denney, whom a federal court found "overall to be not credible" because he "ignore[ed], disregard[ed], or minimize[ed] evidence that called his conclusions into question." *Webster v. Lockett*, No. 2:12-cv-86, 2019 WL 2514833, at *7 n.13 (S.D. Ind. June 18, 2019), *aff'd sub nom. Webster v. Watson*, 975 F.3d 667, 682 (7th Cir. 2020).

The government's own experts testified that Mr. Brockman has Parkinson's disease, that neuroimaging shows a condition consistent with Alzheimer's disease, that Mr. Brockman has some degree of cognitive impairment, including possibly dementia, and that his condition is permanent, progressive, and incurable. *See* Dkt. No. 239 at ¶¶ 3, 7, 15, 40, 44, 47, 77, 88, 12 and citations therein. The government now argues that this Court should not consider evidence that Mr. Brockman's dementia has in fact progressed.

Rather than directly address the issue of Mr. Brockman's competency, the government's Response includes baseless and irrelevant assertions:

- The government complains that it "was not told of Defendant's alleged illnesses in December 2021 or January 2022." Dkt. No. 261 at 1. This is correct but irrelevant. Medical events may have an immediate impact on cognitive ability, but may

then be followed by improvement to a new baseline.[1]  In February and March, Mr. Brockman's primary care doctor and treating neurologist determined that he was at a new, further impaired cognitive level.  Dkt. No. 260, Ex. 2, Ex. 3 at 1–3.  These medical evaluations were confirmed by Dr. Wisniewski's expert evaluation in early April.  Dkt. No. 259-1, Ex. 1.  It was at that point that the impact of the medical events in December and January on Mr. Brockman's deteriorating cognitive abilities were clearly established.  The Supplemental Information Notice was filed promptly after the defense received Dr. Wisniewski's report.

- The government claims that "the Notice is Defense counsel's vague interpretations of incomplete medical records, and an attempt to give the false impression that Defendant's health has significantly declined as a result of COVID-19 and an unrelated hospitalization," and that the "Notice attempts to bait the reader into making a false association between his bout of COVID-19 and alleged cognitive deterioration."  Dkt. No. 261 at 2.  These contentions are demonstrably not true.  Nowhere does the government so much as acknowledge that the Supplemental Information Notice included an updated evaluation from Dr. Thomas Wisniewski, an expert neurologist who testified at the

---

[1] The pattern of a medical event triggering increased cognitive impairment, followed by some improvement to a new baseline, was established at the competency hearing.  Experts examined Mr. Brockman in March, July, and October 2021.  Between March and July, Mr. Brockman was hospitalized with sepsis and delirium and underwent surgery under general anesthesia.  In July, he presented as significantly more impaired than in March.  When examined again in October, some aspects of his cognitive condition had improved from July, but Mr. Brockman had not recovered to his March level of cognition.  *See, e.g.*, Dkt. No. 172 at 16–18; Dkt. No. 173 at 19, 23–24, 37.

competency hearing. Dr. Wisniewski's opinion, based on his expertise and his examination of Mr. Brockman, is far from vague, and makes clear the impact of the December COVID-19 infection and January bout of toxic metabolic encephalopathy ("TME") on Mr. Brockman's accelerated cognitive decline. As Dr. Wisniewski opined:

> In summary, it is my opinion that Mr. Brockman's dementia has significantly progressed since my October 2021 assessment. This progression of cognitive dysfunction is partly what is expected over time; however, in this case there was an acceleration of the process due to COVID-19 and a January 2022 hospital admission with TME.

Dkt. No. 259-1, Ex. 1 at 2.

- The government acknowledges that "TME is a form of delirium," adding: "The Court may recall that Defendant has a history of delirium, so it is not shocking to learn that this is ongoing." Dkt. No. 261 at 3. Here the government misses the point. The fact that Mr. Brockman's further cognitive decline is not "shocking" is not the standard. The government wholly overlooks that experts on both sides testified at the competency hearing that delirium accelerates cognitive decline. *See* Dkt. No. 239 at ¶¶ 8, 76, 82, 87 and citations therein. Indeed, the government's own neurologist, Dr. Ryan Darby, concluded that Mr. Brockman was at an "increased risk for progression over time [*i.e.* further cognitive decline that could affect his competency] due to his history of delirium." Gov't Ex. 39, Dr. Darby Suppl. Report, Dkt. No. 177 at 11. While perhaps not "shocking," Mr. Brockman's recent bout of TME is certainly relevant to the Court's determination of competency.

- The government complains that the defense "has not provided the government with medical records regarding these events, and has not provided any

discovery of the additional underlying medical records referenced in the Notice."[2] Dkt. No. 261 at 1. This is misleading. The Supplemental Information Notice included medical reports from Mr. Brockman's primary care physician and treating neurologist, which are the relevant records. Dkt. No. 260, Exs. 2–3. If the government wished to investigate recent developments it could request the records it deems necessary. It chose not to do so and instead asks the Court to join the government in burying its head in the sand.

The government bears the burden of proof concerning Mr. Brockman's competency, *United States v. Hutson*, 821 F.2d 1015, 1018 (5th Cir. 1987), and cannot meet this burden by asking this Court to ignore current, relevant evidence on this issue. *United States v. Collins*, 491 F.2d 1050, 1053 (5th Cir. 1974) (discussing competency as a present determination).

To be clear, it is the position of the defense that the evidence presented at the November competency hearing established that Mr. Brockman is not competent to assist in his defense. In the alternative, the defense proposed an examination of Mr. Brockman by neutral experts pursuant to Title 18, United States Code, Sections 4241(b) and 4247(b). *See* Dkt. No. 259 at 5. While the government previously proposed the appointment of neutral experts if the Court were unable to determine whether Mr. Brockman is competent, *see, e.g.*, 9/13/2021 Tr. at 25:24–26:9 (Corey Smith); Dkt. No. 113 at 13–14, the government flatly rejects this proposal now. Instead, the government offers no way

---

[2] The government also complains that defense counsel provided "about 90 minutes" email notice "of a coming filing regarding 'health setbacks,'" *see* Dkt. No. 261 at 2 n.2, but omits that the lead prosecutor responded to this email before the Supplemental Information Notice was filed, thanking defense counsel for advance notice of the filing.

forward, but rather doubles down on its position that the Court should rely solely on "the record established during the Competency Hearing." Dkt. No. 261 at 1; *see also id.* at 3–4.

In the meantime, Mr. Brockman's health has worsened further since the Supplemental Information Notice was filed. On April 18, Mr. Brockman was admitted to Houston Methodist Hospital. He was diagnosed with a urinary tract infection, pneumonia, and sepsis. He was unable to swallow, and had a feeding tube in his stomach. While it is too soon to determine the cognitive impact that these medical events may have, sepsis in particular can trigger delirium and accelerate cognitive decline. *See* Dkt. No. 239 at ¶ 26 and citations therein. At the time of this filing, Mr. Brockman is being released from the hospital following a fourteen-day stay.

Mr. Brockman is not, as the government contends, malingering. He is a very sick man, whose physical health is deteriorating, and whose dementia is accelerating. Mr. Brockman's current cognitive condition is not merely relevant, it is the sole issue before the Court in this case.

Dated: May 2, 2022

*/s/ Jason S. Varnado*
Jason S. Varnado
Texas Bar No. 24034722
SDTX Ad. ID No. 32166
Email: jvarnado@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: 832-239-3939
Facsimile: 832-239-3600

Kathryn Keneally (*Admitted Pro Hac Vice*)
New York Bar No. 1866250
Email: kkeneally@jonesday.com
James P. Loonam (*Admitted Pro Hac Vice*)
New York Bar No. 4035275
Email: jloonam@jonesday.com
Sarah D. Efronson (*Admitted Pro Hac Vice*)
New York Bar No. 5217484
Email:sefronson@jonesday.com
Colleen E. O'Connor (*Admitted Pro Hac Vice*)
New York Bar No. 5764725
Email: colleenoconnor@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: 212-326-3939
Facsimile: 212-755-7306

Irina K. Bleustein (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1044772
Email: ibleustein@jonesday.com
Conor G. Maloney (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1632584
Email: cmaloney@jonesday.com
Patrick J. Manion (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1615138
Email: pmanion@jonesday.com
Michael R. Tompkins (*Admitted Pro Hac Vice*)
District of Columbia Bar No. 1720349
Email: mtompkins@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: 202-879-3450
Facsimile: 202-626-1700

*Attorneys for Defendant*
*Robert T. Brockman*

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of May, 2022, I electronically served this document on all counsel of record.

*/s/ Jason S. Varnado*
Jason S. Varnado
